1 **KRONENBERGER HANLEY, LLP**
Karl S. Kronenberger (Bar No. 226112)
2 Terri R. Hanley (Bar No. 199811)
220 Montgomery Street, Suite 1920
3 San Francisco, CA 94104
Telephone: (415) 955-1155
4 Facsimile: (415) 955-1158

5 Attorneys for Plaintiff GARY KREMEN

6

7

8 **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10 **GARY KREMEN,** an individual, | Case No. C 06-2554 JW |
| 11 Plaintiff, | (Related Case No. C98-20718-JW) |
| 12 vs. | **PLAINTIFF'S CONSOLIDATED SUPPLEMENTAL OPPOSITION TO ARIN'S MOTION FOR CLARIFICATION OR TO MODIFY, AND MOTION TO DISMISS UNDER RULE 12(b)(6) OR, ALTERNATIVELY, TO STAY** |
| 13 **AMERICAN REGISTRY FOR INTERNET NUMBERS, LTD.,** a Virginia corporation, | |
| 14 Defendant. | |
| 15 | |
| 16 | **Date: October 23, 2006**<br>**Time: 9:00 a.m.**<br>**Judge: Hon. James Ware** |
| 17 | **TRIAL DATE: NONE SET** |
| 18 | |

19 Plaintiff Gary Kremen ("KREMEN") hereby supplements its oppositions filed in

20 this and the related case on August 21, 2006 ("Opposition") in this and the related case

21 with this supplemental opposition ("Supplemental Opposition"), to Defendant American

22 Registry For Internet Numbers, Ltd.'s ("ARIN") MOTION TO DISMISS PLAINTIFF'S

23 COMPLAINT PURSUANT TO RULE 12(B)(6), OR, ALTERNATIVELY, FOR A STAY,

24 dated June 27, 2006 ("Motion"), and its MOTION FOR CLARIFICATION, OR, IN THE

25 ALTERNATIVE, FOR MODIFICATION OF ORDER DATED SEPTEMBER 17, 2001,

26 ENTITLED "ORDER RE : REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE

27 NAME OF JUDGMENT CREDITOR" dated June 8, 2006 in the Related Case of *Kremen*

28 *v. Cohen*, Case No. C98-20718-JW.

**CONSOLIDATED SUPPLEMENTAL**
**OPPOSITION TO ARIN'S MOTIONS**

**TABLE OF CONTENTS**

**PROCEDURAL BACKGROUND**......................................................................................................1

**STANDARD OF REVIEW** .............................................................................................................2

**INTRODUCTION** ........................................................................................................................2

**I. DOCUMENTS IN THE ARIN SEPTEMBER 6 PRODUCTION DEMONSTRATE HOW ARIN IS NOT A "STAKEHOLDER" REQUIRING AN OPPORTUNITY TO BE HEARD UNDER THE DUE PROCES CLAUSE** .........................................................................4

    A.  Contracts Contained in the ARIN Document Production Admit that ARIN is Only a Service Provider Without Any Property Rights in the NETBLOCK PROPERTY.....................................................................................................................4

    B.  None of the Documents Produced Connects Any Terms or Service Agreements to Any NETBLOCK PROPERTY at Issue...............................................................5

    C.  Furthermore, Documents Show that at Least Some of the NETBLOCK PROPERTIES at Issue Were Allocated to Cohen Before ARIN Existed as an Entity, Before Any of Its Terms Could Have Adhered.............................................6

**II. DOCUMENTS IN THE ARIN SEPTEMBER 6 PRODUCTION EVIDENCE ADDITIONAL ACTS WELL WITHIN THE STATUTE OF LIMITATIONS FOR CONVERSION, ANTITRUST, BREACH OF FIDUCIARY DUTY AND UNFAIR COMPETION** ..............................................................................................................................7

    A.  With Full Knowledge of the Court's September 2001 Order, Defendant ARIN Transferred Control of a Subset of the NETBLOCK PROPERTY to an Offshore Entity, Beyond the Jurisdiction of the Court, and Did So Within the Period of the Statutes of Limitations at Issue................................................................................7

    B.  ARIN Usurped Control of and Converted a Subset of the NETBLOCK PROPERTY from Cohen Without Transferring the Subset of NETBLOCK PROPERTY to Kremen, Within the Statutes of Limitation At Issue. ........................8

**III. CONCLUSION** ......................................................................................................................8

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

i

# TABLE OF AUTHORITIES

**CASES**

Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996) ................................. 2

Conley v. Gibson, 355 U.S. 41, 45-46, 78 S Ct 99, 2 L.Ed.2d 80 (1957) .......................... 2

Lewis v. Telephone Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir. 1996) ............. 2

Napster, Inc. Copyright Litigation, In re UMG Recordings, Inc. v. Hummer Winblad
    Venture Partners, 354 F.Supp.2d 1113 (N.D. Cal 2005) ............................................. 2

Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) ........................................................ 2

Tri County Paving, Inc. v. Ashe County, 281 F.3d 430, 436 (4th Cir.2002) ....................... 4

**STATUTES**

Fed. Rule Civ. Proc. 12(b)(6) .................................................................................... 2, 4

U.S. Const. amend. V .................................................................................................. 4

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

## PROCEDURAL BACKGROUND

Pursuant to a stipulated Order entered by this Court on August 28, 2006, Plaintiff Gary Kremen files this Consolidated Supplemental Opposition directed towards the following motions in two related cases:

(1) In Case No. C 98-20718-JW, *Kremen v. Cohen*, non-party AMERICAN REGISTRY FOR INTERNET NUMBERS, LTD.'s ("ARIN") "MOTION FOR CLARIFICATION, OR, IN THE ALTERNATIVE, FOR MODIFICATION OF ORDER DATED SEPTEMBER 17, 2001, ENTITLED "ORDER RE : REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE NAME OF JUDGMENT CREDITOR" dated June 8, 2006 (Docket No. 1161-1) ("Motion for Clarification"); and

(2) In Case No. 06-2554-JW, *Kremen v. ARIN*, ARIN's "MOTION OF AMERICAN REGISTRY OF INTERNET NUMBERS, LTD. TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6), OR, ALTERNATIVELY, FOR A STAY" dated June 8, 2006 (Docket No. 11) ("Motion to Dismiss").

Following an Order of the Court dated June 12, 2006 relating the above cases (Case 3:06-cv-02554, Docket No. 14), Defendant and movant ARIN re-noticed the hearings on the above motions in both cases for September 11, 2006. Plaintiff filed its Oppositions to the above motions in both cases on August 21, 2006.

On August 28, 2006, this Court entered an order (Case 5:06-cv-02554-JW Document 26) granting the parties' jointly filed stipulated request for a continuance of the September 11, 2006 to October 23, 2006. The stipulation was to allow Defendant and movant ARIN to produce certain documents ("Documents") related and relevant to the both Motions which Plaintiff asserts they failed to produce in a previous subpoena in the related case of *Kremen vs. Cohen*. The stipulated request also allowed the Plaintiff to file this Supplemental Opposition to the Motions in both cases, related solely to the Documents produced by Defendant ARIN, and extended Defendant and movant's reply deadline to October 2, 2006.

As issues raised by ARIN's production of Documents dated September 6, 2006

1  are common to both cases, in the interests of economy and ease of reference, Plaintiff
2  files this Consolidated Supplemental Opposition to ARIN's Motion for Clarification and
3  the Motion to Dismiss in both Cases.

**STANDARD OF REVIEW**

The Ninth Circuit states: "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[U]nless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief," a motion to dismiss must be denied. *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996) (*citation omitted*); *see also Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S Ct 99, 2 L.Ed.2d 80 (1957). When assessing the legal sufficiency of a plaintiff's claims, the court must accept as true all material allegations of the complaint, and all reasonable inferences must be drawn in favor of the non-moving party. *See, e.g., Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (*citations omitted*). Dismissal is proper under Rule 12(b)(6) "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro*, 250 F.3d at 732 (*quoting Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988))." *Napster, Inc. Copyright Litigation, In re UMG Recordings, Inc. v. Hummer Winblad Venture Partners*, 354 F.Supp.2d 1113, 1116 (N.D. Cal 2005).

**INTRODUCTION**

At primary issue in the present matters is whether Internet Protocol numbers ("IP Numbers") and related AS Numbers (collectively "NETBLOCK PROPERTIES") are "property" subject to conversion and garnishment. The related case of *Kremen v. Cohen* has set legal precedent by determining that domain names (which are the alphanumeric counterparts to IP Numbers) are properly subject to conversion. Like domain names, NETBLOCK PROPERTIES are bought and sold, and included in valuation assessments of both private and public companies. In fact, some companies are even acquired just for their blocks of IP addresses.

1    Beyond the points presented in Plaintiff's Oppositions dated August 21, 2006, the
2    recent ARIN document production to the Plaintiff of September 6, 2006 (the
3    "Documents") bolsters the Plaintiff's arguments that ARIN simply does not have
4    standing to make a constitutional due process argument, which is the linchpin of both
5    ARIN's Motion to Dismiss and Motion for Clarification.  The Documents show how
6    Cohen and his alter egos (collectively "Cohen") owned multiple NETBLOCKS and
7    multiple AS Numbers, some of which were owned before ARIN came into existence and
8    over neither of which ARIN has any arguable legal interest or property interest.   The
9    Documents, specifically the IP registration services contracts, show how ARIN does not
10    have any property interest of any kind in the IP addresses or AS Numbers that they
11    allocate, even though such property interest is an absolute prerequisite for their
12    constitutional due process arguments.
13    The Documents also show that ARIN and ARIN's executive management team
14    had notice and detailed knowledge of the Court's September 2001 Order as early as
15    October 29, 2001.  (*See also* Declaration of Raymond Plzak in support of Motion for
16    Clarification, ¶. 2.)  However, despite such knowledge, ARIN chose to ignore this
17    September 2001 Order.  Even more audacious than this was ARIN's February 17, 2004
18    transfer of control of some of the NETBLOCK PROPERTY subject to the September
19    2001 Order to an offshore entity, over which the Court does not have jurisdiction.  The
20    Documents also show that ARIN took control away from Cohen of a subset of the
21    NETBLOCK PROPERTY sometime after September 8, 2005, and did not transfer
22    control to the Plaintiff, despite ARIN's full knowledge of the Court's September 2001
23    Order specifically requiring ARIN to transfer the NETBLOCK PROPERTY to Kremen.
24    In addition to the above transfers being evidence of clear violations of the Court's
25    order, concerning ARIN's Motion to Dismiss in the case of *Kremen v. ARIN*, the
26    Documents also evidence acts constituting conversion, breach of duty of loyalty, unfair
27    competition and antitrust violations, on February 17, 2004 and September 8, 2005, well
28    within the statutes of limitation for all of these causes of action.

1   Lastly, ARIN's motions put the cart before the horse in attempting to address
2   such weighty and dispositive issues via motions for clarification of an order and in a
3   motion pursuant to Rule 12(b)(6). These complex issues go far beyond the purpose of
4   scope of such motion standards, and should properly be dealt with in summary
5   judgment proceedings regarding those matters of law, and for trial for findings of fact.

**I.    DOCUMENTS IN THE ARIN SEPTEMBER 6 PRODUCTION DEMONSTRATE HOW ARIN IS NOT A "STAKEHOLDER" REQUIRING AN OPPORTUNITY TO BE HEARD UNDER THE DUE PROCESS CLAUSE.**

**A. Contracts contained in the ARIN document production admit that ARIN is only a service provider without any property rights in the NETBLOCK PROPERTY.**

The primary assumption throughout many of Defendant's assertions in its Motion to Dismiss and its Motion to Modify is that Defendant and movant ARIN was deprived of its constitutional due process rights when it did not have the opportunity to appear at the hearing that resulted in the September 2001 Order. (Motion to Dismiss, pp. 20-23; Motion to Modify, *passim*.) Addressing this assumption head on, Plaintiff, in its Opposition, argued that the *sine qua non* of procedural due process arguments is the deprivation of either life, liberty or property, in contravention of the Fifth Amendment to the U.S. Constitution. *See* U.S. Const. Amend. V; *see also*, *Tri County Paving, Inc. v. Ashe County,* 281 F.3d 430, 436 (4th Cir.2002).

Despite this requirement of a property interest, Defendant, in making its constitutional due process arguments, has oddly and contradictorily claimed that it has no property interest in the NETBLOCK PROPERTY (Motion for Clarification, p. 2; Motion to Dismiss, p. 21, line 4), and Defendant has made no arguments about deprivation of life or liberty. Thus the Defendant is estopped from claiming otherwise and their constitutional due process arguments must fail. Defendant is simply not a stakeholder in the *Kremen v. Cohen* action, but simply a third party garnishee.

Documents produced in the ARIN Document Production admit and reinforce this

1   key and dispositive fact. Specifically, no document asserts, or provides grounds for an
2   assertion, that Defendant ARIN has any property rights in the NETBLOCK PROPERTY.
3   In the Documents, Defendant ARIN provided Plaintiff with several contracts[1] between
4   two of Cohen's many alter egos, Pacnet de CV and Sand Man International (Mexico),
5   and ARIN. (Kronenberger Decl., Ex. 2, Bates K5614-K5618, K5621-K5622, K5624-
6   K5625, K5646-K5647, K5654-5657.) However, assuming *in arguendo* that any of these
7   contracts are relevant to the matter at hand[2], none of these contracts asserts that ARIN
8   has any property rights whatsoever in the NETBLOCK PROPERTY or AS Numbers.
9   Instead, the contracts refer to ARIN as simply a "registry" and an organization that
10  provides "registration services." (*Id.*)
11       In ARIN's Motion for Clarification, it claims that there is "good cause" to modify
12  the September 2001 Order due to potential "detrimental constitutional deprivations" that
13  ARIN would suffer if the September 2001 Order would be enforced. (Motion for
14  Clarification, p. 10.) However, as detailed above, from a constitutional due process
15  perspective, Defendant ARIN has not proven, or even asserted, any specific property
16  rights that would provide standing for such due process arguments, and as a result they
17  are estopped from making such arguments. Thus, Defendant had no right to be present
18  at any hearing[3] on the September 2001 Order, and the procedural due process
19  arguments Defendant submits are completely without merit.
20       **B.    None of the Documents produced connects any terms or service**
21  **agreements to any Netblock Property at issue.**
22       ARIN has intimated in its Motion for Clarification that certain terms and conditions
23  should apply to any transfer of the Netblock Property pursuant to the September 2001
24  Order– though failing to identify to any degree what terms and conditions those might

---

[1] These contacts are likely invalid for anti-trust and other reasons to be shown at trial.
[2] As stated *infra*, none of the service agreements produced by ARIN contain any reference or indication that they are related or in any way relevant to the NETBLOCK PROPERTIES at issue here and subject to the September 2001 Order.
[3] ARIN is no different from those in care, custody or control of other Cohen property, regarding which this Court issued dozens of turnover orders. These third parties have neither been present at the issuance of any orders nor objected to any of them.

be. (Motion for Clarification, p. 2.) In the Court's August 28 Order issued pursuant to the Parties' joint stipulation, ARIN was required to produce to Plaintiff "[a]ny documentation of any contracts or terms associated with any allocations identified pursuant to [allocations to Cohen or Cohen-related entities or alter-ego entities], or confirmation that no such contracts or terms exist." (Case C98-20718-JW, Doc. 1205, ¶ 2.) However, ARIN has produced no contracts regarding the following property subject to the September 2001 Order, despite their implicit claim that they have rights in such property:

- The Netblock 64.19.192.0 – 64.19.239.255
- AS Number 11083
- AS Number 20228

While, as noted above, ARIN has produced several "Registration Service Agreements," none of them identify to which properties they apply, either by IP Number, AS Number, ARIN's internal "Ticket Number," or any other means of connecting them to any netblock whatsoever, at any time. (Kronenberger Decl., Ex. 2.) ARIN has verified under oath that it has produced all documentation of what terms and conditions it may assert should apply. ("Verification" signed by Nate Davis, ARIN Director of Operations, Kronenberger Decl., Ex.1.) As such, ARIN has failed to establish any grounds that such proposed terms and conditions would apply to any of the NETBLOCK PROPERTY at issue.

**C.     Furthermore, Documents show that at least some of the NETBLOCK PROPERTIES at issue were allocated to Cohen before ARIN existed as an entity, before any of its terms could have adhered.**

There is at least one reference in the Documents to IP blocks or AS Numbers that were allocated by NSI/Internic (Kronenberger Decl., Ex. 3, ARIN Bates K5685[4]; Ex.

---

[4] Doc. No. K5685 is a photocopy of a check apparently from one of Cohen's alter-egos to ARIN, with a note from an ARIN stating that "Looks like maybe it belongs to NSI" – ARIN's operational predecessor.

6   **CONSOLIDATED SUPPLEMENTAL OPPOSITION TO ARIN'S MOTIONS**

7, Bates No. K19481[5].), identifying that at least some of the initial Netblock Properties at issue were allocated in 1997, prior to ARIN's establishment.  Thus, no terms or conditions of ARIN's various service agreements would have applied, and ARIN lacks standing to claim any contractual right to these components of the NETBLOCK PROPERTY.

**II.    DOCUMENTS IN THE ARIN SEPTEMBER 6 PRODUCTION EVIDENCE ADDITIONAL ACTS WELL WITHIN THE STATUTE OF LIMITATIONS FOR CONVERSION, ANTITRUST, BREACH OF FIDUCIARY DUTY AND UNFAIR COMPETITION**

Regarding ARIN's Motion to Dismiss in *Kremen v. ARIN*, ARIN's September 6 Production provides evidence refuting their claims that Kremen's causes of action under conversion, antitrust, breach of fiduciary duty, and unfair competition are insufficiently pled or are barred by applicable statutes of limitations, as they clearly evidence acts defeating such assertions.

**A.    With full knowledge of the Court's September 2001 Order, Defendant ARIN transferred control of a subset of the NETBLOCK PROPERTY to an offshore entity, beyond the jurisdiction of the Court, and did so within the period of the statutes of limitations at issue.**

The ARIN Production reveals a shocking and repeated disregard for the Court's September 2001 Order.  Specifically, Defendant ARIN had been on notice for a period of years about the September 2001 Order.  Defendant's knowledge about the Sex.com case, about the September 2001 Order and about certain NETBLOCKS referenced in the September 2001 Order, were known by both counsel for ARIN and executive management at ARIN.  (See Kronenberger Decl., Ex. 4, ARIN Bates K5766-K5797.)  However, despite this knowledge, Defendant ARIN transferred specific assets listed within the September 2001 order to an offshore entity that is beyond the jurisdiction of

---
[5] Doc. No. K19481 is a spreadsheet listing Cohen's utilized Netblock Properties, dated August 25, 1997.

7    **CONSOLIDATED SUPPLEMENTAL OPPOSITION TO ARIN'S MOTIONS**

this Court, namely, the Latin American and Caribbean Internet Addresses Registry ("LACNIC"), on February 17, 2004. (Kronenberger Decl., Ex. 5, ARIN Bates K5797, K5798.)

In Defendant's Motion to Dismiss, it argues that Plaintiff has not alleged conduct by Defendant that is within the statutes of limitation for conversion, antitrust, breach of duty of loyalty and unfair competition. (Motion to Dismiss, pp. 20-23.) Not only has the Plaintiff alleged in the Complaint multiple types of harm that occurred on a recurring and continual basis well into 2004 and in some cases 2005 (Complaint ¶¶ 54-55), but the Documents reveal additional conduct of Defendant ARIN in February 2004, well within the statutes of limitation for all the causes of action alleged in the Complaint.

**B.  ARIN usurped control of and converted a subset of the NETBLOCK PROPERTY from Cohen without transferring the subset of NETBLOCK PROPERTY to Kremen, within the statutes of limitation at issue.**

Additionally, despite full knowledge of this Court ordering ARIN to turn over the NETBLOCK PROPERTY to Plaintiff Kremen, Defendant ARIN apparently took control of one subset of the NETBLOCK PROPERTY away from Cohen, without transferring control to Plaintiff Kremen; in fact, in September 8, 2005 correspondence preceding this act, counsel for ARIN specifically mentions the *Kremen v. Cohen* litigation. (See Kronenberger Decl., Ex. 6, ARIN Bates K19409 and K19413.) As further evidence of ARIN's intimate knowledge of the September 2001 Order and the issues underlying its issuance, Defendant ARIN even referenced the ongoing *Kremen v. Cohen* litigation in a letter to Cohen before ARIN transferred part of the NETBLOCK PROPERTY away from Cohen. (*Id.*) ARIN most certainly acted with full knowledge of its violation of the Order, and within the statute of limitations for all claims based upon such allegations.

**III. CONLCUSION**

ARIN's Production of September only serves to solidify the points in Plaintiff's oppositions to the currently pending motions. The documentation not only serves to disprove the application or relevance of any terms and conditions that ARIN might

1  assert apply to the NETBLOCK PROPERTY, but it also confirms Plaintiff's allegations
2  both substantively and as to defeating ARIN's statute of limitations arguments.
3  Furthermore, the weighty issues involved in these Motions are far beyond the reach of
4  such procedural matters as motions for "clarification" and to dismiss under Rule
5  12(b)(6), and should be fully and properly addressed at trial or upon motion for
6  summary judgment.
7        For the forgoing reasons, Plaintiff requests that the Court deny the Defendant's
8  Motion to Dismiss and Motion for Clarification.

10  DATED:  September 18, 2006.            **KRONENBERGER HANLEY, LLP**

12                                         By:   /s/ Terri Hanley
13                                             Terri R. Hanley
                                               Karl S. Kronenberger
14                                             Attorneys for Plaintiff Gary Kremen

**CONSOLIDATED SUPPLEMENTAL OPPOSITION TO ARIN'S MOTIONS**