**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Plaintiff GARY KREMEN

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARY KREMEN,** an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>**AMERICAN REGISTRY FOR INTERNET NUMBERS, LTD.,** a Virginia corporation,<br><br>    Defendant. | Case No. C 06-2554 JW<br><br>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE BY PLAINTIFF GARY KREMEN IN SUPPORT OF HIS OPPOSITION TO MOTION TO DISMISS; SUPPLEMENTAL DECLARATION OF KARL S. KRONENBERGER**<br><br>**[Federal Rule of Evidence 201]**<br><br>**Date: October 23, 2006**<br>**Time: 9:00 a.m.**<br>**Judge: Hon. James Ware**<br><br>**TRIAL DATE: NONE SET** |

1

**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**

## SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Evidence 201, Plaintiff Gary Kremen ("KREMEN") hereby respectfully requests that the Court take judicial notice of the following document: the Joint Project Agreement between the U.S. Department of Commerce and the Internet Corporation for Assigned Names and Numbers ("the JPA Agreement"), including its annex, a true and correct copy of which is attached hereto as Exhibit A. Contained herein is a declaration of Karl S. Kronenberger authenticating the document attached as Exhibit A.

The document is dated September 29, 2006, which is <u>after</u> KREMEN submitted his Supplemental Opposition to Defendant's Motion to Dismiss.

## LEGAL STANDARD

Judicial notice is proper where a fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). A court properly may take judicial notice of "matters of public record, including 'records and reports of administrative bodies.'" *George W. v. Dep't of Educ.*, 149 F. Supp. 2d 1195, 1201-02 (E.D. Cal. 2000). A district court may also "consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). In addition, the Court may take judicial notice of facts posted on Internet websites where, as here, the facts are "capable of ready determination" and "widely available to anyone with Internet access." *Enterprise Rent-A-Car Co. v. U-Haul Int'l, Inc.*, 327 F. Supp. 2d 1032, 1042 & n.4 (E.D. Mo. 2004) (taking judicial notice of facts on an Internet website); *see also Hendrickson v. Ebay, Inc.*, 165 F. Supp. 2d 1082, 1084 n.2 (C.D. Cal. 2001 (taking judicial notice of website and the "information contained therein").

///

///

**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**

KRONENBERGER BURGOYNE, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**ARGUMENT**

The JPA Agreement is judicially noticeable because it is a public record, to wit, a contract between a government agency and the nonprofit organization ICANN, and the JPA Agreement's authenticity cannot be reasonably contested. Moreover, the entire agreement is publicly available on ICANN's website, its existence, contents and terms are facts not reasonably subject to dispute, and it is capable of accurate and ready determination at http://www.icann.org/general/JPA-29sep06.pdf. The JPA Agreement is relevant to the issue of the existence or nonexistence of Defendant ARIN's ultimate authority over the Netblock property, which is at issue in this case. Therefore, the JPA Agreement is appropriate for judicial notice.

Furthermore, KREMEN could not have included this document in his opposition or supplemental opposition to Defendant's motion to dismiss, because the document is dated September 29, 2006, a date <u>after</u> the deadline for KREMEN to submit his Supplemental Opposition to Defendant's Motion to Dismiss.

**CONCLUSION**

For the forgoing reasons, KREMEN respectfully requests that the Court take notice of the JPA Agreement, attached hereto as Exhibit A.

DATED: October 16, 2006.

**KRONENBERGER BURGOYNE, LLP**

By:  /s/ Karl S. Kronenberger
Karl S. Kronenberger
Attorney for Plaintiff Gary Kremen

## **DECLARATION OF KARL S. KRONENBERGER**

I, Karl S. Kronenberger, declare and state as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and am an attorney with the law firm of Kronenberger Burgoyne, LLP, attorneys of record herein for Plaintiff Gary Kremen.  I make this declaration in support of the Request for Judicial Notice by Plaintiff Gary Kremen.  The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. Attached hereto as Exhibit A is a true and correct copy of the Joint Project Agreement Between the U.S. Department of Commerce and the Internet Corporation for Assigned Names and Numbers (ICANN), which I obtained from the ICANN website at http://www.icann.org/general/JPA-29sep06.pdf.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 16, 2006, at San Francisco, California.

/s/ Karl S. Kronenberger
Karl S. Kronenberger