MANATT, PHELPS & PHILLIPS, LLP
STEPHEN M. RYAN (DC Bar No. 359099) (sryan@manatt.com)
700 12th Street, N.W., Suite 1100
Washington, DC  20005-4075
Telephone:  (202) 585-6500
Facsimile:  (202) 585-6600

MANATT, PHELPS & PHILLIPS, LLP
CHAD S. HUMMEL (CA Bar No. 139055) (chummel@manatt.com)
JACK S. YEH (CA Bar No. 174286) (jyeh@manatt.com)
11355 W. Olympic Boulevard
Los Angeles, CA  90064
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224

MANATT, PHELPS & PHILLIPS, LLP
CHRISTOPHER L. WANGER (CA Bar No. 164751) (cwanger@manatt.com)
JOHN P. KERN (CA Bar No. 206001) (jkern@manatt.com)
1001 Page Mill Road, Building 2
Palo Alto, CA  94304-1006
Telephone:  (650) 812-1300
Facsimile:  (650) 213-0260

*Attorneys for Defendant*
AMERICAN REGISTRY FOR INTERNET NUMBERS, LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN REGISTRY FOR INTERNET NUMBERS LTD., <br><br> Defendant. | Case No. **C 06-2554 JW** <br> [Related to Case No. C 98-20718 JW] <br><br> **CASE MANAGEMENT CONFERENCE STATEMENT OF DEFENDANT AMERICAN REGISTRY FOR INTERNET NUMBERS, LTD.** <br><br> Hearing Date: October 23, 2006 <br> Time: 10:00 a.m. <br> Location: Courtroom 8, 4th Floor <br> Judge: The Honorable James Ware |

## PREFATORY STATEMENT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule"), Local Rule for the Northern District of California ("Local Rule") 16-9, and Appendix A referenced in Local Rule 16-9, Defendant American Registry for Internet Numbers, Ltd. ("ARIN"), by and through its

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

CMC STATEMENT OF DEFENDANT AMERICAN REGISTRY FOR INTERNET NUMBERS, LTD.
Case No. C 06-2554 JW

41049746.1

counsel, submits this Case Management Conference Statement. ARIN prepared a proposed Joint Case Management Conference Statement and sent it to counsel for Plaintiff Gary Kremen ("Kremen"), on Thursday, October 12, 2006. Despite attempts, ARIN's counsel was unable to secure timely comments from Kremen's counsel to the draft Joint Case Management Statement to enable ARIN to file a joint statement. Accordingly, ARIN submits this Case Management Conference Statement on its own behalf in order to comply with the Court's Scheduling Order.[1] ARIN will continue to attempt to meet and confer with Kremen's counsel regarding the form of a Joint Case Management Conference and will file the same once agreement on the form can be reached.

**A Brief Description Of The Events Underlying The Above-Entitled Action:**

In April 2006, Kremen sued ARIN for violations of federal and California antitrust laws, as well as California state causes of action for conversion, unfair business competition and breach of fiduciary duty. On June 8, 2006, ARIN moved this Court, pursuant to Rule 12(b)(6), to dismiss with prejudice Kremen's Complaint on the grounds that the Complaint failed to state any claim on which relief can be granted. ("Motion To Dismiss/Stay"). As an alternative ground for relief, ARIN requested in its Motion To Dismiss/Stay that this Court stay the present lawsuit pending disposition of ARIN's motion to modify or clarify this Court's September 17, 2001 Order issued by the Honorable James Ware ("Motion For Clarification/Modification") in the related case of *Kremen v. Cohen* USDC N.D. Cal. Case No. C98 20718 JW (the "*Kremen v. Cohen Action*"). Both motions are currently set for hearing on October 23, 2006 before this Court.

In the instant litigation, Plaintiff asserts that ARIN has a monopoly over Internet Protocol addresses ("IP Addresses"), and that ARIN's conduct in not providing Kremen with particular IP

---

[1] This filing is timely pursuant to the parties Stipulated Request And Order Continuing The Hearing On (1) Defendant American Registry of Internet Numbers, Ltd.'s Motion To Dismiss Plaintiff's Complaint Pursuant To 12(b)(6) Or, Alternatively, For A Stay; and (2) Case Management Conference, which was entered by the Court on August 28, 2006. Although this Court initially set the Rule 16(f) Case Management Conference ("CMC") for September 25, 2006, the parties stipulated to coordinating the CMC with the October 23, 2006, hearing on the pending motions in this case and in the *Kremen v. Cohen* case in the interest of judicial economy and convenience.

Addresses is a violation of federal and California antitrust laws, as well as a violation of various California state laws. Kremen's present lawsuit relies almost entirely on the Judgment entered in the *Kremen v. Cohen Action*, whereby Kremen obtained a $65 million judgment against Michael Cohen ("Cohen") in April 2001 (the "Judgment"). The Judgment imposed a constructive trust on all of Cohen's assets. Kremen maintains that Cohen's assets include particular IP Addresses, and that ARIN's refusal to transfer those IP Addresses to Cohen is unlawful monopolistic conduct, actionable anti-competitive behavior, conversion and breach of fiduciary duty.

ARIN denies it has committed any of the wrongful conduct alleged by Kremen, denies that Kremen's complaint states a claim against ARIN and denies that Kremen is entitled to any relief whatsoever against ARIN.

**The Principal Factual And Legal Issues Which The Parties Dispute:**

The issues in this case depend heavily on how this Court resolves the issues in the pending Motion for Clarification\Modification in the *Kremen v. Cohen* case. Until that time, the principal factual and legal issues which the parties dispute include: (1) whether Kremen's causes of action are time-barred; (2) whether ARIN is bound by the September 17, 2001 Order; (3) whether ARIN has restrained trade under Section 1 of the Sherman Act; (4) whether ARIN has conspired to restrain trade under Section 1 of the Sherman Act; (5) whether ARIN monopolized the market at issue in violation of Section 2 of the Sherman Act; (6) whether ARIN attempted to monopolize the market at issue in violation of Section 2 of the Sherman Act; (7) whether ARIN conspired and acted to restrain trade under California's Cartwright Act; (8) whether ARIN converted particular IP Addresses allegedly owned by Kremen; (9) whether ARIN breached a fiduciary duty allegedly owed to Kremen; (10) whether ARIN engaged in California unfair business practices; and (11) the amount of damages, if any, suffered by Kremen.

**Other Unresolved Factual Issues:**

None.

**The Parties Which Have Not Been Served And The Reasons:**

None.

1  **The Additional Parties Which The Below-Specified Parties Intend To Join And The**

2  **Intended Time Frame For Such Joinder:**

3  None.

4  **The Following Parties Consent To Assignment Of This Case To A United States Magistrate**

5  **Judge For Trial:**

6  The parties do not consent to the assignment of this case to a United States Magistrate

7  Judge.

**ALTERNATIVE DISPUTE RESOLUTION**

9  **Information Regarding the ADR Process Or Deadline**

10  This case was not automatically assigned to Nonbinding Arbitration at filing. Given the

11  present procedural posture of this case and the potential impact that this Court's ruling on the

12  pending Motion for Clarification\Modification in the *Kremen v. Cohen* case might have on this

13  case, the parties did not file a Stipulation and Proposed Order Selecting an ADR process, the

14  parties have not filed a Notice of Need for ADR Phone Conference, and the parties have not filed

15  a Stipulation and Proposed Order Selecting an ADR.

16  On October 11, 2006, this Court issued a Notice re Noncompliance with Court Order

17  concerning the ADR process filings mentioned above. ARIN requests that it be allowed to file

18  the appropriate ADR filings within one week of the continued CMC requested below.

**DISCLOSURES**

20  **The Parties Certify That They Made The Following Disclosures:**

21  In anticipation of the disposition of the pending motions before this Court, the

22  parties have not exchanged their Initial Disclosures pursuant to Rule 26(a) of the Federal Rules of

23  Civil Procedure, and therefore have not listed disclosures of persons, documents, or damage

24  computations. With respect to the disclosures and discovery authorized by Rule 26(a) and Rule

25  26(f), ARIN contends that the disclosure of information should be stayed until disposition of the

26  pending motions, a determination that will substantially vitiate, if not completely eliminate, issues

27  in the present case. It is ARIN's position, therefore, that based on the facts and circumstances of

28  this case, the parties' disclosure and discovery obligations under Rules 26(a) and 26(f) should be

1  suspended until final resolution of the pending motions. No disclosures or discovery is necessary
2  until such a time.

### DISCOVERY

ARIN contends that discovery should not take place as contemplated under the applicable Federal Rules of Civil Procedure and Local Rules until the disposition of ARIN's Motion To Dismiss and Motion For Modification/Clarification in the *Kremen v. Cohen* case. ARIN maintains that until the pending motions are resolved, the parties cannot determine the true issues in dispute or the time necessary to conduct or complete discovery, and thus, permitting discovery at time would promote the wasteful use of valuable time and resources by the parties and their respective counsel. ARIN contends that if the Court does not rule on ARIN's Motion to Dismiss/Stay and Motion For Modification/Clarification on the scheduled hearing date of October 23, 2006, the Court should reschedule the CMC for a date after the full and final disposition of ARIN's pending motions. ARIN contends that if either motion does not dispose of this action in its entirety, that a forty-five (45) day continuance from the date the last pending motion is ruled upon would provide the parties with adequate time to meet and confer regarding their disclosure and discovery obligations under Rule 26.

### TRIAL SCHEDULE

**The Parties Request A Trial Date As Follows:**

ARIN contends that it cannot competently select a trial date until disposition of ARIN's Motion To Dismiss/Stay and Motion For Clarification/Modification.

**The Parties Expect That The Trial Will Last For The Following Number Of Days**:

ARIN maintains that it cannot accurately approximate the number of days necessary for trial until disposition of ARIN's Motion To Dismiss/Stay and Motion For Clarification/Modification in the *Kremen v. Cohen* case.

| | |
|---|---|
| Dated: October 16, 2006 | MANATT, PHELPS & PHILLIPS, LLP<br><br>By: /s/ Jack S. Yeh<br>      Jack S. Yeh<br><br>*Counsel for Defendant*<br>AMERICAN REGISTRY FOR INTERNET NUMBERS, LTD. |

41049746.1