1  IDELL & SEITEL, LLP
   Terri R. Hanley (Bar No. 199811)
2  465 California Street, Suite 300
   San Francisco, California 94104
3  Telephone: (415) 986-2400
   Facsimile: (415) 392-9259
4
5  Attorneys for Plaintiff

6              UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF CALIFORNIA
7                    SAN JOSE DIVISION

8  GARY KREMEN,                          Case No. **C 06-2554 JW**
                                         [Related to Case No. C 98-20718 JW]
9           Plaintiff,

10     vs.                               [PROPOSED] JOINT CASE MANAGEMENT
                                         STATEMENT AND [PROPOSED] ORDER
11 AMERICAN REGISTRY FOR INTERNET
   NUMBERS LTD.,                         Hearing Date: October 23, 2006
12                                       Time: 10:00 a.m.
            Defendant.                   Location: Courtroom 8, 4th Floor
13                                       Judge: The Honorable James Ware

                                         [PROPOSDED] CMC STATEMENT AND ORDER
                                         Case No. C 06-2554 JW

41032276.3

Pursuant to the Federal Rule of Civil Procedure ("Rule") 26(f), Local Rule for the Northern District of California ("Local Rule") 16-9, and Appendix A referenced to in Local Rule 16-9, Plaintiff Gary Kremen ("Kremen") submits this Proposed Case Management Statement and Proposed Order ("Joint Rule 26(f) Report").[1]

Counsel for both Plaintiff and Defendant attempted to reach a joint position; however, due to the unavailability of opposing counsel, and in observance of this Court's order of August 28, 2006, Plaintiff Kremen respectfully submits this [Proposed] Joint Case Management Statement and [Proposed] Order, incorporating Plaintiff's edits to Defendant's proposed terms. Plaintiff has notified the Defendant, and Defendant the Plaintiff, and hereby notices this Court, of their intent to submit a Joint Statement tomorrow, October 17, 2006. Meantime, out of respect for this Court's Order, Plaintiff Kremen respectfully submits the following:

**1. A Brief Description Of The Events Underlying The Above-Entitled Action:**

Defendant ARIN is the entity which exclusively controls the allocation of IP Numbers (Internet Protocol addresses ("IP addresses") and Autonomous System Numbers ("ASN's")) in North America. Plaintiff Kremen is an individual in the business of the utilization and optimization of Internet resources. On September 17, 2001, Plaintiff Kremen was issued an order in the related case of *Kremen v. Cohen* USDC N.D. Cal. Case No. C98 20718 JW (the "*Kremen v. Cohen Action*"), ordering Defendant ARIN to transfer to Kremen specifically identified IP Numbers resources (the "September 2001 Order"). At a time which is in dispute, Kremen presented ARIN with the September 2001 Order

**2. The Principal Factual Issues Which The Parties Dispute:**

In the present case, Plaintiff Kremen has asserted that ARIN's operations regarding its administration of Internet Protocol addresses ("IP addresses") and Autonomous System Numbers ("ASN's") generally and as directed towards himself are in violation of State and Federal antitrust and monopoly laws, as well as State unfair competition statues. Plaintiff Kremen has also

---

[1] This filing is timely pursuant to the parties Stipulated Request And Order Continuting The Hearing On (1) Defendant American Registry of Internet Numbers, Ltd.'s Motion To Dismiss Plaintiff's Complaint Pursuant To 12(b)(6) Or, Alternatively, For A Stay; and (2) Case Management Conference, which was entered by the Court on August 28, 2006.

brought suit for conversion, unfair competition, and breach of fiduciary duty on the basis of Defendant ARIN's non-compliance with and subsequent dealings regarding the September 2001 Order, which Plaintiff asserts are driven by the anti-competitve behaviors alleged in support of the claims described above.

ARIN denies it has committed any of the wrongful conduct alleged by Kremen, denies that Kremen's complaint states a claim against ARIN and denies that Kremen is entitled to any relief whatsoever against ARIN.

**3.  The Principal Legal Issues Which The Parties Dispute:**

In April 2006, Kremen sued ARIN for violations of federal antitrust and monopoly laws, as well as for antitrust violations, conversion, unfair competition and breach of fiduciary duty under California state law.

On June 8, 2006, ARIN moved this Court, pursuant to Rule 12(b)(6), to dismiss with prejudice Kremen's Complaint on the grounds that the Complaint failed to state any claim on which relief can be granted, or that Plaintiff's claims are timed-barred. ("Motion To Dismiss/Stay").  As an alternative ground for relief, ARIN requested in its Motion To Dismiss/Stay that this Court stay the present lawsuit pending disposition of ARIN's motion to modify or clarify this Court's September 17, 2001 Order issued by the Honorable James Ware ("Motion For Clarification/Modification") in the related case of *Kremen v. Cohen* USDC N.D. Cal. Case No. C98 20718 JW (the "*Kremen v. Cohen Action*").  Both motions are currently set for hearing on October 23, 2006 before this Court.

Defendant's motion to stay these proceedings pending a determination of its Motion for Clarification/Modification is predicated upon its assertion that the entirety of Plaintiff's case is contingent upon the possible modification of the September 2001 Order.  Plaintiff refutes this position and asserts that its claims in the present case are independent of the outcome of ARIN's motion in the related case and therefore opposes the motion to stay.

The principal legal issues raised by Plaintiff's Complaint which the parties dispute include: (1) whether ARIN has restrained trade under Section 1 of the Sherman Act; (2) whether ARIN has conspired to restrain trade under Section 1 of the Sherman Act; (3) whether ARIN

monopolized the market at issue in violation of Section 2 of the Sherman Act; (4) whether ARIN attempted to monopolize the market at issue in violation of Section 2 of the Sherman Act; (5) whether ARIN conspired and acted to restrain trade under California's Cartwright Act; (6) whether ARIN converted particular IP Addresses and ASN's to which Plaintiff asserts his entitlement in constructive trust pursuant to the September 2001 Order; (7) whether ARIN breached a fiduciary duty allegedly owed to Kremen; (8) whether ARIN engaged in unfair business practices under California law; and (9) the amount of damages, if any, suffered by Kremen.

**4.  Other Unresolved Factual Issues:**

No issues regarding service or jurisdiction have been raised or are in dispute.

**5.  The Parties Which Have Not Been Served And The Reasons:**

None.

**6.  The Additional Parties Which The Below-Specified Parties Intend To Join And The Intended Time Frame For Such Joinder:**

None at this time.

**7.  The Following Parties Consent To Assignment Of This Case To A United States Magistrate Judge For Trial:**

The parties do not consent to the assignment of this case to a United States Magistrate Judge.

**ALTERNATIVE DISPUTE RESOLUTION**

**8-9.  Information Regarding the ADR Process Or Deadline**

Due to the pending motion practice and the stipulated modified briefing schedules, the parties have not yet elected and filed papers on their ADR selections. On October 11, 2006, this Court issued a Notice re Noncompliance with Court Order concerning the ADR process filings mentioned above. Plaintiff Kremen request and intend to participate in the Court's mediation program, and Plaintiff requests that they be allowed to file the appropriate ADR filings within one week of the CMC scheduled for October 23, 2006.

**DISCLOSURES**

**10. The Parties Certify That They Made The Following Disclosures:**

In anticipation of the disposition of the pending motions before this Court, the parties have not exchanged their Initial Disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, and therefore have not listed disclosures of persons, documents, or damage computations.

With respect to the disclosures and discovery authorized by Rule 26(a) and Rule 26(f), ARIN contends that the disclosure of information should be stayed until disposition of the pending motions, a determination which it contends will substantially vitiate, if not completely eliminate, issues in the present case. It is ARIN's position, therefore, that based on the facts and circumstances of this case, the parties' disclosure and discovery obligations under Rules 26(a) and 26(f) should be suspended until final resolution of the pending motions. No disclosures or discovery is necessary until such a time.

Plaintiff Kremen opposes ARIN's request to stay discovery or disclosures under Rule 26 and refutes any grounds for requesting such a delay in discovery necessary to proceed. Plaintiff particularly opposes any contention that the motions in the related *Kremen v. Cohen* matter should in any way affect the progress of discovery in the present case.

**DISCOVERY**

**11. The Parties Agree To The Following Discovery:** ARIN contends that discovery should not take place as contemplated under the applicable Federal Rules of Civil Procedure and Local Rules until the disposition of ARIN's Motion To Dismiss and Motion For Modification/Clarification in the *Kremen v. Cohen* case. ARIN maintains that until the pending motions are resolved, the parties cannot determine the true issues in dispute or the time necessary to conduct or complete discovery, and thus, permitting discovery at this time would promote the wasteful use of valuable time and resources by the parties and their respective counsel. ARIN contends that if the Court does not rule on ARIN's Motion to Dismiss/Stay and Motion For Modification/Clarification on the scheduled hearing date of October 23, 2006, the Court should reschedule the CMC for a date after the full and final disposition of ARIN's pending motions. ARIN contends that if either motion does not dispose of this action in its entirety, that a forty-five

1  (45) day continuance from the date the last pending motion is ruled upon would provide the
2  parties with adequate time to meet and confer regarding their disclosure and discovery obligations
3  under Rule 26.
4      As stated above, Plaintiff Kremen absolutely opposes the requested delays in
5  discovery and disclosures mandated and allowed by the Federal Rules of Civil Procedure (the
6  "Rules").  The outcome of ARIN's Motion For Modification/Clarification in the related case has
7  no bearing or effect on Plaintiff's antitrust and monopoly claims whatsoever, or the claims for
8  damages arising from ARIN's tortuous conduct concerning its treatment of the Setpember 2001
9  as it has has stood since its inception; no determination upon ARIN's motion would negate such
10 damages or claims.  Furthermore, short of the dismissal of Plaintiff's Complaint in its entirety
11 with prejudice, the outcome of ARIN's Motion to Dismiss/Stay in the present case will not
12 dispose of the core factual and legal issues of the present case such that the extensive delay
13 requested by Defendant ARIN is justified.  As such, Plaintiff requests that discovery and
14 disclosures advance as intended by the Federal Rules of Civil Procedure.
15     Furthermore, Plaintiff Kremen anticipates the need to amend the number and amounts
16 of discovery allowed by the Rules, particularly as to the number of depositions allowed,
17 particularly given the extensive lists of self-interested parties alleged in Plaintiff's Complaint,
18 each of which will require targeted discovery requests.

19 **TRIAL SCHEDULE**

20 **12. The Parties Request A Trial Date As Follows:**
21 The parties agree that they cannot competently select a trial date until disposition of
22 ARIN's Motion To Dismiss/Stay.
23 **13. The Parties Expect That The Trial Will Last For The Following Number Of Days**:
24 The parties agree that they cannot accurately approximate the number of days necessary
25 for trial until disposition of ARIN's Motion To Dismiss/Stay.
26
27
28

6    [PROPOSED] CMC STATEMENT AND PROPOSED ORDER
Case No. C 06-2554 JW

41032276.3

Dated: October 16, 2006

IDELL & SEITEL, LLP
By: /s/ Terri R. Hanley
 Terri R. Hanley
Counsel for Plaintiff GARY KREMEN

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE