United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Gary Kremen, | NO. C 06-02554 JW |
| Plaintiff, <br> v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE** |
| American Registry For Internet Numbers, Ltd., | |
| Defendant. / | |

## I. INTRODUCTION

Plaintiff Gary Kremen ("Plaintiff") brings this antitrust action alleging violations of the Sherman and Cartwright Acts and the California Business and Professions Code. Before the Court is Defendant American Registry for Internet Numbers, LTD's ("ARIN") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court conducted a hearing on October 23, 2006. Based upon the papers submitted to date and the oral arguments of counsel, the Court grants Defendant's Motion to Dismiss, because Plaintiff's claims are time-barred under applicable statutes of limitations.

## II. BACKGROUND

Plaintiff alleges the following:

On April 3, 2001, Plaintiff obtained a $65 million Judgment from the Court against defendants Stephen Michael Cohen ("Cohen") and related entities in the case of *Kremen v. Cohen*, No. 98-20718 (JW). The Judgment imposed a constructive trust on defendants' assets. (Complaint for Violation of Antitrust Laws; Conversion; Unfair Business

Competition; Breach of Fiduciary Duty ¶ 11, hereafter, "Compl.," Docket Item No. 1.) At the time of the Judgment, Cohen owned blocks of IP Addresses and ASNs ("IP Resources") that are in commercial use and are of economic value. The Judgment directed ARIN, as custodian, to transfer the IP Resources to Kremen. (Compl. ¶ 12.) Citing its internal policies, ARIN refused to transfer the IP Resources to Kremen. (Compl. ¶ 13.)

Since 2001, Kremen has been in the Internet advertising business, with a pay-per-click search engine and over 5000 domain names. Kremen's business would have received substantial benefit if Kremen had control of the IP Resources from the time of the Court's September 2001 Order. (Compl. ¶ 14.) ARIN's refusal to comply with the Order has deprived Kremen of the opportunity to pursue business strategies that would exploit the value of the IP Resources and has enabled Cohen to derive unjust benefit from the IP Resources to Kremen's detriment. (Compl. ¶¶ 15, 16.)

Plaintiff filed this action in April 2006, alleging eight causes of action: (1) Count 1, for agreement in restraint of trade in violation of Section 1 of the Sherman Act; (2) Count 2, for conspiracy to restrain trade in violation of Section 1 of the Sherman Act; (3) Count 3, for monopoly in violation of Section 2 of the Sherman Act; (4) Count 4, for attempted monopoly in violation of Section 2 of the Sherman Act; (5) Count 5, for conspiracy and acts in restraint of trade under the Cartwright Act; (6) Count 6, for conversion; (7) Count 7, for breach of fiduciary duty; and (8) Count 8, for violation of California's Unfair Competition Law. Presently before the Court is ARIN's Motion to Dismiss. ARIN contends, *inter alia*, that the claims are time-barred and insufficiently pled. (Notice of Motion and Motion of American Registry of Internet Numbers, Ltd. to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) or Alternatively, for a Stay at 2, hereafter, "Motion," Docket Item No. 11.)

### III. STANDARDS

A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A claim may be dismissed as a matter of law for "(1) lack of a cognizable

legal theory or (2) insufficient facts under a cognizable legal theory." Robertson v. Dean Witter Reynolds Co., 749 F.2d 530, 534 (9th Cir. 1984). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). In determining the propriety of a Fed. R. Civ. P. 12(b)(6) dismissal, a court may not look beyond the complaint. Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998) ("The focus of any Rule 12(b)(6) dismissal . . . is the complaint.")  A court may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.2d 1122, 1129 (9th Cir. 2000).

## IV. DISCUSSION

The Supreme Court has previously applied federal antitrust laws to anticompetitive conduct of nonprofit organizations. Nat'l Collegiate Athletic Ass'n v. Bd. of Regents of Univ. of Oklahoma, 468 U.S. 85, 100 (1984). The nonprofit character of an enterprise does not place it beyond the purview of federal laws regulating commerce. Camps Newfound/Owatonna v. Town of Harrison, 520 U.S. 564, 584 (1997).

**A.   Sherman Act Claims (Claims 1-4)**

ARIN contends that the statute of limitations on Kremen's claims began to run by November 2001, when Kremen presented ARIN with the Court's September 2001 Order; consequently, Plaintiff's claims have been time-barred since November 2005. (Motion at 5-6.) Plaintiff contends his claim is timely pursuant to the continuing violation doctrine. (Plaintiff's Opposition to Motion of American Registry of Internet Numbers, Ltd. to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6), or, Alternatively, for a Stay at 2, hereafter, "Opposition," Docket Item No. 20.)

Sherman Act claims are undisputedly subject to a four year statute of limitations. 15 U.S.C. § 15b. The statute of limitations on an antitrust cause of action begins to run when a defendant

3

commits an act that injures a plaintiff's business. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 338 (1971). In a continuing violation circumstance, the plaintiff's interests are repeatedly invaded, and each invasion results in accrual of a new cause of action. Hennegan v. Pacifico Creative Service, Inc., 787 F.2d 1299, 1301 (9th Cir. 1986). When the plaintiff alleges a continuing violation, an overt act by the defendant is required to restart the statute of limitations. Pace Indus., Inc. v. Three Phoenix Co., 813 F.2d 234, 237 (9th Cir. 1987). An "overt act" (1) must be a new and independent act that is not merely a reaffirmation of a previous act and (2) must inflict new and accumulating injury on the plaintiff. Id. at 238.

Plaintiff has alleged that ARIN first became aware of the Court's September 2001 Order when he presented the Order to ARIN in November 2001. (Compl. ¶ 49.) Plaintiff has further alleged that "from the outset," ARIN's response was to "negotiate its own settled terms, rather than comply with those of the Court's Order." (Compl. ¶ 50.) The statute of limitations for the injury allegedly inflicted on Plaintiff by ARIN began to run in November 2001. Plaintiff's Complaint presents no subsequent overt act by ARIN to restart the statute of limitations. ARIN's refusal on multiple occasions to transfer the IP Resources constituted a mere restatement of its original decision. The Court finds that the statute of limitations expired in November 2005. Since Plaintiff did not file this suit until April 2006, his Sherman Act claims (Claims 1-4) are time-barred.

**B.    Cartwright Act Claim (Claim 5)**

The Cartwright Act is patterned after the Sherman Act, and both acts codify the general common law prohibition against restraints of trade. G.H.I.I. v. MTS, Inc., 147 Cal. App. 3d 256, 265 (1983), citing Corwin v. Los Angeles Newspaper Serv. Bureau, Inc., 4 Cal.3d 842, 852 (1971). As such, decisions under the Sherman Act are applicable to the Cartwright Act. Id.

Plaintiff's Cartwright Act claim is also governed by a four-year statute of limitations, which began to run when Defendant allegedly committed an act inflicting injury on the Plaintiff, in November 2001. As discussed above, Plaintiff has not alleged a subsequent overt act by ARIN that

4

would restart the statute of limitations. Plaintiff's Cartwright Act claim (Claim 5) is also time-barred.

**C.     Conversion Claim (Claim 6)**

ARIN contends that conversion is triggered by the act of wrongfully taking property, that ARIN's alleged withholding of Kremen's IP Resources occurred in 2001, and that the three-year statute of limitations for conversion has expired. (Reply Memorandum of American Registry for Internet Numbers, Ltd. in Support of Motion to Dismiss or, Alternatively, for Stay at 4-7, hereafter, "Reply," Docket Item No. 31.) Plaintiff contends that ARIN's withholding of the IP Resources is a continuing tort not barred by the statute of limitations, citing the 1960 Supreme Court case of de Vries v. Brumbach, 349 P.2d 532 (Cal. 1960). (Opposition at 4-5.)

Under California law, a three-year statute of limitations applies to conversion claims. Cal. Civ. Proc. Code § 338(c). The statute of limitations begins to run at the time of the wrongful taking or illegal exercise of dominion over property. Reed v. Molony, 38 Cal. App. 2d 405, 411 (1940). The cause of action arises on the date of injury, or the occurrence of the last element essential to the cause of action. Id. These fundamental rules have been modified by the "discovery rule," which provides that the statute of limitations does not begin to run until a plaintiff knew or should have known of the defendant's wrongful conduct. Naftzger v. Am. Numismatic Soc., 42 Cal. App. 4th 421, 428 (1996).

In de Vries, the California Supreme Court held that conversion is "a continuing tort—as long as the person entitled to the use and possession of his property is deprived thereof..." 349 P.2d at 535. However, this holding was within a completely unrelated context of a conspiracy to rob a San Francisco jewelry firm. The de Vries court's focus was on rebutting the robber-appellant's claim that because he was not a member of the pre-robbery conspiracy, he was not liable for the initial conversion that took place at the time of the robbery. Id. at 534. The de Vries court did not address statute of limitations issues. Rather, it focused on the separate question of whether a defendant

5

could be held civilly liable as a joint tortfeasor for his involvement in a continuing conspiracy to convert. (Reply at 6.) The Court declines to extend the holding of de Vries to this unrelated case.

The Court finds that the statute of limitations was triggered by ARIN's refusal to transfer the contested IP Resources to Plaintiff in November 2001. This refusal put Plaintiff on notice of ARIN's alleged wrongful conduct. To hold otherwise would toll the statute indefinitely and eviscerate the need for Plaintiff to timely file his action, despite his long-existing knowledge of the injury. Based on the three-year statute of limitations, Plaintiff's conversion claim (Claim 6) is time-barred as of November 2004.

### D.    **Breach of Fiduciary Duty (Claim 7)**

Plaintiff contends that he has alleged violations well within the statutory period, specifically that ARIN breached its fiduciary duties to him "on a continual basis" through 2005. (Opposition at 5-6.) ARIN contends that it is not Plaintiff's fiduciary, and that Plaintiff's theory is unviable because it "would suspend or otherwise postpone the statute of limitations in perpetuity so long as ARIN maintains a fiduciary relationship with [Plaintiff] (which in [Plaintiff's] view would be forever.)" (Reply at 6-7.)

State law claims for breach of fiduciary duty are subject to California's "catch-all" four-year statute of limitations. Cal. Civ. Proc. Code § 343; see also Robuck v. Dean Witter & Co., 649 F.2d 641, 644 (9th Cir. 1980). Plaintiff has alleged that ARIN breached its fiduciary duty to him when it refused to transfer the IP Resources referenced in the Court's September 2001 Order to him, by its alleged conversion of his property, and by "misappropriation" of property belonging to Plaintiff. (Compl. ¶¶ 135, 136, 140.) As explained above, ARIN's alleged conversion of Plaintiff's property does not constitute a continuing violation for statute of limitations purposes. Accordingly, the Court finds that Plaintiff has alleged at most a single breach of fiduciary duty, which occurred in November 2001. Plaintiff's breach of fiduciary duty is time-barred because he did not initiate his lawsuit until 2006.

6

**E.      Unfair Competition Claim, Cal. Bus. & Prof. Code § 17200 (Claim 8)**

ARIN contends that the statutory period for a Section 17200 unfair competition claim begins when the defendant's conduct occurs—here, in November 2001. (Reply at 5, 7.) Plaintiff contends that "the acts alleged, and the harm that arose from the acts, occurred over a period of years, and in a continual manner, and thus the allegations are clearly within the four year statute of limitations for California statutory unfair competition." (Opposition at 6.)

Section 17200 unfair competition claims are subject to a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. Here, Plaintiff has alleged that ARIN committed acts of unfair competition in violation of the Sherman Act, Cartwright Act, conversion, and breach of fiduciary duty. (Compl. ¶ 143.) As discussed *supra*, each of these unfair competition claims arose simultaneously in November 2001; they do not reference multiple, continuous acts that would restart the statute of limitations. Accordingly, Plaintiff's state-law unfair competition claim has been time-barred since November 2005.

## V.  CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss with prejudice.

Dated: December 20, 2006

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Christopher L. Wanger cwanger@manatt.com
Jack S. Yeh jyeh@manatt.com
Karl Stephen Kronenberger karl@kronenbergerlaw.com
Terri R Hanley email@terrihanley.com

**Dated: December 20, 2006**                              **Richard W. Wieking, Clerk**

                                                                  **By:   /s/ JW Chambers**
                                                                          **Elizabeth Garcia**
                                                                          **Courtroom Deputy**

**United States District Court**
For the Northern District of California