# EXHIBIT B

1  RICHARD J. IDELL, ESQ., #069033
   JENNIFER A. MARONE, ESQ., #208858
2  IDELL, BERMAN & SEITEL
   530 Bush Street, Suite 601
3  San Francisco, CA 94108
   Telephone: (415) 986-2400
4  Facsimile: (415) 392-9259

5  Attorneys for Plaintiff
   GARY KREMEN
6

7

                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
                          SAN JOSE DIVISION
10

11
   GARY KREMEN,                    )  Case No.: C 98 20718 JW PVT
12                                 )
           Plaintiff,              )  STIPULATION RE: STANDSTILL
13                                 )  AGREEMENT AND SUBMISSION OF
       vs.                         )  ISSUES FOR ANCILLARY
14                                 )  DETERMINATION
   STEPHEN MICHAEL COHEN, et al.,  )
15                                 )
           Defendants.             )
16 _____ )

17
       This stipulation ("Stipulation") is entered into by and between
18
   Gary Kremen, Plaintiff in the above action ("Kremen"), on the one
19
   hand, and PACNET MX, PACNET S.A. de C.V. and PACNET Incorporated, a
20
   Nevada Corporation (collectively "PACNET Companies"), on the other
21
   hand.  The parties shall hereinafter also be referred to individually
22
   as a "Party" or collectively as the "Parties".
23
       This Stipulation is made with reference to the following facts:
24
       1.  Gary Kremen is the Plaintiff in the above action.
25
       2.  On October 15th, 2001, PACNET MX filed an Ex Parte
26
   Application For Temporary Restraining Order, Order to Show Cause Re:
27
   Preliminary Injunction ("OSC"), and supporting papers, asserting
28
   various claims against Kremen and putting at issue certain matters

STIPULATION RE: STANDSTILL AGREEMENT AND SUBMISSION OF ISSUES FOR ANCILLARY DETERMINATION -

1

relating to the ownership and operation of PACNET Companies, the Pina Property (defined below) and PACNET Companies' connection, if any, with the Defendants in the above action and their related persons and entities.

3. Upon service of the OSC papers, counsel for PACNET Companies and counsel for Kremen commenced discussions regarding a comprehensive Stipulation for the procedure for resolution of all disputes between the Parties through an ancillary action in the above matter.

4. The Parties have reached a Stipulation for an orderly resolution of all outstanding issues and, by this Stipulation, without adjudication of any issue of fact or law, and without waiver of any claims, rights, defenses or objections, make the following Stipulation, including but not limited to, a standstill agreement made in lieu of the Court's ruling on the requested OSC.

NOW, THEREFORE, the Parties do agree as follows:

1.0. Kremen and PACNET Companies hereby agree to a standstill agreement with regard to the certain real property located in the County of San Diego, being A.P. 667-020-08-00, located on Rail Court in San Ysidro, California, owned by Ernesto and Sandra Pina. The property is more particularly described on the Exhibit "A" attached hereto. This property will hereinafter be referred to as the "Pina Property". The terms of the standstill agreement are as follows:

A. Kremen agrees that during the Term of this standstill agreement, or further order of this Court, neither Kremen nor his agents nor representatives will enter upon the premises of the Pina Property without prior consent or Court Order.

B. PACNET Companies agree that during the Term of this

STIPULATION RE: STANDSTILL AGREEMENT AND SUBMISSION OF ISSUES FOR ANCILLARY DETERMINATION -

2

1  standstill agreement, or further order of this Court, neither they
2  nor any parent, subsidiary, related or affiliated companies, nor any
3  officer, director, member, agent, employee, representative or
4  attorney of the foregoing shall remove any property or equipment from
5  the Pina Property, except for repair and replacement of existing
6  property or equipment, and, in the event that PACNET Companies deem
7  it necessary to effect any such repairs or replacements, PACNET
8  Companies shall give written notice to Kremen of the intended
9  activity in order to give Kremen an opportunity to raise to the Court
10 any objection that Kremen feels appropriate in the circumstances.
11 Said notice shall be given in writing by PACNET Companies' counsel to
12 counsel for Kremen and such notice shall be given at least five (5)
13 business days in advance of any intended action, unless such notice
14 is impracticable due to an emergency. The Term of the standstill
15 agreement shall be from the date of this Stipulation until final
16 determination of the matters to be submitted to the Court for
17 determination, further stipulation of the Parties or further order of
18 the Court, whichever is earlier.
19      2.0  An order was entered on September 17, 2001, in the Cohen
20 action, ordering American Registry of Internet Numbers ("ARIN") to
21 change the registration record on certain netblocks to Gary Kremen.
22 Among the netblock numbers which are the subject of the order are the
23 IP numbers 209.205.192.0 to 209.205.239.255 ("IP Numbres"). A
24 dispute exists between Gary Kremen, on the one hand, and PACNET
25 Companies, on the other hand, regarding the nature and extent of
26 PACNET Companies' interest in the IP Numbers and PACNET Companies'
27 connection and relationship with the Defendants in the above action
28 and their related entities. Kremen represents and warrants that to

STIPULATION RE: STANDSTILL AGREEMENT AND SUBMISSION OF ISSUES FOR ANCILLARY DETERMINATION -

3

date, the only enforcement action taken by him is to deliver a copy of the order to ARIN's counsel. Kremen stipulates that pending further discovery in this matter he will not take any further action to enforce the September 17, 2001 Order and if Kremen intends to take any action on the Order, he will give PACNET Companies at least five (5) days written notice to enable PACNET Companies to take such action as they deem appropriate.

    3.0  The PACNET Companies, and each of them, as set forth above, and all of their officers, directors, agents and representatives, hereby submit to the jurisdiction of the Court for determination of all issues to be determined by the Court in the proceedings that follow this Stipulation.

    4.0  The Parties stipulate and agree that the Court shall schedule a status conference for the setting of necessary hearings and any trial on the matters to be determined in this proceeding which shall be a proceeding ancillary to the above referenced action. Prior to said status conference, the Parties will meet and confer concerning the issues of fact and law to be determined by the Court and the filing of any necessary pleadings in order to put at issue the matters before the Court.

    5.0  The Parties agree and stipulate that each shall be entitled to take discovery in accordance with the Federal Rules of Civil Procedure with regard to matters reasonably calculated to lead to the discovery of admissible evidence in the ancillary matter. Counsel have agreed that depositions of the PACNET Companies and their employees, agents and representatives shall be held in San Diego, California, at a location to be agreed upon between. Any deposition of Kremen or his agents or representatives shall be in San

Francisco. All such deponents shall be produced upon written notice. Such depositions include but are not limited to the deposition of Jack Brownfield, aka John "Jack" Hanna Brownfield, and as to Mr. Brownfield, counsel for PACNET Companies will use his best efforts to produce Mr. Brownfield in the Bay Area as noted without the necessity of a subpoena. In this connection Kremen contends that Mr. Brownfield is an employee, agent or representative of PACNET Companies. PACNET Companies dispute that Mr. Brownfield is an employee, agent or representative.

6.0  Stephen J. Usoz is designated as the attorney and agent for service of all papers to be served on any PACNET Company or any of its officers, directors, employees, agents or representatives.

7.0  The Stipulation is made without prejudice to any claim, defense, right or objection of the Parties hereto, all of which are preserved.

8.0  Upon the filing of this Stipulation, the Court may take off calendar any proceedings with respect to the Order to Show Cause and Temporary Restraining Order filed on October 15th, 2001 by PACNET MX.

9.0  This Stipulation shall be presented to the Court for filing and for approval by the Court and order thereon.

Dated: October 18, 2001          IDELL, BERMAN & SEITEL

                                 By: _____
                                     Richard J. Idell, Attorney
                                     for Gary Kremen

Dated: October 18, 2001          LAW OFFICE OF STEPHEN J. USOZ

```
                                    By: _____
                                    Stephen J. Oroz, Attorney
                                    for PACNET MX, PACNET S.A. de
                                    C.V. and PACNET Inc., a
                                    Nevada Corporation
```

### ORDER

The Stipulation of the Parties having been presented to the Court, and the Court having read and approved of the Stipulation, and good cause appearing, the Parties are ordered to comply with the terms of the Stipulation and the Clerk of the Court shall set a status conference for the scheduling of further proceedings in this matter.

Dated: October ___, 2001

_____
United States District Court
Judge, Honorable Judge James Ware

STIPULATION RE: STANDSTILL AGREEMENT AND SUBMISSION OF ISSUES FOR ANCILLARY DETERMINATION

6

DECLARATION OF SERVICE

I am employed in the County of San Francisco, State of California, my business address is c/o Idell, Berman & Seitel, 530 Bush Street, Suite 601, San Francisco, California 94108; I am over the age of 18 years and not a party to this action.

I caused the following document(s) to be served:

**STIPULATION RE: STANDSTILL AGREEMENT AND SUBMISSION OF ISSUES FOR ANCILLARY DETERMINATION**

on persons listed below by:

___   (BY HAND) Causing a true copy of the above, enclosed in a sealed envelope, to be personally delivered by a messenger on the date shown to the person(s) at the address(es) as follows:

_X_   (BY MAIL) Placing a true copy, enclosed in a sealed envelope for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

_X_   (BY FACSIMILE) I caused the said document(s) to be transmitted by facsimile machine to the number indicated after the address(s) noted below.

Date of Delivery/Deposit:    October 29, 2001

Addressed as follows:

Mr. Stephen Usoz
Law Offices of Stephen Usoz
333 West Santa Clara Street, Suite 260
San Jose, CA 95113
Fax: (408) 279-1998

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:   October 29, 2001                    _____
                                              Alice K. Wu

Page 1 of 1