1   PROPERTY, such submission, by ARIN's unfair terms, would serve as immediate

2   grounds for ARIN's instant denial and diminishment of the NETBLOCK PROPERTY

3   transfer.

4        58.    As another form of anticompetitive and wrongful behavior, ARIN's policy of

5   requiring the disclosure of Plaintiff's and other applicants' confidential and valuable trade

6   secret information to persons and entities with interests in direct competition, would

7   irreparably injure Plaintiff's interests and unjustly enriching those of ARIN's Board

8   Members.

9        59.    Lastly, this "policy" allows ARIN unlawfully to obtain detailed information

10  regarding ALL competitors to the economic interests controlling ARIN, in that all ISPs

11  must make such disclosures in order to obtain an IP allocation and compete in the

12  industry.

13       60.    On information and belief, it is the general "policy" of ARIN that all

14  applicants for registration and allocation of IP addresses and ASN numbers similarly

15  submit to and comply with ARIN's "justification" policy. ARIN provides no guidelines or

16  standards for such reviews, which are apparently within the complete discretion of

17  ARIN's President and Board, which are in turn subject to the controlling interest of the

18  common economic anticompetitive interests of those individuals and of ARIN's

19  constituent members who select them, as alleged above.

20       61.    For these reasons, Plaintiff refused to comply with ARIN's conditions.

21      **C.**    **Act of Conditioning KREMEN's (and Others') Registration of**

22        **Addresses Upon Acceptance of "Grab Back" Provisions that Render ARIN's**

23        **Performance Illusory.**

24       62.    Mr. Plzak further conditioned any transfer of NETBLOCK PROPERTY

25  under the NETBLOCK ORDER upon Plaintiff's agreement to be bound by a contractual

26  provision that would allow ARIN to rescind and cancel KREMEN's ownership of any or

27  all of the NETBLOCK PROPERTY, and his interests therein, at any time and for any

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

COMPLAINT

Dockets.Justia.com

1    reason within ARIN's sole and absolute discretion.  ARIN's policy in this regard, as

2    apparently reflected in the present version of its Service Agreement, states:

3        8. REVIEW OF APPLICANT'S NUMBERING RESOURCES. ARIN may review, at
         any time, Applicant's use of the previously allocated numbering resources or

4        other Services to determine if Applicant is complying with this Agreement, the
         Policies, and using the Services for their intended purposes. Without limiting the

5        foregoing, if Applicant is an Internet Service Provider, Applicant agrees that it will
         use the numbering resources solely for uses consistent with its application,

6        including, for example, its internal infrastructure or to provide Internet access to its
         customer base. If ARIN determines that the numbering resources or any other

7        Services are not being used in compliance with this Agreement, the Policies, or
         for purposes for which they are intended, ARIN may: (i) revoke the numbering

8        resources, (ii) cease providing the Services to Applicant, or (iii) terminate this
         Agreement.

9        63.    Not only would it be within ARIN's sole and unchecked authority to cancel

10   Plaintiff's ownership should his business operations not proceed in accordance with

11   ARIN's anticompetitive "intentions," but, as stated above, ARIN's bylaws entitle the

12   Board to create and amend its "policies" at any time for any reason and with no actual

13   notice to Plaintiff (or any other transferee).  The mandatory acceptance of such a

14   contract of adhesion that renders ARIN's performance illusory and allows ARIN to

15   maintain an anticompetitive *status quo*, is unlawful and abusive conduct.

16       64.    At the time this condition and requirement was presented to Plaintiff

17   KREMEN, ARIN indicated, through its President Ray Plzak, that any transfer pursuant to

18   the NETBLOCK ORDER could and would likely be subject to such a subsequent

19   rescission and cancellation.

20       65.    As with ARIN's condition of requiring a "justification" submission,

21   submitting to ARIN's contract of adhesion would be contrary to the directives and

22   purpose of the NETBLOCK ORDER as issued, and would deplete Plaintiff's award

23   thereunder.

24       66.    On information and belief, it is the general "policy" of ARIN that all

25   applicants for registration and allocation of IP addresses similarly agree to such a "grab

26   back" provision.  ARIN provides no guidelines or standards for promulgating such a

27   procedure, which is apparently within the complete discretion of ARIN's Board and

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

COMPLAINT

1    President, which are in turn subject to the controlling interest of the common economic

2    anticompetitive interests of those individuals and of ARIN's constituent members who

3    select them, as alleged above. This "policy" allows ARIN the unlawful anticompetitive

4    power to control directly the commercial operations and progression of ALL businesses

5    and persons in competition with the interests of the members of its Board, in that all

6    ISPs must submit to such terms to obtain an IP allocation and compete in the

7    marketplace.

8        67.    For these reasons, Plaintiff refused to comply with ARIN's "grab back"

9    condition.

10    **D. Act of Conditioning KREMEN's (and Others') Registration of Addresses**

11    **upon Submission, for Public Disclosure, of Private and Confidential**

12    **Information.**

13        68.    ARIN also conditioned any transfer of the NETBLOCK PROPERTY to

14    KREMEN upon KREMEN's providing, and ARIN's public disclosure of, KREMEN's

15    confidential and private information associated with the proposed use of the

16    registrations. Such submission and disclosure would make public, at a minimum, such

17    personal details as Plaintiff's home addresses.

18        69.    Submission and subsequent public disclosure of such information

19    demanded by ARIN as a condition of transfer are in excess of the simple requirements

20    contained in the NETBLOCK ORDER, and publication of such information would cause

21    injury to Plaintiff's private and commercial rights and interests.

22        70.    On information and belief, it is the general "policy" of ARIN that all

23    applicants for registration and allocation of IP addresses similarly agree to such an

24    information collection and publication procedure. ARIN provides no guidelines or

25    standards for promulgating such a procedure, which is apparently within the complete

26    discretion of ARIN's Board and managing officers, which are in turn subject to the

27    controlling interest of the common economic anticompetitive interests of those

28    individuals and of ARIN's constituent members who select them as alleged above.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

COMPLAINT

71.    On these grounds, Plaintiff KREMEN refused to comply with such terms.

**E. ARIN's Policies Favor Large "Backbone" Internet Providers and Other Large Organizations Over Smaller Competitors**

72.    The aforementioned anticompetitive policies and wrongful actions all favor and benefit large Internet "backbone" providers and other large established organizations.  Large blocks of IP addresses have significant value due to higher routability and due to the increases business opportunities associated with large netblocks, as detailed *supra* at ¶ 26, and ARIN's policies favoring large providers makes it difficult for smaller providers to reap the benefits of large netblocks.

**V. INJURY TO PLAINTIFF**

73.    ARIN's refusal beginning in November 2001 to transfer the NETBLOCK PROPERTY from COHEN to Plaintiff KREMEN pursuant to the NETBLOCK ORDER has, since that time, deprived Plaintiff KREMEN of the possession, control, use and benefit of that property, to which Plaintiff was and is legally entitled.  By simultaneous effect of ARIN's acts, COHEN, now incarcerated for contempt regarding his fraudulent and criminal acts directed at KREMEN, and COHEN's various alter egos, have remained in possession and control of the NETBLOCK PROPERTY, and have continually benefited from that wrongful possession and use.  Additionally, the benefits of ownership after the NETBLOCK ORDER that COHEN continued to receive were applied by COHEN to the further purposeful detriment of Plaintiff KREMEN.

74.    The injuries flowing from ARIN's acts can be categorized and described as follows:

**A. Wrongfully Depriving Plaintiff of Benefit of Use and Control of NETBLOCK PROPERTY.**

**i. Forgone existing revenue**

75.    At the time of and since ARIN's initial refusal to transfer the NETBLOCK PROPERTY as ordered, the NETBLOCK PROPERTY has been associated with downstream ISP customers and contractual resellers which generate a considerable

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.Kronenberger-Law.com

COMPLAINT

1   amount of income for COHEN and COHEN's alter egos. Plaintiff KREMEN has been

2   denied the receipt and benefit of such revenue, and shall continue to be so until the

3   transfer of the NETBLOCK PROPERTY as ordered.

4       **ii. Forgone potential revenue**

5       76.    Furthermore, Plaintiff has been denied the opportunity to make any

6   additional or alternative commercial use of the NETBLOCK PROPERTY.[13] As described

7   *supra*, Plaintiff KREMEN is in the Internet advertising and traffic brokering business. For

8   more than five years, ARIN's acts have deprived and continue to deprive Plaintiff

9   KREMEN of the opportunity to apply the NETBLOCK PROPERTY towards that

10  commercial purpose, and of the revenues derived therefrom. Such potential

11  opportunities and revenues are in no way speculative, as they are the foreseeable

12  results of the natural extension and expansion of Plaintiff's current success business.

13      **B. Wrongful and Knowing Enrichment of COHEN and His Interests Directly**

14      **Adverse to KREMEN, by maintaining COHEN's Registration of the NETBLOCK**

15      **PROPERTY, to Direct and Known Detriment of KREMEN.**

16      77.    Since being noticed of and refusing to comply with the NETBLOCK

17  ORDER, ARIN has knowingly enabled COHEN to retain ownership and possession of

18  the NETBLOCK PROPERTY, despite ARIN's actual notice of COHEN's illegal conduct,

19  wrongful use and possession of the NETBLOCK PROPERTY, and the other outstanding

20  judgments and orders against COHEN in Plaintiff's favor.

21      78.    As a result, ARIN has knowingly allowed and enabled COHEN and his

22  alter egos to continue to derive benefit from the NETBLOCK PROPERTY for over five

23  years, knowing such property to be used by COHEN to resist and evade Plaintiff

24  KREMEN's attempts to enforce this Court's judgments and bring COHEN to justice. The

25  income and other benefits derived from COHEN's retrained control have been

26  continually used to fund COHEN's flight, living as a fugitive, retention of domestic and

---

27  [13] This would include applications involving addresses in the NETBLOCK PROPERTY
28  not presently in use, as well as the reallocation of currently assigned addresses to other
    purposes.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.Kronenberger.Law.com

COMPLAINT

1   foreign counsel and investigators to avoid service of process and warrants, and as

2   leverage against the NETBLOCK PROPERTY's downstream resellers and users to force

3   and encourage them to resist Plaintiff KREMEN's attempts to obtain and transfer control

4   of those interests pursuant to the judgments entered in his favor.

5       79.    Not only has this knowing enablement and funding of COHEN's wrongful

6   evasion of justice extended and exacerbated the denial of Plaintiff's various rights

7   awarded, but it has forced Plaintiff KREMEN to incur substantial legal and other costs

8   and fees in his effort to counter this wrongful advantage to COHEN that he otherwise

9   would not have been forced to incur.

**C. Substantially Interfering with Plaintiff's Constructive Trust on Assets**

**Utilizing NETBLOCK PROPERTY.**

12      80.    The order directing transfer of the NETBLOCK PROPERTY to Plaintiff

13  KREMEN was issued pursuant to the April 2001 judgment for KREMEN imposing a

14  constructive trust on the assets of COHEN, his alter egos, affiliates and successors.[14]

15  This included, amongst other interests, ISP operations located in Mexico.  Prior to the

16  2001 judgment against him, COHEN had established these alter ego operations

17  specifically to exploit the value of the NETBLOCK PROPERTY, deriving revenues by

18  using them for the contractual resale of Internet services and Internet access to

19  businesses and end users.

20      81.    While these operations were subject to the constructive trust established

21  by Plaintiff KREMEN's April 2001 judgment, by nature of their operation, the only direct

22  control and effect that could be had over these operations was by controlling the

23  registrations of the NETBLOCK PROPERTY upon which those operations were based.

24  As long as KREMEN does not hold the registrations, and as long as they remain

25  registered to COHEN and his alter egos, KREMEN was and remains unable to take

26  control of or in any way affect those operations and their utilization of the NETBLOCK

27  PROPERTY to which Plaintiff is legally entitled.  KREMEN is not only prevented from

28  [14] NETBLOCK ORDER, p. 2.

24

COMPLAINT

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.Kronenbergerlaw.com

1    terminating and reallocating those NETBLOCK PROPERTY assignments, but has been

2    and is forced to negotiate and capitulate to those alter egos of COHEN which have been

3    to this day able to continue their operations.

4        82.    Apart from being forced to do business with COHEN's fraudulent cohorts,

5    Plaintiff's adverse impositions include his inability to terminate service agreements,

6    contractual terms of resale far below a fair market value, and having to forgo nearly all of

7    the rights and privileges normally enjoyed by the actual possession of, rather than an

8    unrecognized claim to, the NETBLOCK PROPERTY. In this way, ARIN's refusal to

9    change and knowingly maintaining COHEN's registrations to the NETBLOCK

10   PROPERTY cause Plaintiff KREMEN to incur damages in the form of lost revenue

11   opportunity, onerous and unfair contractual obligations, and the forced deference to

12   COHEN's agents and interests.

13   **D. Devaluation of the NETBLOCK PROPERTY and its Market**

14       83.    As has been stated, since the time of ARIN's initial refusal to transfer

15   control of KREMEN's NETBLOCK PROPERTY in 2001, COHEN and his various alter

16   egos and successors in interest have retained their control and use of the NETBLOCK

17   PROPERTY. This use has included, amongst others, COHEN's leasing of the

18   addresses of NETBLOCK PROPERTY to downstream ISPs and end users, and their

19   use in connection with online marketing and advertising of COHEN's unlawful online

20   interests. As a direct result, the NETBLOCK PROPERTY has during that time been

21   devalued by the disreputable association with COHEN's illicit activity. Additionally, the

22   addresses of the NETBLOCK PROPERTY during that time were flagged as a source of

23   "SPAM" or unsolicited or unlawful advertising and traffic by such industry organizations

24   such as Spamhaus, damaging the value of the NETBLOCK PROPERTY for any

25   subsequent use in online marketing and advertising.

26

27

28

25

COMPLAINT

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Agreement in Restraint of Trade Under Section 1 of the Sherman Act (15 U.S.C. §1)**

84.    Plaintiff repeats and incorporates by reference the allegations set forth above as if fully set forth herein.

85.    For the purposes of this claim, the relevant product market is the market for IP addresses. The relevant geographic scope of this market is the list of countries detailed in paragraph 9, *supra*.

86.    ARIN, its individual officers and directors, and its constituent members have agreed together and with ARIN's supporting organizations to restrain trade and competition in each of the relevant markets in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, with the intent to harm and restrict competition.

87.    This agreement and its anticompetitive effects have harmed, and unless enjoined, will continue to harm the efficient allocation of Internet addresses as a resource, and diminish the quality of and raise the price of such resources above competitive levels, in restraint of trade in interstate commerce.

88.    The specific wrongful acts of ARIN have not been expressly or impliedly authorized or directed by the Department of Commerce or any other agency of the United States Government, nor have these specific acts been the subject of active supervision by any agency of the United States Government.

89.    The agreements alleged have no legitimate efficiency benefits to counterbalance the demonstrated anticompetitive effects.

90.    The agreements of ARIN and its membership in restraint of trade in the relevant markets has had, and unless enjoined will continue to have, the effect of harming the competitive process in interstate commerce.

91.    By reason of these agreements and their anticompetitive effects, ARIN has caused, and unless enjoined will continue to cause, injury to the business and property

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.Kronenberger-Law.com

COMPLAINT

1 of Plaintiff KREMEN and to the businesses of a multitude of small competitors to ARIN's

2 membership.

3          92.    Plaintiff is without adequate remedy at law.

4                          SECOND CLAIM FOR RELIEF

5 Conspiracy to Restrain Trade Under Section 1 of the Sherman Act (15 U.S.C. § 1)

6          93.    Plaintiff repeats and incorporates by reference the allegations set forth

7 above as if fully set forth herein.

8          94.    For the purposes of this claim, the relevant product market is the market

9 for Internet Protocol addresses.  The relevant geographic scope of this market is the list

10 countries detailed in paragraph 9, *supra*.

11         95.    ARIN, its individual officers and directors, and its constituent members

12 have conspired together and with ARIN's supporting organizations to restrain trade and

13 competition in each of these relevant markets in violation of Section 1 of the Sherman

14 Act, 15 U.S.C. § 1, with the intent to harm and restrict competition.

15         96.    This conspiracy and its anticompetitive effects have harmed and unless

16 enjoined will continue to harm the efficient allocation of IP addresses as a resource, and

17 diminish the quality of and raise the price of such resources above competitive levels.

18         97.    The specific wrongful acts of ARIN have not been expressly or impliedly

19 authorized or directed by the Department of Commerce or any other agency of the

20 United States Government, nor have these specific acts been the subject of active

21 supervision by any agency of the United States Government.

22         98.    The conspiracy of ARIN and its membership to restrain trade in the

23 relevant markets has had, and unless enjoined will continue to have, the effect of

24 harming the competitive process in interstate commerce.

25         99.    By reason of this conspiracy and its anticompetitive effects, ARIN has

26 caused, and unless enjoined will continue to cause, injury to the business and property

27 of Plaintiff KREMEN and to the businesses of a multitude of small competitors to ARIN's

28 membership.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.kronenbergerlaw.com

                                        27

                                                        COMPLAINT

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

100.   Plaintiff is without adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Monopoly in Violation of Section 2 of the Sherman Act, 15 U.S.C. §2

101.   Plaintiff incorporates by reference all of the allegations of this Complaint as though fully set forth herein.

102.   For the purposes of this claim, the relevant product market is the market for IP addresses.  The relevant geographic scope of this market is the list countries detailed in paragraph 9, *supra*.

103.   By way of its agreements with its supporting organizations, with and amongst its own members, directors and officers, and by its own policies and operations in statement and in practice, ARIN has willfully, unlawfully and permanently obtained an exclusive monopoly in the market of IP addresses though the acts set forth above, in the market indicated, in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

104.   By way of its agreements with ICANN, ICANN's constituent members, and amongst its own members, and by its own policies and operations, ARIN is permitted to exploit its monopoly power to control and restrict the allocation, assignment, use, and retention of IP addresses, including of those in direct competition with the shared economic interests of the controlling contingent of the ARIN Board of Directors and its constituent members.

105.   ARIN intends by its actions to:

    a.  control the allocation and use of IP addresses;

    b.  eliminate, reduce, limit and foreclose actual and potential competition with the shared economic interests of the controlling majority of ARIN's Board and of its constituent members;

    c.  exclude and foreclose other persons in competition with ARIN's Board and constituent members from participating in or entering said market;

    d.  injure and eliminate competition in said market; and

COMPLAINT

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

e.  leverage its monopoly power into control over Internet service

provisioning.

106.    By way of these acts, ARIN exploits its monopoly power to control the market for IP addresses, and the entry and maintenance of businesses in that market, with the intent to and effect of harming trade in interstate commerce.

107.    By way of such acts and their anticompetitive effects, ARIN has caused, and unless enjoined will continue to cause, injury to the business and property of Plaintiff KREMEN and to the businesses of a multitude of small competitors to ARIN's membership.

108.    Plaintiff is entitled to a preliminary and permanent injunction restraining ARIN from continuing to violate Section 2 of the Sherman Act, 15 U.S.C. §2 as alleged above.

109.    Plaintiff is without adequate remedy at law.

### FOURTH CLAIM FOR RELIEF

**Attempted Monopoly in Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2**

110.    Plaintiff incorporates by reference all of the allegations of this Complaint as though fully set forth herein.

111.    Defendant ARIN has attempted the acts alleged in paragraphs 100 through 108 above in the Third Claim for Relief, with the intent to bring about the effects described therein.

112.    By way of such acts and their anticompetitive effects, ARIN has caused, and unless enjoined will continue to cause, injury to the business and property of Plaintiff KREMEN and to the businesses of a multitude of small competitors to ARIN's membership.

113.    Plaintiff is entitled to a preliminary and permanent injunction restraining ARIN from continuing to violate Section 2 of the Sherman Act, 15 U.S.C. § 2 as alleged above.

114.    Plaintiff is without adequate remedy at law.

COMPLAINT

### FIFTH CLAIM FOR RELIEF

Conspiracy and Acts in Restraint of Trade Under the Cartwright Act,

Cal. Bus. & Prof. Code §§ 16700 et seq.

115.  Plaintiff repeats and incorporates by reference the allegations set forth above as if fully set forth herein.

116.  For the purposes of this claim, the relevant product market is the market for IP addresses.  The relevant geographic scope of this market is the list countries detailed in paragraph 9, *supra*.

117.  ARIN, its individual officers and directors, and its constituent members have acted and conspired together and with ARIN's supporting organizations to restrain trade and competition in each of the relevant markets in violation of the Cartwright Act, California Business & Professions Code §§ 16700 et. seq.

118.  The conspiracy of ARIN and its membership to restrain trade in the relevant markets has had, and unless enjoined will continue to have, the effect of harming the competitive process in California.

119.  If not enjoined, ARIN's restraint on trade will continue, with the result that the members of ARIN holding large NETBLOCKS will continue to maintain advantages in the marketplace, at the expense of a multitude of small competitors in California.

120.  Defendants' conspiracy to restrain trade in the relevant markets has had, and unless enjoined will continue to have, the effect of harming the competitive process in California.

121.  The conspiracy of ARIN has caused, and unless enjoined will continue to cause, injury to the business and property of Plaintiff KREMEN and to the businesses of a multitude of small competitors of ARIN's membership in California.

### SIXTH CLAIM FOR RELIEF

Conversion

122.  Plaintiff repeats and incorporates by reference the allegations set forth above as if fully set forth herein.

COMPLAINT

30

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

123. Defendant ARIN's acts as alleged above constitute conversion, in that::

124. Plaintiff is, and at all times relevant herein was, the owner of or entitled to immediately possess the NETBLOCK PROPERTY;

125. Culminating in its final refusal in 2005 to comply with the Court's April 2001 NETBLOCK ORDER, Defendant ARIN has deprived or denied Plaintiff of his right to possession and use of the NETBLOCK PROPERTY, through, but not limited to, refusing to transfer such property to Plaintiff in accordance with the order of federal Court, by consenting to such transfer only upon Plaintiff's acceptance of restrictive, invasive, and other conditions that would negate Plaintiff's property interests in such NETBLOCK PROPERTY, and by depriving Plaintiff of the benefits and incomes that flow from the possession and use of such NETBLOCKS and their related rights and resources.

126. Defendant knew of Plaintiff's ownership interest in the NETBLOCK PROPERTY at the time they received notice of the NETBLOCK ORDER in 2001, and by allowing COHEN to maintain control of the NETBLOCK PROPERTY after the NETBLOCK ORDER, ARIN allowed COHEN to profit unlawfully from the NETBLOCK PROPERTY and to apply the benefits of ownership of the NETBLOCK PROPERTY to the purposeful detriment of KREMEN, and led to the unjust enrichment of Defendant to the detriment of the Plaintiff.

127. As a direct and proximate result of Defendant's acts, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm.

128. Plaintiff is entitled to a constructive trust or equitable lien on the converted property, and to a tracing thereof.

129. Plaintiff is entitled to the specific recovery of the converted property, or the value thereof.

130. Defendant has engaged in conduct of an intentional, oppressive, fraudulent, and malicious nature, thereby entitling Plaintiffs to an award of punitive damages.

131. Plaintiff has no adequate remedy at law.

COMPLAINT

31

## SEVENTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty

132. Plaintiff repeats and incorporates by reference the allegations set forth above as if fully set forth herein.

133. Defendant's actions as described above are a breach of its fiduciary duties to Plaintiff, in that:

134. Defendant ARIN owed a fiduciary duty of care and loyalty and fair dealing to Plaintiff and others similarly situated, by way of ARIN's contract with ICANN which charged Defendant ARIN with the obligation of the rightful and fair allocation of resources entrusted to it pursuant to that contract, for the benefit of Plaintiff and others;

135. Defendant ARIN breached this fiduciary duty when it refused to transfer the NETBLOCK PROPERTY to Plaintiff, as required by a federal court order, in contradiction to ARIN's charged duty, pursuant to the benefit of the shared economic interests of those competitors of Plaintiff in control of the ARIN Board and within ARIN's membership.

136. Defendant ARIN further breached its fiduciary duty in its conversion of Plaintiff's property entrusted to it as alleged in paragraphs 121 through 131 above.

137. As a proximate result of the foregoing acts of Defendant, Plaintiff has suffered and will continue to suffer damages, and Defendant is liable to Plaintiff in an amount to be proven at trial.

138. Defendant has engaged in conduct of an intentional, oppressive, fraudulent, and malicious nature, thereby entitling Plaintiff to an award of punitive damages. This includes but is not limited to ARIN's ignoring of a standing court order.

139. Plaintiff has no adequate remedy at law.

140. ARIN's breaches of its fiduciary duty included the misappropriation of property that belongs to Plaintiff. Accordingly, the Court should impose a constructive trust to return said property and all of the proceeds thereof to Plaintiff and order ARIN to make an accounting for all such things and amounts.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

COMPLAINT

# EIGHTH CLAIM FOR RELIEF

## Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200 et seq.

141.    Plaintiff repeats and incorporates by reference the allegations set forth above as if fully set forth herein.

142.    By the acts described above, Defendant has engaged in unlawful and enjoinable unfair business practices, with the direct and proximate result of causing past and continuing injury to Plaintiff.

143.    Defendant's acts of unfair competition are in violation of California Business and Professions Code §§ 17200, 17203 et seq., in that, as a non-exhaustive list of examples, Defendant's acts as described above constitute:

a.    An agreement in restraint of trade under Section 1 of the Sherman Act, as alleged in the First Claim for Relief at paragraphs 83 through 91;

b.    Conspiracy to restrain trade under Section 1 of the Sherman Act, as alleged in the Second Claim for Relief at paragraphs 92 through 99;

c.    Monopoly in violation of Section 2 of the Sherman Act, as alleged in the Third Claim for Relief at paragraphs 100 through 108;

d.    Attempted monopoly in violation of Section 2 of the Sherman Act, as alleged in the Fourth Claim for Relief at paragraphs 109 through 113;

e.    Conspiracy and acts in restraint of trade under the Cartwright Act, as alleged in the Fifth Claim for Relief at paragraphs 114 through 120;

f.    Wrongful conversion of the NETBLOCK PROPERTY as alleged in the Sixth Claim for Relief at paragraphs 121 through 131;

g.    Breach of fiduciary duty as alleged in the Seventh Claim for Relief at paragraphs 132 through 140;

144.    Defendant has engaged in conduct of an oppressive, fraudulent, vexatious, and malicious nature, thereby entitling Plaintiff to an award of punitive damages.

145.    As a direct result of the foregoing acts and practices, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm.

COMPLAINT

33

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

1    146.    Pursuant to California Business and Professions Code § 17203, Plaintiff is

2    accordingly entitled to equitable relief in the form of restitution of all benefits acquired by

3    Defendant from Plaintiff as a result of Defendant's unlawful, unfair business practices.

4    147.    Unless restrained and enjoined, Defendant will continue the above-

5    described acts, all to Plaintiff's irreparable injury.  It would be difficult to ascertain the

6    amount of compensation which could afford Plaintiff adequate relief for such continuing

7    acts, and a multiplicity of judicial proceedings would be required. Plaintiff therefore has

8    no adequate remedy at law.

9    ///

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

34

COMPLAINT

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor on each and every claim set forth above, and further prays an award to Plaintiff of:

1.    For a declaration that the ARIN Service Agreement is unlawful and in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2; the Cartwright Act, California Business & Professions Code sections 16720 et seq.; and the California Unfair Competition Act, California Business & Professions Code sections 17200 et seq;

2.    That the Court adjudge and decree that ARIN has monopolized the interstate trade and commerce in the relevant markets in violation of Section 2 of the Sherman Act, 15 U.S.C. §2;

3.    That the Court adjudge and decree that ARIN has attempted to monopolize the interstate trade and commerce in the relevant markets in violation of Section 2 of the Sherman Act, 15 U.S.C. §2;

4.    That the Court adjudge and decree that ARIN has combined and conspired to restrain the interstate trade and commerce in the relevant markets in violation of Section 1 of the Sherman Act, 15 U.S.C. §1;

5.    That the Court adjudge and decree that ARIN has combined and conspired to restrain trade, and to have formed a trust, in violation of the Cartwright Act, California Business & Professions Code §§ 16720 et seq.;

6.    That the Court adjudge and decree that ARIN has engaged in unfair, unlawful, and fraudulent conduct in violation of the California Unfair Competition Act, California Business & Professions Code §§ 17200 et seq.;

7.    That ARIN be ordered to enable and facilitate the entry and operation of competing participants in the market of IP Address and related resource allocation and maintenance in its registry;

8.    That Defendant and all persons, firms, and corporations acting on their behalf and under their direction or control be permanently enjoined from engaging in, carrying out, renewing or attempting to engage, carry out, or renew, any contracts,

COMPLAINT

1    agreements, practices, or understandings in violation of the Sherman Act, the Lanham

2    Act, the Cartwright Act, or the Unfair Competition Act, including:

3        a.  That ARIN be prohibited from collecting and disclosing such details regarding

4            allocation applicants as it currently requires;

5        b.  That ARIN be prohibited from collecting and publishing the personal and

6            confidential business contact information it currently collects from allocation

7            applicants;

8        c.  That ARIN be prohibited from any act or agreement that would limit the

9            alienability, transfer, or full possession and disposition of any IP Address or IP

10           Address space allocation;

11       9.    An order that each and every current and prospective board member and

12   committee member and officer of ARIN be required to submit and make publicly

13   available detailed reports disclosing all past and existing financial and professional

14   interests and affiliations;

15       10.   That KREMEN and other third parties who shall have been or might be

16   injured in their business or property as a result of any violation by ARIN of any of the

17   claims asserted herein under Federal or State antitrust or unfair competition laws be

18   specifically authorized to enforce the provisions of any order thereon in this Court;

19       11.   That ARIN be ordered and required to comply with the precise terms of this

20   Court's April 7, 2001 NETBLOCK ORDER, transferring the NETBLOCK PROPERTY to

21   Plaintiff KREMEN exactly as directed therein, and that such transfer of registrations to

22   KREMEN not be subject to or conditioned upon KREMEN's submission of any report,

23   disclosure, plan statement, business projections, or upon KREMEN's agreement to be

24   bound by any terms of ARIN that would allow ARIN to diminish or terminate such

25   registrations or allocations in any way;

26       12.   Compensatory damages in an amount according to proof, but not less than

27   $15 million;

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.Kronenberger-Law.com

COMPLAINT

1      13.    Punitive and exemplary damages in an amount to be determined, but in no

2  case less than treble Plaintiff's damages or $45 million, whichever is greater;

3      14.    That Plaintiff have such other relief as the Court may consider necessary

4  or appropriate to restore competitive conditions in the markets affected by defendants'

5  unlawful conduct; and

6      15.    That plaintiff recover the costs of this action;

7      16.    That Plaintiff be awarded reasonable attorneys fees;

8      17.    That Plaintiff be awarded prejudgment interest; and

9      18.    Such other further relief to which Plaintiff may be entitled as a matter of law

10  or equity, or which the Court determines to be just and proper.

11

12  DATED: April 12, 2006.

13                 KRONENBERGER HANLEY, LLP

14

15            By: _____

16                 Terri R. Hanley

                 Karl S. Kronenberger

17                 Attorneys for Plaintiff Gary Kremen

18               DEMAND FOR JURY TRIAL

19  Plaintiff KREMEN hereby demands a trial of this action by jury.

20

21  DATED: April 12, 2006.

22

23                 KRONENBERGER HANLEY, LLP

24            By: _____

25                 Terri R. Hanley

                 Karl S. Kronenberger

26                 Attorneys for Plaintiff Gary Kremen

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

                                                   COMPLAINT

EXHIBIT 1

1 | JAMES M. WAGSTAFFE, ESQ. #95535
PAMELA URUETA, ESQ., #184579
2 | KERR & WAGSTAFFE LLP
100 Spear Street, Suite 1800
3 | San Francisco, CA 94105
Telephone: (415) 371-8500
4 | Facsimile: (415) 371-0500

5 | RICHARD J. IDELL, ESQ., #069033
JENNIFER A. MARONE, ESQ., #208858
6 | IDELL, BERMAN & SEITEL
530 Bush Street, Suite 601
7 | San Francisco, CA 94108
Telephone: (415) 986-2400
8 | Facsimile: (415) 392-9259

9 | Attorneys for Plaintiff
GARY KREMEN
10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                         SAN JOSE DIVISION

14

15 | GARY KREMEN                    ) Case No.:  C 98 20718 JW PVT
                                    )
16 |        Plaintiff,              ) ORDER RE: REGISTRATION OF IP
                                    ) NUMBERS (NETBLOCKS) IN THE NAME
17 |    vs.                         ) OF JUDGMENT CREDITOR
                                    )
18 | STEPHEN MICHAEL COHEN, et al.; ) Date: September 17, 2001
                                    )
19 |        Defendants.             ) Time: 3:00 p.m.
                                    )
20                                  ) Place: Courtroom 8
                                    )        Honorable Judge James Ware
21 |_____)

22

23

24          Pursuant to the Application of Plaintiff, Gary Kremen, and as

25 | based on the record before this Court, and good cause shown,

ORDER RE: REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE NAME OF JUDGMENT CREDITOR -
1

ORIGINAL COPY

1      IT IS HEREBY ORDERED that the IP Numbers identified as Exhibit

2  "A" to the Declaration of Gary Kremen on file herein be registered in

3  the name of Plaintiff Gary Kremen.  In furtherance of this Order,

4  AMERICAN REGISTRY OF INTERNET NUMBERS ("ARIN") is ORDERED to register

5  IP Numbers on the list to Gary Kremen forthwith.  Specifically ARIN

6  is ordered to change the registration record of each of these IP

7  Numbers (netblocks) as follows:  all fields (registrant,

8  administration contact, etc.) shall be in the name of Gary Kremen,

9  listing his address as 2542 Third Street, San Francisco, CA 94107,

10  telephone number as (415) 217-5121; facsimile number as (415) 285-

11  7111; and E-mail as Gary@sex.com.

12  Dated: _September 12, 2001_         _James Ware_

13                                     Honorable Judge James Ware

14

15

16

17

18

19

20

21

22

23

24

25

ORDER RE: REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE NAME OF JUDGMENT CREDITOR -
2

```
 1  JAMES M. WAGSTAFFE, ESQ. #95535
    PAMELA URUETA, ESQ., #184579
 2  KERR & WAGSTAFFE LLP
    100 Spear Street, Suite 1800
 3  San Francisco, CA 94105
    Telephone: (415) 371-8500
 4  Facsimile: (415) 371-0500

 5  RICHARD J. IDELL, ESQ., #069033
    JENNIFER A. MARONE, ESQ., #208858
 6  IDELL, BERMAN & SEITEL
    530 Bush Street, Suite 601
 7  San Francisco, CA 94108
    Telephone: (415) 986-2400
 8  Facsimile: (415) 392-9259

 9  Attorneys for Plaintiff
    GARY KREMEN
10
```

ORIGINAL
FILED

SEP 18 2001

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

```
GARY KREMEN,                    )  Case No.:  C 98 20718 JW PVT
                                )
            Plaintiff,          )  EX PARTE APPLICATION FOR ORDER
                                )  REQUIRING REGISTRATION OF IP
      vs.                       )  NUMBERS (NETBLOCKS) IN THE NAME
                                )  OF JUDGMENT CREDITOR
STEPHEN MICHAEL COHEN, et al.,  )
                                )
            Defendants.         )  Date: September 17, 2001
                                )
                                )  Time: 3:00 p.m.
                                )
                                )  Place: Courtroom 8
                                )         Honorable Judge James Ware
```

COMES NOW, Gary Kremen, and files this _ex parte_ application for

Order requiring registration of IP Numbers (netblocks) in the name of

Gary Kremen which are now registered in the name of the judgment



1   debtors, Stephen Michael Cohen and his companies, their alter egos or

2   affiliates.

3       Attached to the Declaration of Gary Kremen as Exhibit "A" is a

4   list of IP Numbers (netblocks) under which Stephen Michael Cohen, his

5   companies, their alter egos or affiliates are doing business or have

6   been doing business.

7       As the Court is well aware, Gary Kremen obtained a judgment for

8   Sixty-Five Million Dollars ($65,000,000.00) and a judgment imposing a

9   constructive trust on assets of the judgment debtors.

10       By this ex parte motion, Gary Kremen seeks an order requiring

11   registration of these IP Numbers (netblocks) in the name of Mr.

12   Kremen. The registrant for these IP Numbers (netblocks) is the

13   American Registry of Internet Numbers ("ARIN").

14     This ex parte motion is based upon this Notice of Motion, the

15   Declaration of James M. Wagstaffe, the Declaration of Gary Kremen and

16   the exhibit thereto and such other and further matters as may come

17   before the Court on the hearing of this matter.

18

19   Dated: 9/7/01           KERR & WAGSTAFFE LLP

20

21

22              By: _____

23                   James Wagstaffe, Esq.
                     Attorneys for Plaintiff
                     GARY KREMEN

24

25

1  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION
   FOR ORDER REQUIRING REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE
2                     NAME OF JUDGMENT CREDITOR

3       The Court may make such orders as are necessary and appropriate

4  in order to aid in the execution of its judgments.

5       Fed. Rule of Civ. Proc. Rule 69(a), 28 U.S.C.A.; Cal. Rule of

   Court Rule 303(a)(2).
6

7  DECLARATION OF JAMES M. WAGSTAFFE IN SUPPORT OF EX PARTE APPLICATION
   FOR ORDER REQUIRING REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE
8                     NAME OF JUDGMENT CREDITOR

9       I, James M. Wagstaffe, do state as follows:

10      1.   I am an attorney at law, licensed to practice before all

11 the courts of the state of California.  I am a partner of the firm

12 Kerr & Wagstaffe.   That firm represents Gary Kremen in the above

13 action.  All of the matters stated herein are of my own personal

   knowledge and if sworn in as a witness I could testify competently to
14
   the matters stated herein.
15
        2.   I am familiar with all the records and files in this
16
   action.
17
        3.   Attached as Exhibit "A" to the Declaration of Gary Kremen
18
   is a copy of certain IP Numbers (netblocks) that are currently
19
   registered to Stephen Michael Cohen, his companies, their alter egos
20
   or affiliates. These Internet IP Numbers (netblocks) are registered
21
   with American Registry of Internet Numbers ("ARIN").
22
        4.   Pursuant to the Court's judgment of April 3, 2001,
23
   Plaintiff, Gary Kremen, is entitled to the imposition of constructive
24
   trust on all assets of Stephen Michael Cohen and his companies.
25
        5.   It is respectfully submitted that the Court enter an order

1  requiring ARIN to register these IP Numbers (netblocks) listed on the

2  said Exhibit "A" to Gary Kremen.  As shown by the Declaration of Gary

3  Kremen, investigation and search has shown that these IP Numbers are

4  currently in use by Cohen, his companies, their alter egos or
   affiliates.

5

6      I declare under penalty of perjury under the laws of the State

7  of California that the foregoing is true and correct and that this

   declaration is executed on this __17th__ day of _Sept_, 2001 at San
8
   Francisco, California.
9

10  Dated: 9/17/01                          _James W Wagstaffe_
                                            James M. Wagstaffe
11

12  DECLARATION OF GARY KREMEN IN SUPPORT OF EX PARTE APPLICATION FOR
    ORDER REQUIRING REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE NAME OF
13                          JUDGMENT CREDITOR

14      I, GARY KREMEN, do state as follows under penalty of perjury:

15      1.   I am the Plaintiff in the above action.  All of the matters

16  set forth in this declaration are of my own personal knowledge and if

17  sworn as a witness I can testify competently as to the matters stated

18  herein.

19      2.   IP Numbers are the actual numeric addresses linked to

20  domain names.  IP stands for internet protocol.  American Registry of

21  Internet Numbers ("ARIN") is a non-profit organization that allocates

22  IP Numbers to users.  Netnames are an English language phrase that

23  corresponds to a range of IP Numbers.  This is done because it is

24  easier to use an English pneumonic than a range of numbers.

25

1   Netblocks are the actual blocks of numbers. Autonomous System

2   Numbers are numbers used by computer routers to optimize the flow of

3   IP traffic. ARIN assigns such numbers as relates to computer

4   networks under common control. Sand Man, a Cohen company, is one of

5   the supporters of ARIN who make voluntary donations to ARIN.

6       2.   I have reviewed Internet listings of net blocks and

7   autonomous system addresses currently in use by Steven Michael Cohen

8   and/or his companies, their alter egos or affiliates ("Cohen

9   Parties") and I have determined that the netblocks and autonomous

10  system names and numbers listed on Exhibit "A" attached hereto are

11  currently in use by Cohen Parties. I made this determination by

12  analyzing prior Internet addresses, as to which this Court made a

13  prior order, to determine which IP Numbers (netblocks) and autonomous

14  system addresses were utilized for those addresses. I compared the

15  addresses for the registration of the netblocks and autonomous system

16  numbers and determined in all cases that all were registered to

17  Cohen's address of P.O Box 433168, San Diego, California 92143 and

18  registered by Cohen himself, his companies, Cohen alter egos or

19  affiliates.

20      I declare under penalty of perjury that the foregoing is true

21  and correct and that this declaration was executed on the 17th day of

22  September, 2001, at San Francisco, California.

23  Dated: _9/17/2001_                    _____

24                                         Gary Kremen

25

Exhibit "A"

Net Blocks:

Netname: PACNET-MX1
Netblock: 209.205.192.0 – 209.205.239.255
Maintainer: PCNT

    Paenet, S.A. de C.V. (NETBLK-PACNET-MX1)
    P.O. Box 433168
    San Diego, CA 92143
    US

Coordinator:

    Pacnet, S.A. de C.V. (SCP1-ARIN) ip@pacnet.com.mx
    52 66 33 90 71

    Including but not limited to: NS1.PACNET.COM.MX 209.205.195.50 and
    NS2.PACNET.COM.MX 209.205.195.70

Netname: UU-208-214-46
Netblock: 208.214.46.0 – 208.214.47.255
Maintainer: SAND

    Sand Man International
    San Diego, CA 92101
    US

Coordinator:

    Cohen, Stephen Michael (SMC43-ARIN) steve@SEX.COM
    0115266 343480 (FAX) 0115266 343480

Netname: PACNET-MX
Netblock: 64.19.192.0- 64.19.239.255
Maintainer: SAND

    Sand Man International Limited S.A. de C.V. (NET-PACNET-MX)
    P.O. Box 433168
    San Diego, CA 92143
    USA

Coordinator:

    de C.V., PACNET S.A. (MM1338-ARIN) ip@pacnet.com.mx

*52 66 34 34 80 (FAX) 52 66 34 64 86*

Autonomous System Numbers:

Autonomous System Name: PACNET-MX
Autonomous System Number: 20228

      Pacnet S.A. de C.V. (ASN-PACNET-MX)
      P.O. Box 433168
      San Diego, CA 92143
      US

Coordinator:

      de C.V. PACNET S.A. (MM 1838-ARIN) IP@pacnet.com.mx
      52 66 34 34 80 (FAX) 52 66 34 64 86

Autonomous System Name: SEXCOM
Autonomous System Number: 11083

      Ocean Fund International Ltd.
      Paseo De Los Heroes, #10105
      Piso 7th, Del Rio Tijuana
      Del Rio Tijuana
      Tijuana, Baja California CP 22320
      MX

Coordinator:

      Cohen, Stephen Michael (SMC4-ARIN)
      steve@omnitec.com
      0115266343480 (FAX) 0115266 346486



# EXHIBIT B

**Exhibit B**
**to the**
**Request for Judicial Notice of (1) May 2006**
**Complaint and (2) September 2001 Court Order**

9/17/01

1  JAMES M. WAGSTAFFE, ESQ. #95535
   PAMELA URUETA, ESQ., #184579
2  KERR & WAGSTAFFE LLP
   100 Spear Street, Suite 1800
3  San Francisco, CA 94105
   Telephone: (415) 371-8500
4  Facsimile: (415) 371-0500

5  RICHARD J. IDELL, ESQ., #069033
   JENNIFER A. MARONE, ESQ., #208858
6  IDELL, BERMAN & SEITEL
   530 Bush Street, Suite 601
7  San Francisco, CA 94108
   Telephone: (415) 986-2400
8  Facsimile: (415) 392-9259

9  Attorneys for Plaintiff
   GARY KREMEN
10

                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                        SAN JOSE DIVISION
13

14
   GARY KREMEN                    ) Case No.: C 98 20718 JW PVT
15                                )
          Plaintiff,              ) ORDER RE: REGISTRATION OF IP
16                                ) NUMBERS (NETBLOCKS) IN THE NAME
      vs.                         ) OF JUDGMENT CREDITOR
17                                )
   STEPHEN MICHAEL COHEN, et al., ) Date: September 17, 2001
18                                )
          Defendants.             ) Time: 3:00 p.m.
19                                )
                                  ) Place: Courtroom 8
20                                )        Honorable Judge James Ware
                                  )
21

22

23

24       Pursuant to the Application of Plaintiff, Gary Kremen, and as

25  based on the record before this Court, and good cause shown,

   ORDER RE: REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE NAME OF JUDGMENT CREDITOR -
                                      1

ORIGINAL COPY

12/05/2003  03:54    415392099                IDELL BERMAN SEIT                        PAGE  07/14

1    IT IS HEREBY ORDERED that the IP Numbers identified as Exhibit

2    "A" to the Declaration of Gary Kremen on file herein be registered in

3    the name of Plaintiff Gary Kremen.  In furtherance of this Order,

4    AMERICAN REGISTRY OF INTERNET NUMBERS ("ARIN") is ORDERED to register

5    IP Numbers on the list to Gary Kremen forthwith.  Specifically ARIN

6    is ordered to change the registration record of each of these IP

7    Numbers (netblocks) as follows:  all fields (registrant,

8    administration contact, etc.) shall be in the name of Gary Kremen,

9    listing his address as 2542 Third Street, San Francisco, CA 94107,

10    telephone number as (415) 217-5121; facsimile number as (415) 285-

11    7111; and E-mail as Gary@sex.com.

12    Dated: *September 17, 2001*                *James Ware*

13                                              Honorable Judge James Ware

14

15

16

17

18

19

20

21

22

23

24

25

ORDER RE: REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE NAME OF JUDGMENT CREDITOR -
2

12/05/2003 FRI 15:53  [TX/RX NO 7423]  @007

1

2

3                                                          ARIN adv. Gary Kremn
                                                              (22149-060)
                                            C. Wanger      D. Wishon
4                                           S. Ryan (DC)   Client (CLW)
                                            C. Hummel (LA)  ~~LA Calendar~~

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                               SAN JOSE DIVISION

11

12   GARY KREMEN, an individual,           Case No. **C-98-20718 JW**

13              Plaintiff,                  **[PROPOSED] ORDER DESIGNATING
                                            CASES AS RELATED**
14       vs.

15   STEPHEN MICHAEL COHEN, et al.          Related Case No. **C-06-2554-MMC**

16              Defendants.                 [N.D. Local Rule 3-12 and 7-11]

17

18        Having considered the motion and the files and records of this case and Case No. C-06-

19   2554-MMC, *Kremen v. American Registry for Internet Numbers, Ltd.* (the "Related Case"), the

20   Court now finds that the Administrative Motion to Consider Whether Cases Should be

21   Designated as Related of American Registry for Internet Numbers, Ltd. is hereby GRANTED.

22        IT IS HEREBY ORDERED that the above-captioned case and Case No. C-06-2554-

23   MMC, *Kremen v. American Registry for Internet Numbers, Ltd.* (the "Related Case") — which is

24   pending before the Honorable Maxine M. Chesney in the Court's San Francisco Division — be

25   designated as "related".

26

27

MANATT, PHELPS &                                   ORDER DESIGNATING CASES AS RELATED
PHILLIPS, LLP 28                                           CASE NO. **C-98-20718 JW**
ATTORNEYS AT LAW
PALO ALTO

1     IT IS FURTHER ORDERED that the Clerk reassign the Related Case to Judge Ware in

2  the San Jose Division.

3     IT IS SO ORDERED.

4  Dated:_____, 2006

5                                   Honorable James Ware
                                      United States District Court Judge

6

7  20158463.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2                      ORDER DESIGNATING CASES AS RELATED
                            CASE NO. **C-98-20718 JW**