# EXHIBIT E

Dockets.Justia.com

1  MANATT, PHELPS & PHILLIPS, LLP
   STEPHEN M. RYAN (DC Bar No. 359099) (sryan@manatt.com)
2  700 12th Street, N.W., Suite 1100
   Washington, DC 20005-4075
3  Telephone:  (202) 585-6500
   Facsimile:  (202) 585-6600
4

5  MANATT, PHELPS & PHILLIPS, LLP
   CHAD S. HUMMEL (CA Bar No. 139055) (chummel@manatt.com)
   JACK S. YEH (CA Bar No. 174286) (jyeh@manatt.com)
6  11355 W. Olympic Boulevard
   Los Angeles, CA 90064
7  Telephone:  (310) 312-4000
   Facsimile:  (310) 312-4224
8

9  MANATT, PHELPS & PHILLIPS, LLP
   CHRISTOPHER L. WANGER (CA Bar No. 164751) (cwanger@manatt.com)
   JOHN P. KERN (CA Bar No. 206001) (jkern@manatt.com)
10 1001 Page Mill Road, Building 2
   Palo Alto, CA 94304-1006
11 Telephone:  (650) 812-1300
   Facsimile:  (650) 213-0260
12

   *Attorneys for Non-Party*
13 AMERICAN REGISTRY FOR INTERNET NUMBERS, LTD.

14

15                    UNITED STATES DISTRICT COURT

16                        NORTHERN DISTRICT

17                        SAN JOSE DIVISION

18 GRAY KREMEN,                          Case No.  C 98 20718 JW

19          Plaintiff,                   **SECOND AMENDED NOTICE OF
                                         MOTION AND MOTION FOR
20 vs.                                   CLARIFICATION, OR, IN THE
                                         ALTERNATIVE, FOR MODIFICATION
                                         OF ORDER DATED SEPTEMBER 17,
21 STEPHEN MICHAEL COHEN, et. al,        2001, ENTITLED "ORDER RE:
                                         REGISTRATION OF IP NUMBERS
22          Defendant.                   (NETBLOCKS) IN THE NAME OF
                                         JUDGMENT CREDITOR;
23                                       MEMORANDUM OF POINTS AND
                                         AUTHORITIES IN SUPPORT THEREOF**
24
                                         [DECLARATION OF RAYMOND A. PLZAK
25                                       FILED AND PROPOSED ORDER LODGED
                                         CONCURRENTLY HEREWITH]
26
                                         Hearing Date: September 11, 2006
27                                       Time: 9:00 a.m.
                                         Location: Courtroom 8, 4th Floor
28                                       Judge: The Honorable James Ware

MANATT, PHELPS &
  PHILLIPS, LLP
 ATTORNEYS AT LAW
   PALO ALTO                                        MOTION TO MODIFY ORDER
                                                        C 98 20718 JW

ARIN adv. Gary Kremn
(22149-060)
C. Wanger        J. Yeh (LA)            LA Cal.
S. Ryan (DC)     D. Wishon
C. Hummel (LA)   Client (SMR - DC)

1   TO ALL PARTIES AND THEIR ATTORNEYS OR RECORD:

2            PLEASE TAKE NOTICE that on September 11, 2006, at 9:00 a.m., or as soon thereafter

3   as the matter can be heard, in Courtroom 8, located at 280 South 1st Street, 4th Floor, San Jose,

4   California, non-party American Registry for Internet Numbers ("ARIN") will move this Court for

5   an order modifying this Court's September 17, 2001 Order issued in *Kremen v. Cohen*, Case No.

6   C 98 20718 (JW).  This motion is made on the ground that the September 17, 2001 Order as

7   presently worded and interpreted by Kremen, *inter alia*, violates non-party ARIN's constitutional

8   due process rights, results in extreme hardship to ARIN, causes harm to innocent third parties,

9   and unnecessarily exposes ARIN to probable future litigation.  Absent the fully justified relief

10  sought in this Motion, ARIN and other third parties will be prejudiced and the manner in which

11  Internet Protocol resources are efficiently and effectively allocated by government – created

12  ARIN will be threatened and potentially harmed.

13           This motion is brought pursuant to Federal Rule of Civil Procedure 60(b), will be based

14  on this Notice, the points and authorities set forth below, the separately and concurrently filed

15  Declaration of Raymond A. Plzak, the exhibits attached thereto, all pleadings and records filed

16  herein, and upon such other additional arguments and evidence, both written and oral, as may be

17  presented at or before the time of the hearing.

18  Dated:  June 27, 2006              By:   /s/ Christopher L. Wanger
                                              Christopher L. Wanger
19
                                       MANATT, PHELPS & PHILLIPS, LLP
20                                     1001 Page Mill Road, Building 2
                                       Palo Alto, CA  94304-1006
21                                     Telephone:  (650) 812-1300
                                       Facsimile:  (650) 213-0260
22

23                                     *Counsel for Moving Non-Party*
                                       AMERICAN REGISTRY FOR INTERNET NUMBERS,
24                                     LTD.

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

                                       2                    MOTION TO MODIFY ORDER
                                                            C 98 20718 JW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

## TABLE OF CONTENTS

|                                                                                                                          | Page |
|--------------------------------------------------------------------------------------------------------------------------|------|
| I.    INTRODUCTION AND RELEVANT FACTUAL BACKGROUND                                                                        | 1    |
| II.   PROCEDURAL HISTORY                                                                                                  | 4    |
| III.  ANALYSIS                                                                                                            | 4    |
| A.    Enforcement of the September 17, 2001 Order deprives ARIN of its constitutional due process rights                  | 5    |
| B.    Clarification and/or Modification of this Court's September 17, 2001 Order is warranted                             | 6    |
| 1.    Rule 60(b)(4)                                                                                                       | 6    |
| 2.    Rule 60(b)(5)                                                                                                       | 7    |
| 3.    Rule 60(b)(6)                                                                                                       | 9    |
| IV.   CONCLUSION                                                                                                          | 10   |

i

1

# TABLE OF AUTHORITIES

2

Page

3

### Cases

4   *Hansberry v. Lee*,
     311 U.S. 32 (1940) .................................................................................................... 5

5   *Headwaters Inc. v. U.S. Forest Serv.*,
     399 F.3d 1047 (9th Cir. 2005) ............................................................................. 5, 6

6   *Ins. Corp. of Ireland v. Campagnie des Bauxites de Guinee*,
     456 U.S. 694 (1982) .................................................................................................. 5

7

8   *Nelson v. Adams USA, Inc.*,
     529 U.S. 460 (2000) .................................................................................................. 5

9   *Richards v. Jefferson County*,
     517 U.S. 793 (1996) .................................................................................................. 5

10  *Rufo v. Inmates of Suffolk County Jail*,
     502 U.S. 367 (1992) .................................................................................................. 7

11
    *SEC v. Worthen*,
12   98 F.3d 480 (1996) .................................................................................................... 7

13  *Transgo, Inc. v. Ajac Transmission Parts Corp.*,
     911 F.2d 363 (9th Cir. 1990) .................................................................................... 7

14  *Zenith Radio Corp. v. Hazeltine Res., Inc.*,
     395 U.S. 100 (1969) .................................................................................................. 5

15

### Statutes

16  15 U.S.C. § 1 .............................................................................................................. 8

    15 U.S.C. § 2 .............................................................................................................. 8
17
    Cal. Bus. & Prof. Code §§ 16700 *et seq.* ................................................................. 8
18
    Cal. Bus. & Prof. Code §§ 17200 *et seq.* ................................................................. 8
19  FRCP Rule 12(b)(6) ................................................................................................... 4

    FRCP Rule 60(b) ..................................................................................................... 1, 6
20
    FRCP Rule 60(b)(1) ................................................................................................... 6
21  FRCP Rule 60(b)(2) ................................................................................................... 6

22  FRCP Rule 60(b)(3) ................................................................................................... 6

    FRCP Rule 60(b)(4) ................................................................................................. 6, 7
23  FRCP Rule 60(b)(5) ................................................................................................. 6, 7

24  FRCP Rule 60(b)(6) ............................................................................................ 6, 9, 10

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2    I.    INTRODUCTION AND RELEVANT FACTUAL BACKGROUND.

3    Non-party American Registry for Internet Numbers ("ARIN")[1] brings this Motion to

4    clarify and/or modify the terms of an Order issued by this Court on September 17, 2001

5    ("September 17, 2001 Order" or "Order"), and entered without notice to non-party ARIN, in the

6    case entitled *Kremen v. Cohen*, Case No. C 98 20718 (JW), in 1998 (hereinafter, the "*Kremen v.*

7    *Cohen Action*"). As detailed herein, following years of negotiations between Kremen and third-

8    party ARIN to effect a transfer to Kremen of the rights and obligations that Cohen had in

9    connection with certain Internal Protocol ("IP") resources, including address space and

10   Autonomous Systems Numbers ("ASNs"), it is now clear that Kremen is demanding compliance

11   with an interpretation of the Order that is unreasonable, contrary to what surely was this Court's

12   intent in issuing the Order, and in violation of the procedures and rules that govern how IP

13   resources are efficiently and effectively allocated to ensure the proper functioning of the Internet.

14   To ensure that an effective and harmless transfer can occur, this Motion should be granted

15   pursuant to FRCP Rule 60(b) and an Amended Order, in the form lodged herewith, should be

16   entered.[2]

17   As the Court will recall, the *Kremen v. Cohen Action* involved rights to the "Sex.com"

18   domain name. After plaintiff Gary Kremen ("Kremen") obtained a $65 million judgment (the

19   "Judgment") against Stephen Michael Cohen ("Cohen"), Kremen filed an *ex parte* application

20   over five (5) months after the Judgment was entered to obtain a Court Order (without notice to

21   non-party ARIN) to compel ARIN to transfer to Kremen certain Internal Protocol ("IP")

22   resources, including address space and Autonomous Systems Numbers ("ASNs") that Kremen

23   alleged were currently or formerly associated with Cohen. IP resources can be assigned to an

24   individual, corporation, government agency or, most commonly, Internet Service Provider

25   ("ISP") by ARIN. Proper unique operation of such IP resources is necessary for the utility

26   
-----

[1] ARIN is the non-profit organization that allocates Internet Protocol address space—not domain
27   names—on the Internet to Internet Service Providers.
[2] The specific problems with the Order as entered without prior notice to ARIN are detailed in
28   Paragraph 42 of the Declaration of Raymond Plzak filed concurrently herewith.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

1                              MOTION TO MODIFY ORDER
                                        C 98 20718 JW

1    functions necessary to operate the Internet. ISPs in turn provide individual IP addresses to third

2    party users, including businesses and individuals, who depend upon these resources for their

3    access to the Internet. It is the use of both a domain name (e.g., Sex.com) and the IP number

4    which permits a person to obtain specific access, for example, to email over the Internet.

5        Upon information and belief, Kremen has already been able to obtain domain names, such

6    as "sex.com," which were hijacked from him by Cohen. Domain names such as "sex.com" are

7    bought and sold on the market and have secondary meanings. IP resources, on then other hand,

8    have different characteristics as described below, and are generally not bought or sold like

9    domain names. (See, Declaration of Raymond Plzak, ARIN's President and CEO ("Plzak

10   Declaration").)

11        All U.S., Canadian and other IP resources (a portion of ARIN's geographical service area)

12   are administered in a public trust by ARIN pursuant to a Cooperative Agreement with the U.S.

13   government. (Plzak Declaration ¶¶ 32, 34, 37.) Because IP address space is finite and a public

14   trust, ARIN allocates such space based on an applicant's demonstrated need. (*See id.* ¶¶ 7, 37-

15   38.) IP resources are allocated to registrants subject to contractual terms and ARIN's policies.

16   (*See id.* ¶¶ 7, 8, 37, 38). IP resources are allocated by ARIN pursuant to the terms of a services

17   agreement, which obligates registrants to comply with ARIN's Internet Protocol address space

18   allocation and assignment guidelines. (*See id.* ¶ 38.) ARIN is willing, pursuant to the Court's

19   Order, to transfer those IP resources it can control,[3] once Mr. Kremen applies for these resources.

20        IP resources may only be transferred from one entity to another pursuant to the terms of

21   ARIN's Guidelines for Transferring Internet Protocol (IP) Space, which are set forth at

22   <http://www.arin.net/registration/guidelines/transfers.html> and subject to ARIN's Transfer

23   Policy, which is posted at <http://www.arin.net/policy/nrpm.html#eight>. (*See id.* ¶¶ 38.)

24   Among other things, the Guidelines provide that IP resources are non-transferable, may not be

25   sold or assigned and may only be transferred upon ARIN's approval of a formal transfer request.

26   (*See id.* ¶¶ 38, 40.) This refutes Mr. Kremen's unsupported claims they can be readily resold.

27   _____

[3] The Court's Order directs ARIN to transfer certain resources ARIN has no control over. (*See*
28   Plzak Declaration ¶¶ 5, 42(b) & (d).)

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

MOTION TO MODIFY ORDER
C 98 20718 JW

1          ARIN suspects that this Court's September 17, 2001, Order was entered without the

2    benefit of this critical background and knowledge of the requirements for transfer.  ARIN was not

3    a party to the proceeding.  (*See* Plzak Declaration, ¶ 13.)  Kremen's proposed reading of this

4    Order, one not expressly authorized by the Court, would "require" ARIN to provide Kremen with

5    IP resources formerly assigned to Cohen under the following terms: (1) Kremen would be exempt

6    from paying normal fees associated with continued receipt of such services in the future; (2)

7    Kremen would have no duty to describe the need for such resources or comply with the terms of

8    policies that govern other entities' use of IP resources; and (3) Kremen would not be required to

9    agree to follow the terms of the service agreement that other entities, including corporations, ISPs

10   and U.S. agencies comply with, which permit revocation if they are used – for example, to

11   illegally "spam" others.  (*See* Plzak Declaration ¶¶ 7, 8.)  This proposed reading of the Order by

12   Kremen is not consistent with ARIN's policies and the terms of its agreements with the U.S.

13   government.  (*See id.* ¶¶ 7, 8, 37, 38.)  It is also totally inequitable, and would, for example,

14   require Kremen to be given superior rights to IP resources than U.S. government agencies.

15          ARIN's longstanding offer to cooperate with Kremen to approach this Court to jointly

16   request a modification of the Order so that ARIN could comply with Kremen's desire to obtain

17   specific IP resources has never been accepted.  (*See id* ¶¶ 20-24.)  Kremen refuses to be bound by

18   the policies followed by all others in the United States and ARIN's service area.  (*See id.* ¶¶ 7, 8.)

19   Instead, Kremen relies solely on his reading of this Court's September 17, 2001, Order, issued

20   five months after the Judgment was rendered, and secured by *ex parte* application, as his full

21   authority for his total lack of cooperation with ARIN's normal procedures.  *See id.*  ARIN

22   therefore requests that this Court incorporate the aforementioned terms as stated in the Proposed

23   Amended Order.

24          If the September 17, 2001 Order is enforced under Kremen's interpretation, ARIN will

25   suffer prejudice.  First, ARIN's constitutional due process rights will have been violated.

26   Second, there is a strong possibility that innocent third parties may be utilizing the same IP

27   resources that Kremen seeks to unilaterally have transferred to him, and, as such, forcing ARIN to

28   shift those IP resources to Kremen will harm those innocent parties and potentially create

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3                           MOTION TO MODIFY ORDER
                                    C 98 20718 JW

1  litigation against ARIN. Third, by not following its established policies, ARIN may be sued by

2  others who want a similar arrangements as Kremen. Fourth, ARIN does not control some of the

3  resources described in the Order, and thus, it is impossible for ARIN to comply with the Order as

4  drafted. As explained in detail below, such a result warrants entry of the proposed Amended

5  Order.

6        The proposed order, with which ARIN can willingly comply is necessary to avoid

7  prejudice and effect this Court's intent in entering the original Order – to transfer to Kremen

8  those rights and resources that were previously allocated to Cohen. Therefore, ARIN respectfully

9  requests that the Court adopt and issue the Proposed Amended Order lodged with this Court.

10 **II.    PROCEDURAL HISTORY.**

11       On April 3, 2001, this Court entered a $65 million judgment in favor of Kremen against

12 Cohen. On September 17, 2001, Kremen filed an *Ex Parte* Application For Order Requiring

13 Registration Of IP Numbers (Netblocks) In The Name Of Judgment Creditor Kremen, which this

14 Court granted, and thereby ordering non-party ARIN to transfer certain Internet Protocol

15 resources.[4]

16       On April 12, 2006, Kremen sued ARIN in the United States District Court for the

17 Northern District of California in the action entitled, *Kremen v. ARIN*, Case No. C 06-2554 JW

18 ("*Kremen v. ARIN Action*"). Concurrently with this Motion, ARIN has filed a Motion to Dismiss

19 the Complaint in that related case under FRCP Rule 12(b)(6).[5] ARIN respectfully requests that

20 this Court consider the points contained therein as incorporated herein by this reference.

21 **III.   ANALYSIS.**

22       This Motion is timely and has been brought *only* after Kremen unilaterally abandoned

23 efforts to achieve a reasonable settlement and compromise with non-party ARIN concerning this

24 Court's Order. ARIN now respectfully requests a clarification or modification of the September

25

26 [4] ARIN notes that the September 17, 2001, Order was actually filed on September 18, 2001.

27 [5] By Order dated June 12, 2006, this Court found that the *Kremen v. ARIN Action* was a "Related
   Case" and reassigned that case from the Honorable Maxine Chesney to the Honorable James
28 Ware.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

4                          MOTION TO MODIFY ORDER
                                   C 98 20718 JW

1    17, 2001 Order to avoid the undue prejudice.

2    **A.    Enforcement of the September 17, 2001 Order deprives ARIN of its constitutional due process rights.**

3

4    It is undisputed that ARIN was a non-party to *Kremen v. Cohen Action*. Moreover, it

5    cannot be disputed that ARIN was not provided notice or the opportunity to be heard before the

6    Court issued its September 17, 2001 Order. In light of United States Supreme Court and Ninth

7    Circuit law, non-party ARIN should not be compelled to comply with the September 17, 2001

8    Order, unless it is clarified to reflect the fact that this Court was not made aware of the

9    requirements for transfer of IP resources and that Kremen would be entitled to a transfer only of

10   those rights which Cohen had.

11   In the Ninth Circuit, if an individual or entity is not a party to a civil action, that individual

12   or entity is not bound by any judgment or decree resulting from that action as a matter of law.

13   *Zenith Radio Corp. v. Hazeltine Res., Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is

14   not bound by a judgment *in personam* resulting from litigation in which he is not designated as a

15   party or to which he has not been made a party by service of process."); *Hansberry v. Lee*, 311

16   U.S. 32, 40-41 (1940) (same); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1050 (9th

17   Cir. 2005) ("We have in this nation a 'deep-rooted historic tradition that everyone should have his

18   own day in court, and the court presumes, consequently, that a judgment or decree among parties

19   to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to

20   those proceedings [absent the existence of privity].'") (internal quotations and citation omitted).

21   This general rule of constitutional fair play represents a restriction on judicial power that flows

22   from the due process guarantees of the fifth and fourteenth amendments. *Ins. Corp. of Ireland v.*

23   *Campagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Hansberry*, 311 U.S. at 41.

24   Without notice and an opportunity to be heard, ARIN is not bound as a matter of

25   law to the September 17, 2001, Order. *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466-68 (2000)

26   (finding that absent notice and proper opportunity to be heard, an amendment to a judgment

27   imposing liability on a third party violates that party's due process rights); *Richards v. Jefferson*

28   *County*, 517 U.S. 793, 798 (1996) (holding that adequate representation is a due process

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

5

MOTION TO MODIFY ORDER
C 98 20718 JW

1    prerequisite to precluding a litigant from his day in court if he was not a party to the earlier

2    litigation); *see also Headwaters*, 399 F.3d at 1054. Notwithstanding the weight of legal precedent

3    in ARIN's favor, ARIN is fully willing to submit to this Court's jurisdiction so that provisions of

4    the September 17, 2001 Order are modified so they can be carried out so as not to prejudice

5    ARIN, or innocent third parties.

6    **B.    Clarification and/or Modification of this Court's September 17, 2001 Order is
         warranted.**

7

8         Federal Rule of Civil Procedure ("Rule") 60(b) provides a vehicle for this Court to amend

9    the September 17, 2001 Order to protect the rights of non-party ARIN and other third parties

10   potentially impacted by the Order. Modification is necessary where, as here, Kremen has refused

11   to work cooperatively with ARIN to secure compliance with the Order under appropriate terms.

12   By doing so, Kremen has circumvented well-established procedures that are even-handedly

13   applied to entities seeking to obtain or transfer Internet Protocol resources.

14        Without notice and an opportunity to be heard, ARIN was stripped of constitutional

15   protections and thereby exposed to inappropriate and continuing prejudice. To remedy the harsh

16   result of forcing ARIN to comply with the September 17, 2001, Order as is, ARIN respectfully

17   requests modification of the Order in order to comply with principles of equity and fairness

18   embedded in constitutional due process rights.

19        As detailed below, pursuant to Rules 60(b)(4), (5) and (6), this Court should clarify or

20   modify the September 17, 2001 Order and enter the proposed Amended Order lodged

21   concurrently herewith.[6]

22        1.    **Rule 60(b)(4).**

23        Pursuant to Rule 60(b)(4), "the court may relieve a party . . . from a final judgment, order,

24   or proceedings . . . (4) [where] the judgment is void[.]" In light of the constitutional due process

25   considerations stated above, and in view of the aforementioned United States Supreme Court and

26   _____

27   [6] Rules 60(b)(1), (2) and (3) are not addressed in this motion as they require the party seeking
     relief to bring its motion for relief "not more than one year after the judgment, order, or

28   proceeding was entered or taken." The Order in question was issued on approximately September
     17, 2001, and thus, Rules 60(b)(1), (2), and (3) do not apply.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

MOTION TO MODIFY ORDER
C 98 20718 JW

1    Ninth Circuit law, this Court may appropriately vacate the September 17, 2001, Order. In doing

2    so, non-party ARIN is willing to submit to this Court's jurisdiction in an effort to comply with the

3    purpose and spirit of the September 17, 2001 Order as memorialized in the Proposed Amended

4    Order attached herewith. Granting this Motion would realize this Court's prior effort to transfer

5    the appropriate Internet Protocol resources to Kremen while simultaneously safeguarding ARIN's

6    rights.

7        For these reasons, modification of the September 17, 2001 Order is appropriate under

8    Rule 60(b)(4).

9            2.        **Rule 60(b)(5).**

10        Modification of the September 17, 2001 Order is also proper under Rule 60(b)(5).

11    Pursuant to Rule 60(b)(5), "the court may relieve a party . . . from a final judgment, order, or

12    proceedings . . . . [where] it is no longer equitable that the judgment should have prospective

13    application[.]" "With respect to permanent injunctions, [the Ninth Circuit ha]s held that 'Rule

14    60(b)(5) represents a codification of preexisting law, recognizing the inherent power of a court

15    sitting in equity to modify its decrees prospectively to achieve equity.'" *SEC v. Worthen*, 98 F.3d

16    480, 482 (1996) (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 911 F.2d 363, 365 (9th

17    Cir. 1990) (internal quotation marks and citation omitted). The Ninth Circuit has "articulated

18    three requirements for this extraordinary relief: a clear showing of 'a substantial change in

19    circumstances or law since the orders were entered, extreme and unexpected hardship in

20    compliance with the injunction['s] terms, and a good reason why [the court] should modify the

21    permanent injunction[].'" *Worthern*, 98 F.3d 482 (quoting *Transgo*, 911 F.2d at 365). In 1992

22    the United States Supreme Court held that "a party seeking modification of a consent decree bears

23    the burden of establishing that a significant change in circumstances warrants revision of the

24    decree." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992). ARIN satisfies each

25    of the three requirements for the reasons stated below.

26            a.        ***ARIN has made a clear showing of a substantial change in
                        circumstances.***

27

28    On April 12, 2006, Kremen filed a separate action in the Northern District of California,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

7                    MOTION TO MODIFY ORDER
                    C 98 20718 JW

1   which is presently before the Honorable Maxine M. Chesney, expressly predicated upon, and

2   seeking damages for, ARIN's alleged failure to follow the September 17, 2001 Order (the

3   "*Kremen v. ARIN Action*") and ARIN's request that Kremen agree to the rules governing the

4   transfer and allocation of such resources.[7]  Kremen's recently filed action, alleges (without

5   adequate factual allegations) violation of federal and state laws including: (1) Section 1 of the

6   Sherman Act (15 U.S.C. § 1); (2) Section 2 of the Sherman Act (15 U.S.C. § 2); (3) California's

7   Cartwright Act (Cal. Bus. & Prof. Code §§ 16700 *et seq.*); (4) state law conversion; (5) breach of

8   fiduciary duty; and (6) statutory unfair competition under California Business and Professions

9   Code §§ 17200 *et seq.*

10      Only after Kremen's sudden abandonment of compromise negotiations by filing suit

11  against ARIN, does ARIN seek this Court's assistance.  This change in circumstances is clear and

12  substantial, and prompts ARIN's timely request for relief by this Motion.

13                  b.      ***Extreme and unexpected hardship will result if the Order is not
                            modified.***
14

15      The hardship to ARIN is significant.  Kremen's efforts related to enforcement of the Order

16  have been inconsistent at best.  On October 29, 2001, Kremen agreed in writing not to enforce the

17  September 17, 2001 Order.  Paragraph 2 of this agreement states:

18              Kremen represents and warrants that to date, the only enforcement
                action taken by him is to deliver a copy of the Order to ARIN's
19              counsel.  Kremen stipulates that pending further discovery in the
                matter he will not take any action to enforce the September 17,
20              2001 Order and if Kremen intends to take any action on the Order,
                he will give . . . . [ARIN] at least five (5) days written notice to
21              enable . . . [ARIN] to take such action as [it] deems appropriate.

22  (*See* Plzak Declaration ¶ 2.)

23      There is a litany of correspondence representing the course of discussions between

24  Kremen and ARIN since December, 2003. (*See id.* ¶ 20.)  As early as February 11, 2004, ARIN

25  believed that it had satisfactorily resolved Kremen's needs. (*See id.* ¶ 5).  The heart of ARIN's

26  position was that it would transfer the resources to Kremen so long as Kremen agreed to be bound

27

28
---
[7] As noted above, ARIN is moving concurrently to dismiss and/or stay the related *Kremen v. ARIN Action* based in part on this motion to modify the September 17, 2001 Order.

1    by the procedures that applied to Cohen and which apply equally to all entities seeking issuance

2    or transfer of Internet Protocol resources. (*See id.* ¶¶ 5-8.) Among other things, ARIN agreed

3    that it would not hold Kremen responsible for unpaid services received by the prior holder of the

4    Internet Protocol addresses. (*See id.* ¶ 5). Although Kremen initially indicated provisional

5    approval, he ultimately declined. (*See id* ¶¶ 5-6.) After nearly four and one-half years of

6    discussions, without warning, Kremen unexpectedly filed suit against ARIN in violation of the

7    parties' agreement not to do so in a transparent attempt to coerce ARIN to comply with his

8    unacceptable interpretation of the Order. (*See id* ¶ 24).

9         Forcing ARIN's compliance with the September 17, 2001 Order <u>as interpreted by Kremen</u>

10   would require the unilateral transfer of IP number resources that would also, upon information

11   and belief, negatively impact unknown and innocent third parties. (*See* Plzak Decl., ¶ 14-15,

12   42(a).) The Court's Order would require transfer of resources to Kremen that ARIN does not

13   control. (*See* Plzak Declaration ¶¶ 5, 42(b) & (d).) The Court's Order must be modified to

14   address this issue. ARIN transferring such IP resources without following its procedures would

15   open ARIN to suit by those like Kremen who would also want IP resources without having to act

16   pursuant to ARIN's evenly-applied and well-established procedures. (*See id.* ¶ 14.) Exposing

17   ARIN to probable litigation by these third parties is one hardship that warrants modification of

18   the September 17, 2001 Order.

19                    c.     *Good Cause exists to issue the Amended Order.*

20        There is a clear reason to modify the September Order that is not only logical and

21   reasonable, but equitable and fair. Modification of the Order will effectively eliminate any real

22   disagreement between Kremen and non-party ARIN, will allow the transfer of limited Internet

23   Protocol resources pursuant to standard procedures, and will do so without rendering ARIN

24   susceptible to probable litigation from third parties who abide by the neutral procedures enacted

25   to safeguard all those seeking to IP resources. There are no reasons to permit special treatment to

26   Kremen beyond that offered to him by ARIN to effectuate the proposed Amended Order.

27                    3.     **Rule 60(b)(6).**

28        Rule 60(b)(6) provides an additional basis to modify the September 17, 2001 Order.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

9

MOTION TO MODIFY ORDER
C 98 20718 JW

1   Pursuant to Rule 60(b)(6), "the court may relieve a party . . . from a final judgment, order, or

2   proceeding . . . (6) [for] any reason justifying relief from the operation of the judgment." As

3   noted above, the reasons justifying relief from the operation of the September 17, 2001 Order are

4   clear. A balance of hardships weighs strongly in favor of granting modification where, as here,

5   ARIN suffers from detrimental constitutional deprivations, portions of the Order cannot be

6   enforced, modification of the September 17, 2001 Order does not prejudice or inconvenience

7   Kremen or non-party ARIN, and equity will be served by the modification. Through appropriate

8   modification of the September 17, 2001 Order, Kremen will still be able to secure Internet

9   Protocol resources previously allocated to Cohen, or his colleagues, without placing ARIN in

10  grave danger of lawsuits by innocent third parties, or other entities that have been required to

11  comply with the well-established policies and procedures enacted to protect their interests in

12  transferring Internet Protocol addresses.

13          Furthermore, public policy dictates that Kremen should not be permitted to enforce a court

14  Order that violates the constitutional due process rights of non-party ARIN, even if the pretense

15  for Kremen seeking that action is that the Court was aiding in the execution of the judgments

16  entered in the *Kremen v. Cohen Action*. To ratify Kremen's conduct would unduly prejudice non-

17  party ARIN by exposing ARIN to litigation by third parties. Had Kremen appropriately joined

18  ARIN in the prior litigation, or placed ARIN on notice of the hearing negatively impacting

19  ARIN's rights and obligations, this Motion would have been unnecessary. Kremen should not be

20  rewarded by enforcement of the September 17, 2001 Order where Kremen: (1) engaged in

21  questionable conduct in securing the September 1, 2001 Order without providing ARIN notice or

22  an opportunity to be heard by non-party ARIN, and (2) employed dilatory negotiation tactics for

23  nearly five years before filing suit against ARIN using the non-compliance of ARIN during the

24  negotiation period as his premise for damages. Such reasons weigh in favor of permitting

25  modification of the September 17, 2001 Order under Rule 60(b)(6).

26  IV.    CONCLUSION.

27          For the foregoing reasons, ARIN respectfully requests that September 17, 2001 Order be

28  clarified or modified so that ARIN can lawfully comply with it, so that Internet policies are

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

10

MOTION TO MODIFY ORDER
C 98 20718 JW

1    followed, and that the Proposed Amended Order submitted with this Motion be entered as the

2    Order of this Court.

3    Respectfully submitted,

4

5    Dated:  June 27, 2006    By:    /s/ Christopher L. Wanger
            Christopher L. Wanger

6    MANATT, PHELPS & PHILLIPS, LLP
      1001 Page Mill Road, Building 2
7    Palo Alto, CA  94304-1006
      Telephone:  (650) 812-1300
8    Facsimile:  (650) 213-0260

9

10    *Counsel for Non-Party*
      AMERICAN REGISTRY FOR INTERNET NUMBERS,
11    LTD.

12

13

14    41008695.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

11

MOTION TO MODIFY ORDER
C 98 20718 JW