# EXHIBIT H

Dockets.Justia.com

RICHARD J. IDELL, ESQ., #069033
OWEN SEITEL, ESQ., #137365
IDELL & SEITEL LLP
The Merchants Exchange Building
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

TIMOTHY P. DILLON, ESQ., #190839
DILLON & GERARDI, APC
4660 La Jolla Village Dr., Suite 775
San Diego, CA 92122
Telephone: (858) 587-1800
Facsimile: (858) 587-2587

Attorneys for Plaintiff
GARY KREMEN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MICHAEL COHEN, an individual, OCEAN FUND INTERNATIONAL, LTD., a foreign company, SAND MAN INTERNACIONAL LIMITED, a foreign company, SPORTING HOUSES MANAGEMENT CORPORATION, a Nevada Company, SPORTING HOUSES OF AMERICA, a Nevada company, SPORTING HOUSES GENERAL, INC., a Nevada, company, and DOES 1-20 inclusive,<br><br>Defendants. | Case No.: C 98 20718 JW PVT<br><br>**DECLARATION OF RICHARD J. IDELL IN SUPPORT OF PLAINTIFF GARY KREMEN'S OPPOSITION TO ARIN'S MOTION FOR CLARIFICATION, OR, IN THE ALTERNATIVE, FOR MODIFICATION OF ORDER DATED SEPTEMBER 17, 2001, ENTITLED "ORDER RE: REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE NAME OF JUDGMENT CREDITOR**<br><br>Date:  September 11, 2006<br><br>Time:  9:00 a.m.<br><br>Location:    Courtroom 8, 4th Floor<br><br>Judge: The Honorable James Ware |

I, Richard J. Idell, declare:

1.    I am an attorney at law duly admitted to practice before all the courts of the State of California and am the attorney of record herein for Plaintiff Gary Kremen in the above-described action. I am familiar with all of the records and files in this action. All of the matters stated herein are of my own personal knowledge and if sworn as a witness I could and would testify competently to the matters stated herein.

2.    On July 10, 1998, Kremen filed suit against Defendant Stephen Michael Cohen ("Cohen") and others arising out of the theft of the "sex.com" domain name in the Northern District of California, San Jose Division, Case No. 98 20718 JW (PVT) (the "Main Action").

3.    On February 23, 2001, Kremen filed an Ancillary Complaint (the "Ancillary Action") to set aside the fraudulent transfer and impose a constructive trust on 17427 Los Morros, Rancho Santa Fe, California (the "Rancho Santa Fe property") and 5959 Rail Court, San Ysidro, California (the "San Ysidro property") (collectively the "Properties").

4.    A true and correct copy of this Court's April 3, 2001 Judgment against Cohen and in favor of Kremen (the "Judgment") in the Main Action is attached hereto as Exhibit "A". The Judgment imposed a constructive trust "upon all monies and properties of Defendants."

5.    A true and correct copy of this Court's April 3, 2001 Findings of Fact and Conclusions of Law is attached hereto as Exhibit "B". The April 3, 2001 Findings of Fact and Conclusions of Law concluded that "[t]he corporate defendants, along with any entity (including Omnitec) that was connected in any way with the domain name "sex.com," are the alter egos of Stephen M. Cohen, and the alter egos o[f] one another."

6.    A true and correct copy of this Court's September 17, 2001 Judgment and Order Conveying Title of Property Based on Constructive Trust in the Ancillary Action is attached hereto as Exhibit "C".

7.    On September 17, 2001, this Court ordered the American Registry of Internet Numbers ("ARIN") to change the registration of the certain blocks of Internet Protocol ("IP") addresses ("Netblocks") and Autonomous System Numbers ("ASNs") to Plaintiff Gary Kremen. A true and correct copy of the Court's September 17, 2001 Order (the "Netblock Order") is attached hereto as

Exhibit "D". The Netblock Order specifically required ARIN to register in Kremen's name the following Netblocks: (1) 209.205.192.0 to 209.205.239.255, (2) 208.214.46.0 to 208.214.47.255, (3) 64.19.192.0 to 64.19.239.255. Further, the Netblock Order specifically required ARIN to register in Kremen's name ASNs 20288 and 11083. The Netblock Order was in aid of perfection of the constructive trust created by the Judgment.

8.    ARIN learned of the Netblock Order in the Fall of 2001. In the Fall of 2001, I understood that Richard Yankwich, of the law firm of Gray, Cary, Ware & Friedenrich, represented ARIN. I communicated with Mr. Yankwich and provided him with a copy of the Netblock Order. Requests for acknowledgement of service were made to Mr. Yankwich, however no acknowledgement was forthcoming. Just before the Netblock Order was formally served, Stephen Ryan, ARIN's general counsel, wrote to me and stated that he would soon thereafter convey a "written proposal for a quick and complete resolution of this matter. . . ." In addition, Mr. Yankwich was copied on my letter of November 6, 2003 to Stephen Usoz of Pacnet S.A. de C.V. regarding Mr. Kremen's intent to proceed with execution and enforcement of the Netblock Order (a copy of which is attached as Exhibit "L" to the Declaration of Raymond Plzak filed with ARIN's Motion). The Netblock Order was formally served on ARIN (by service on Dennis Malloy, ARIN's statutory registered agent) in late December 2003.

9.    A true and correct copy of this Court's October 26, 2004 Order in Aid of Execution of Judgment re: Trademark Application is attached hereto as Exhibit "E".

10.    A true and correct copy of this Court's September 28, 2005 Order Granting Motion for Turnover of Property; Order Setting Hearing with Respect to Fixtures in Otay Mesa Property is attached hereto as Exhibit "F".

11.    On or about January 16, 2004, I attended a meeting in Washington, D.C. with Stephen Ryan of Manatt, Phelps & Philips, LLP and general counsel for ARIN, and Gary Kremen regarding ARIN's compliance with the Netblock Order. At the January 16, 2004 meeting, I explained to Mr. Ryan that Kremen would not agree to any greater obligations than those to which Cohen was subject, and it was always made clear to ARIN that Kremen was not going to agree to any greater obligations than those to which Cohen was subject. Though Kremen filled out some ARIN paperwork in 2004 in an effort to resolve the enforcement of the Netblock Order without resort to further litigation, Kremen

1  ultimately rejected ARIN's terms. Prior to the filing of ARIN's instant Motion for Clarification, in the

2  nearly five (5) years since the Netblock Order was issued and throughout all my negotiations with ARIN

3  regarding the Netblock Order, ARIN never once advised that any of the subject Netblocks or ASNs were

4  out of ARIN's control.

5        12.    On or about July 25, 2005, I issued and served on the Custodian of Records for ARIN a

6  subpoena for documents in order to better understand the history and current status of Cohen's

7  registration of the Netblocks and ASNs. A true and correct copy of the July 25, 2005 subpoena is

8  attached hereto as Exhibit "G". The July 25, 2005 subpoena requested, among other things, documents

9  that presumably would shed light on the history and current status of Cohen's registration of the

10 Netblocks and ASNs, as well as to understand ARIN's insistence on having Kremen "apply" for

11 property he had already been awarded by the Judgment for constructive trust. ARIN responded to the

12 July 25, 2005 subpoena by producing a few thousand pages of documents. However, most of ARIN's

13 document production was useless "fill" constituting computer print-outs; notably missing from ARIN's

14 production were any contracts or applications that would have been responsive to the subpoena's

15 document requests and which would reflect the information sought.

16       13.    When ARIN's instant Motion for Clarification was filed and served, in order to ensure

17 that Kremen had all documents necessary to understand the underlying facts, Kremen served additional

18 discovery on July 28, 2006 in the form of subpoenas to Stephen M. Ryan of Manatt, Phelps & Phillips,

19 LLP, who acts as ARIN's general counsel, as well as to the Custodian of Records of Manatt, Phelps &

20 Phillips, LLP, and eight (8) of ARIN's board members. A true and correct copy of the July 28, 2006

21 subpoena to Stephen M. Ryan of Manatt, Phelps & Phillips, LLP is attached hereto as Exhibit "H". The

22 subpoenas to Manatt's Custodian and the eight ARIN board members are substantially similar to the

23 subpoena to Stephen M. Ryan of Manatt, Phelps & Phillips, LLP, and are similar to the July 25, 2005

24 subpoena served on the Custodian of Records for ARIN, except that the subsequent subpoenas seek an

25 additional ten (10) categories worth of documents. ARIN has failed to produce any documents

26 whatsoever in response to these subpoenas.

27       14.    I am informed and believe that in a meet and confer conference call held on Tuesday,

28 August 15, 2006, ARIN steadfastly refused to produce any more documents, and served numerous

1  objections to the further subpoenas on Wednesday, August 16, 2006. ARIN, in a meet and confer letter
2  dated August 17, 2006, has indicated that it might respond to discrete narrowed requests voluntarily and
3  informally (without the threat of legal process). A true and correct copy of the August 17, 2006 meet
4  and confer letter is attached hereto as Exhibit "I".

5      15.    On August 17, 2006, Ory Sandel, an associate with my firm, asked for production of any
6  extant contract documents between Cohen, his alter egos and/or affiliates, on the one hand, and ARIN or
7  ARIN's predecessor-in-interest (believed to be InterNIC), on the other hand. ARIN's lawyers will
8  neither confirm nor deny the existence of such contract documents. See the Declaration of Ory B.
9  Sandel filed herewith at paragraphs 4 and 5.

10     16.    A true and correct copy of Kremen's Complaint for Violation of Antitrust Laws,
11  Conversion, Unfair Business Competition and Breach of Fiduciary Duty filed by Gary Kremen in the
12  United States Court for the Northern District of California, being Case No. C 06 2554 and styled as
13  *Kremen v. American Registry for Internet Numbers, Ltd.* (the "Antitrust Complaint) is attached hereto as
14  Exhibit "J".

15      I declare under penalty of perjury that the foregoing is true and correct and this Declaration was
16  executed on the ⎰21⎱(S) day of August, 2006 at San Francisco, California.

17

18

19                                         Richard J. Idell

20

21

22

23

24

25

26

27

28

Exhibit "A"

4/3/1

APR 3  5 29 PM '01
REC.  CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARY KREMEN,

        Plaintiff,

v.

STEPHEN MICHAEL COHEN,

        Defendant.

NO. C 98-20718 JW

JUDGMENT

    The Court hereby enters judgment in favor of Plaintiff Gary Kremen against Defendants, Stephen Michael Cohen, Ocean Fund Internacional, Ltd., Ynata ltd. and SandMan Internacional, Ltd jointly in the amount of $40,000,000, plus punitive damages in the sum of $25,000,000 00.

    A constructive trust is imposed upon all monies and properties of the Defendants. The Receiver is ordered to collect and hold such properties pending further order of this Court.

    The warrant of arrest issued on March 2, 2001 shall remain outstanding until defendant Stephen M. Cohen surrenders the property of each defendant to this Court

Dated: April 3, 2001

                             James Ware
                             JAMES WARE
                          United States District Judge

United States District Court
For the Northern District of California

1   THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:

2   George C. Fisher
    Ritchey Fisher Whitman & Klein
3   1717 Embarcadero Road
    P.O. Box 51050
4   Palo Alto, CA   94043

5   Charles Carreon
    814 East Jackson St., Suite C
6   Medford, OR   97504

7   Robert Selvidge
    819 Eddy Street
8   San Francisco, CA   94109

9   Robert S. Dorband
    Duboth & Ross LLC
10  Hampton Oaks, Second Floor
    6665 Southwest Hampton Street
11  Portland, OR   97223

12  James M. Wagstaffe
    Pamela Urueta
13  Kerr & Wagstaffe
    100 Spear Str., Suite 1800
14  San Francisco, CA   94105-1528

15  Richard S. Diestel
    Alison M. Fee
16  Bledsoe, Cathcart, Diestel & Pedersen, LLP
    601 California Street, 16th Floor
17  San Francisco, CA   94108

18  Robin Offner
    Robin Offner & Associates APC
19  501 West Broadway, Suite 2020
    San Diego, CA   92101

20
    Martin Moroski
21  Steven Adamski
    SINSHEIMER, SCHIEBELHUT, BAGGETT
22  & TANGEMAN
    1010 Peach Street, Post Office Box 31
23  San Luis Obispo, CA   93406-0031

24
    Dated: 4/3/01                          Richard W. Wieking, Clerk
25
26                                         By:
                                               Ronald L. Davis
27                                             Courtroom Deputy

28

United States District Court
For the Northern District of California

Exhibit "B"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

GARY KREMEN,

          Plaintiff,

      vs.

STEPHEN MICHAEL COHEN, an individual,
OCEAN FUND INTERNACIONAL, LTD., a
British Virgin Islands corporation, et al.,

          Defendants.

Case No.: CV 98 20718 JW

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

## INTRODUCTION

This is an action by Gary Kremen against Stephen M. Cohen and Sand Man Internacional Limited, Ocean Fund Internacional, Ltd. and Ynata Ltd., companies controlled by Cohen. Kremen is the original registrant of the Internet domain name "sex.com." Kremen sued Cohen and Cohen's corporations for unlawfully taking control of the domain name and profiting from its use. Previous to the trial, based on undisputed evidence that the letter requesting transfer of the domaine name was forged, the Court granted partial summary judgment in favor of Kremen and ordered that the domain name be transferred back to him.

On March 8, 2001, the case came before the Court for non-jury trial of the remaining claims in the case: Kremen's claim for damages for Cohen's unfair business practices and his trespass to personal property; and Kremen's request that the Court impose a constructive trust on certain assets of Cohen and his companies which they allegedly acquired with revenue generated during Cohen's

unlawful use of the domaine name.

H. Sinclair Kerr, Jr., James M. Wagstaffe and Pamela Urueta of Kerr & Wagstaffe, LLP, and Martin P. Moroski of Sinsheimer, Scheibelhut, Baggett & Tangeman P.C. appeared as counsel for plaintiff Gary Kremen.

Robert S. Dorband of DuBoff, Dorband, Cushing & King PLLC appeared as counsel for the defendants.

### Findings of Fact

1. In 1994 Gary Kremen's validly and effectively registered the domain name sex.com with Network Solutions, Inc. ("NSI").

2. Cohen devised and executed a fraudulent plan to steal the domain name "sex.com" from Gary Kremen.

3. Cohen fraudulently forged, or instructed someone to forge, the Dimmick letter.

4. Cohen utilized a similar forgery scheme in 1982 and 1995 when he fraudulently forged, or instructed someone to forge, two letters from one "Araldo Peralta" to the California Secretary of State for Cohen's fraudulent purpose of obtaining clearance to use the name "Omnitec" for one of his businesses.

5. Cohen did not appear for trial. His deposition testimony was that a friend, Vito Franco, contacted "Sharon Dimmick" by telephone or otherwise, obtained authority from her to transfer the sex.com domain name for the payment of $1,000. Cohen testified that in October, 1995, he and Franco traveled to 242 Cole Street, and obtained Dimmick's signature on the letter. In fact, no such contacts ever occurred. Neither Cohen nor Franco ever visited Dimmick or any other person at the 242 Cole Street address and paid her any money. The contents and letterhead of the Dimmick letter were the fraudulent creations of Stephen M. Cohen. Dimmick testified by deposition that she did not sign the letter and, most significantly, she testified that she had no authority to transfer the domaine name to anyone.

6. Cohen sent the forged Dimmick letter to NSI with the intent to steal the domain name "sex.com" from Gary Kremen.

7. After submitting the Dimmick letter to NSI, Cohen sent an e-mail message to NSI that purported to be from Gary Kremen, further authorizing the transfer and providing his (Cohen's)

2

telephone number and e-mail address as the place to contact Mr. Kremen for verification.

8. At the time of the transfer, Cohen had no right to the domain name "sex.com." In an effort to prove that he had prior rights to the trade name "sex.com," Cohen submitted documents purporting to be a print-out of computer "Bulletin Board" pages where he used the name "sex.com" prior to 1995. These documents were bogus. They were fabricated after 1995.

9. Cohen fraudulently and without consideration purported to transfer his supposed interest in "sex.com" to the other defendants; in fact, none of these transfers to the defendants or any other entity were *bona fide*, and Cohen's testimony on the existence and timing of these transfers was false and inconsistent.

10. No transferee of the "sex.com" domain name after October 15, 1995 took that name in good faith or for a reasonably equivalent value.

11. Defendants applied the fraudulently transferred domain name "sex.com" to their own use and purpose, and substantially interfered with Kremen's use of the domain name.

12. But for Cohen's actions in inducing the transfer of the "sex.com" domain name, Kremen would have otherwise had possession of that domain name.

13. Defendants appropriated the "sex.com" domain name to their own use, thereby depriving Kremen of its use, and earning substantial rents, income and profits

14. Cohen's transfers of the "sex.com" domain name to the other Cohen defendants, and any subsequent transfers among them, were made with an actual intent to hinder, delay or defraud Kremen.

15. Kremen has been damaged by defendants' misuse of his asset by the loss of possession of the domain name and the loss of the profits and other property obtained by Cohen.

16. Defendants have refused to produce any meaningful discovery concerning their financial condition, including the profits derived from the "sex.com" domain name.

17. Despite defendants' refusal to produce financial information, plaintiffs have obtained partial financial information from third parties located in the United States. This information shows that defendants realized at least $20.5 million in profits, including prejudgment interest, for the period 1996 through and including November 2000.

18. The $20.5 million amount understates the worldwide profits derived from the "sex.com"

3

1  domain name. The testimony and financial evidence indicating higher profits amount include: AIS's

2  instruction to banner advertisers to send money directly offshore; Cohen's refusal to produce bank

3  statements for the foreign accounts or financial statements for the foreign entities (Sand Man, Ocean

4  Fund, and Ynata); Cohen's statements that the website has 8.5 million members at a monthly rate of

5  $24.95 per member; Cohen's statement that net income for "sex com" was $95.5 million for the

6  quarter ending June 30, 1998; Cohen's testimony that he had a single banner advertiser who paid $2

7  million per month; Cohen's testimony that he turned down multi-million dollar offers to purchase the

8  domaine name.

9      19.  Although the precise amount of profits cannot be ascertained due to the conduct of

10  defendants, the Court finds that as a result of their wrongful possession and use of the "sex.com"

11  domain name, defendants received profits for the period 1996 through November 2000, in an in

12  excess of $40,000,000.

13      20.  Defendants have a substantial net worth in addition to the profits they received from the

14  "sex.com" domain name, including, but not limited to, the following: (a) all profits from membership

15  in "sex.com" or other domain names owned by the defendants, including the over $200 million in

16  membership fees acknowledged by Stephen M. Cohen in his prior sworn statements; (b) the over $1

17  billion in profits described in statements made by defendants or on their behalf to the press; © the

18  other domain names owned by the defendants; (d) the money generated by the operation of the

19  websites under the other domain names owned by the defendants; (e) the fiber optic assets of

20  Sandman and the $10 million amount deposited with the joint venture in the name of the defendants;

21  (f) the Rancho Santa Fe and San Ysidro Properties; and (e) Ynata's ownership of Arab Gulf Bank,

22  Bank of Nevis and interests in oil corporations.

23      21.  In contrast to the sworn testimony of Stephen M. Cohen, and in order to shield the fruits

24  of their conspiratorial efforts, the defendants have transferred the profits from their "sex.com"

25  enterprise to undisclosed offshore locations, and they continue to conceal the funds flowing from the

26  immense volume of revenue generated by the "sex com" domain name in various undisclosed offsho

27  locations.

28      22.  After this Court ordered defendants and their agents the morning of November 27, 2000

to freeze their assets and the proceeds of "sex.com," defendants willfully and deliberately thereafter

4

1    transferred assets to offshore locations in violation of the order.

2         23. Proceeds from defendants' "sex.com" enterprise were utilized to obtain multiple other

3    domain names (as separately described in the Request for Judicial Notice).

4         24. The ""sex.com"" money received by defendants was transferred to Banco Internacional,

5    S.A., Bansomer, S.A. Banco Nacional de Mexico, S.A., ABN AMRO, Bank NV (the Netherlands),

6    ATU General Trust (BVI) Limited (British Virgin Islands), Banque Internacionale, A Luxembourg

     S.A. (Belgium), Liechtensteinische Landes Bank, Aktiengesellschaft (Lichenstein), Rabobank

7    Nederland (Utrecht), Rabobank Jnernational/Rabobank Utrecht, Rabo Robeco Bank (Luxembourg)

8    S.A., Robeco Bank (Luxembourg) S.A., UBS Warberg LLC/UB Stamford, VP Bank Gruppe

9    (Lichenstein), the Bank of N.T. Butterfeld, Sun Limited, and VP Bank (BVI) Limited., and the

10   domain names (itemized in the Request for Judicial Notice) registered with NSI and the

11   corresponding IP addresses therefore controlled by ARIN are held in constructive trust for plaintiff by

12   Kremen.

13        25. Omnitec, created and owned by Stephen M. Cohen, is an entity through which defendants

14   transferred money generated by "sex.com" in the United States

15        26. All the money coming to Omnitec, which was doing business as "scx.com" from 1996

16   through and including November, 2000, came from "sex.com" operations.

17        27. Stephen M Cohen utilized substantial sums of money held by Omnitec to pay personal

     expenses and for other non-Omnitec matters for which there has been no evidence of reimbursement

18   or loans.

19        28. The evidence was clear and convincing that the corporate defendants, along with

20   Omnitec, were the alter egos of Stephen M. Cohen.

21        29. The evidence was clear and convincing that the defendants and each of them, in engaging

22   in the conduct that is the subject of these findings, were acting with malice, fraud and oppression, as

23   well as engaging in despicable conduct, all as defined in California Civil Code section 3294.

24        30. The evidence was clear and convincing that the defendants and each of them, when actin

25   to thwart plaintiff's reasonable discovery requests and other orders of this Court, and in the way in

26   which they interacted with plaintiff Gary Kremen, were acting with and motivated by malice, fraud

     and oppression, as well as engaging in despicable conduct, all as defined in California Civil Code

27

28                                              5

section 3294.

31.  Stephen M. Cohen purchased property at 17427 Los Morros, Rancho Santa Fe, CA 90267 ("Rancho Santa Fe Property") on November 6, 1998 with an approximately $1 million down payment generated solely from "sex.com" proceeds.

32.  Stephen M. Cohen qualified for the home loan on the Rancho Santa Fe property with income identified as coming from Omnitec, whose sole source of money was "sex.com."

33.  Stephen M. Cohen paid off the bank loan for the Rancho Santa Fe property with funds obtained exclusively from "sex.com."

34.  Montano Properties, a California LLC was created in January, 1999 , consisting of Cohen's wife and two daughters as members, albeit with varying percentage interests described in multiple documents.

35.  In contrast to his own testimony on the subject, Stephen M  Cohen transferred the Rancho Santa Fe property to Montano Properties, LLC on January 15, 1999 for no consideration.

36.  Even after the formation of Montano Properties, LLC and its receipt of the Rancho Santa Fe property, "sex.com" funds (through Omnitec) continued to be used to pay property expenses and accountants with no evidence of repayment or loan, and Stephen M. Cohen continued to exercise control over the LLC.

37.  Even after the formation of Montano Properties, LLC, Stephen M. Cohen continued to assert rights as a member of the LLC and he retained a reversionary interest to buy back the shares of the LLC for $1.00.

38.  Stephen M. Cohen purchased the property at 5959 Rail St., San Ysidro, CA 92173 ("San Ysidro property") with "sex.com" funds on June 25, 1999.

39.  In contrast to his deposition testimony, Stephen M. Cohen transferred the San Ysidro property to Montano Properties, LLC on July 7, 2000 for no consideration.

40.  Cohen transferred title to the California real properties in Rancho Santa Fe and San Ysidro for the purpose of protecting those properties from claims of creditors, and he discussed such "restructuring" topics with his accountants during the pendency of this litigation

United States District Court
For the Northern District of California

## Conclusions of Law

1. Jurisdiction over the action rests on 28 U.S.C. §§ 1331-1367.

2. The transfer of the domain name "sex.com" effectuated solely as a result of Cohen's submission of the forged Dimmick letter, is void and constitutes a nullity

3. Gary Kremen is the rightful owner of the domain name "sex.com" and is entitled to its return and a declaratory judgment that he is the rightful owner of this domain name

4. Any subsequent "transfers" of the "sex.com" domain name among the Cohen defendants were fraudulent, without good faith or *bona fide* consideration, and were intended to hinder, delay and defraud its rightful owner, Gary Kremen.

5. The transfers of the domain name "sex.com" originally to Stephen M. Cohen, and later by and between the alter-egos of Stephen M. Cohen, constitute fraudulent conveyances pursuant to California Civil Code section 3439.01 et seq.

6. By inducing NSI to transfer the "sex.com" domain name from Kremen to himself, Cohen gained the "sex.com" domain name by fraud, mistake or other wrongful act, thus creating a constructive trust pursuant to California Civil Code section 2224.

7. As a result of the transfer of the domain name "sex.com" to defendants, they became involuntary trustees of the "sex.com" domain name for the benefit of Kremen

8. Defendants intentionally and without authorization substantially interfered with Kremen's possessory interest in the "sex.com" domain name.

9. Cohen has engaged in unfair business practices in violation of California Business & Professions Code §17200. Defendants and all persons or companies in privity with them are permanently enjoined from interfering with Plaintiff's use of the domain name "sex.com."

10. As a result of defendants' wrongful acts, Plaintiff is entitled to recover the sum of $40,000,000 by way of restitution and disgorgement for the profits generated by defendants' use of the "sex.com" domain name.

11. The corporate defendants, along with any entity (including Omnitec) that was connected in any way with the domain name "sex.com," are the alter egos of Stephen M. Cohen, and the alter egos or one another.

7

12. The Rancho Santa Fe property and the San Ysidro property are subject to a constructive trust for the benefit of Gary Kremen.

13. The domain names identified in the Request for Judicial Notice and the corresponding IP addresses are subject to a constructive trust for the benefit of Gary Kremen.

14. The "sex.com" funds transferred to offshore financial institutions and as described more specifically above are subject to a constructive trust for the benefit of Gary Kremen.

15. Cohen does not have a valid trademark in the term "sex.com"

16. There is clear and convincing evidence that the defendants were guilty of oppression, fraud and malice. Therefore, the Plaintiff is entitled to recover punitive damages.

None of the affirmative defenses asserted by defendants in their answers have any merit.

Dated: April 3, 2001

James Ware

United States District Judge

United States District Court
For the Northern District of California

MAR-09-1988  21:27

**United States District Court**
For the Northern District of California

1    THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:

2    George C. Fisher
     Ritchey Fisher Whitman & Klein
3    1717 Embarcadero Road
     P.O. Box 51050
4    Palo Alto, CA  94043

5    Charles Carreon
     814 East Jackson St., Suite C
6    Medford,  OR  97504

7    Robert Selvidge
     819 Eddy Street
8    San Francisco, CA  94109

9    Robert S. Dorband
     Duboth & Ross LLC
10   Hampton Oaks, Second Floor
     6665 Southwest Hampton Street
11   Portland, OR  97223

12   James M. Wagstaffe
     Pamela Urueta
13   Kerr & Wagstaffe
     100 Spear Str., Suite 1800
14   San Francisco, CA  94105-1528

15   Richard S. Diestel
     Alison M. Fee
16   Bledsoe, Cathcart, Diestel & Pedersen, LLP
     601 California Street, 16th Floor
17   San Francisco, CA  94108

18   Robin Offner
     Robin Offner & Associates APC
19   501 West Broadway, Suite 2020
     San Diego, CA  92101

20   Martin Moroski
     Steven Adamski
21   SINSHEIMER, SCHIEBELHUT, BAGGETT
     & TANGEMAN
22   1010 Peach Street, Post Office Box 31
     San Luis Obispo, CA  93406-0031

23

24                                        Richard W. Wieking, Clerk

25   Dated:

26                                        By:
                                             Ronald L. Davis
27                                           Courtroom Deputy

28

Exhibit "C"

ORIGINAL
FILED

SEP 1 8 2001

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

1

2

3

4   GARY KREMEN,

             Plaintiff,                          Case No. CV 98 20718 JW PVT ENE

5

         vs.

6

STEPHEN MICHAEL COHEN, an individual,
7   OCEAN FUND INTERNACIONAL, LTD., a
foreign company, et al.,                          JUDGMENT AND ORDER CONVEYING
8                                                 TITLE OF PROPERTY BASED ON
             Defendants.                          CONSTRUCTIVE TRUST

9

10  GARY KREMEN,
                                                  DATE: September 17, 2001
11           Ancillary Plaintiff,                 TIME: 3:00 P.M.
                                                  PLACE: Courtroom 8
12        vs.
                                                  The Honorable James Ware
STEPHEN MICHAEL COHEN, an individual,
13  MONTANO PROPERTIES, LLC, a California
Limited Liability Company, JOHN H.
14  BROWNFIELD, an individual, ROBERT
McFARLAND, an individual and ROES 1
15  through 20,

16           Ancillary Defendants.

17

18

19  IT IS ORDERED, ADJUDGED, AND DECREED THAT:

20       1.     Montano Properties LLC ("Ancillary Defendant") holds legal title, in constructive

21  trust for the use and benefit of Gary Kremen (Ancillary Plaintiff), to two parcels of improved

22  real property with respect to which Commonwealth Land Title Insurance Company has issued its

23  1st Amended Preliminary Report No. 1057612-4, dated as of August 3, 2001, a copy of which is

24  attached hereto as Exhibit A (the "Report").

25       2.     The first property so held in constructive trust for the use and benefit of Ancillary

26  Plaintiff is commonly known as 17427 Los Morros, Rancho Santa Fe, California, is referenced

27  as Parcel 1A and Parcel 1B in the Report, and is legally described in Exhibit B hereto (the

28  "Rancho Santa Fe Property").

-1-

3.    The second property so held in constructive trust for the use and benefit of Ancillary Plaintiff is commonly known as 5959 Rail Court, San Ysidro, California, is referenced as Parcel 2 in the Report, and is also legally described in Exhibit B (the "San Ysidro Property"). In this Order, the Rancho Santa Fe Property and the San Ysidro Property, together with all improvements thereon, are collectively referred to as the "Properties".

4.    Ancillary Plaintiff is entitled to have legal title to the Properties conveyed to him and is entitled to the sole possession of the Properties.

5.    Ancillary Defendant, and all persons, other than Ancillary Plaintiff, claiming under Ancillary Defendant, have no estate, right, title, lien, or interest in or to the Properties.

6.    Ancillary Defendant, and all persons, other than Ancillary Plaintiff, claiming under Ancillary Defendant, are permanently enjoined and restrained from asserting any estate, right, title, lien, or interest in or to the Properties, or any part thereof, adverse to the rights and claims of plaintiff in or to the Properties.

7.    Ancillary Defendant is directed within two (2) business days of execution of this Order to execute, acknowledge and deliver to Ancillary Plaintiff a good and sufficient grant deed conveying to Ancillary Plaintiff all the estate, right, title, lien, or interest in or to the Properties, and every part thereof, held or claimed to be held by defendant. Title to the Rancho Santa Fe Property shall be conveyed by Ancillary Defendant to Ancillary Plaintiff subject to no more than those exceptions to title shown for Parcels 1A and 1B in the Report. Title to the San Ysidro Property shall be conveyed by Ancillary Defendant to Ancillary Plaintiff subject to no more than those exceptions to title shown for Parcel 2 in the Report.

8.    In the event Ancillary Defendant fails or refuses to execute, acknowledge, and deliver such grant deed within two (2) business days of the execution of this Order, this judgment and decree shall have the effect and operation, at law and in equity, of such a conveyance, and shall vest in plaintiff all estate, right, title, lien, or interest in or to the Properties.

-2-

1        9.    The San Diego County Recorder is hereby ordered to record this Order with

2

3    respect to the referenced properties.

4

5

6    Dated: September 17 2001

                                        United States District Judge

Exhibit "D"

1  JAMES M. WAGSTAFFE, ESQ. #95535
   PAMELA URUETA, ESQ., #184579
2  KERR & WAGSTAFFE LLP
   100 Spear Street, Suite 1800
3  San Francisco, CA 94105
   Telephone: (415) 371-8500
4  Facsimile: (415) 371-0500

5  RICHARD J. IDELL, ESQ., #069033
   JENNIFER A. MARONE, ESQ., #208858
6  IDELL, BERMAN & SEITEL
   530 Bush Street, Suite 601
7  San Francisco, CA 94108
   Telephone: (415) 986-2400
8  Facsimile: (415) 392-9259

9  Attorneys for Plaintiff
   GARY KREMEN
10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                        SAN JOSE DIVISION
13

14
   GARY KREMEN                    ) Case No.:  C 98 20718 JW PVT
15                                )
            Plaintiff,            ) ORDER RE: REGISTRATION OF IP
16                                ) NUMBERS (NETBLOCKS) IN THE NAME
        vs.                       ) OF JUDGMENT CREDITOR
17                                )
   STEPHEN MICHAEL COHEN, et al.; ) Date: September 17, 2001
18                                )
            Defendants.           ) Time: 3:00 p.m.
19                                )
                                  ) Place: Courtroom 8
20                                )        Honorable Judge James Wa:
                                  )
21 _____)

22

23
        Pursuant to the Application of Plaintiff, Gary Kremen, and as
24
   based on the record before this Court, and good cause shown,
25
   _____
   ORDER RE: REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE NAME OF JUDGMENT CREDITO:
                                  1

1    IT IS HEREBY ORDERED that the IP Numbers identified as Exhibit

2  "A" to the Declaration of Gary Kremen on file herein be registered

3  the name of Plaintiff Gary Kremen.   In furtherance of this Order,

4  AMERICAN REGISTRY OF INTERNET NUMBERS ("ARIN") is ORDERED to regist

5  IP Numbers on the list to Gary Kremen forthwith.   Specifically ARIN

6  is ordered to change the registration record of each of these IP

7  Numbers (netblocks) as follows:   all fields (registrant,

8  administration contact, etc.) shall be in the name of Gary Kremen,

9  listing his address as 2542 Third Street, San Francisco, CA 94107,

10  telephone number as (415) 217-5121; facsimile number as (415) 285-

11  7111; and E-mail as Gary@sex.com.

12  Dated: *September 17, 2001*   *James W. Ware*

13

14                                    Honorable Judge James Ware

15

16

17

18

19

20

21

22

23

24

25

ORDER RE: REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE NAME OF JUDGMENT CREDITOR

2

1  JAMES M. WAGSTAFFE, ESQ. #95535
   PAMELA URUETA, ESQ., #184579
2  KERR & WAGSTAFFE LLP
   100 Spear Street, Suite 1800
3  San Francisco, CA 94105
   Telephone: (415) 371-8500
4  Facsimile: (415) 371-0500

5  RICHARD J. IDELL, ESQ., #069033
   JENNIFER A. MARONE, ESQ., #208858
6  IDELL, BERMAN & SEITEL
   530 Bush Street, Suite 601
7  San Francisco, CA 94108
   Telephone: (415) 986-2400
8  Facsimile: (415) 392-9259

9  Attorneys for Plaintiff
   GARY KREMEN

ORIGINAL
FILED

SEP 18 2001

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN | ) Case No.:  C 98 20718 JW PVT |
| Plaintiff, | ) **EX PARTE** APPLICATION FOR ORDER |
| vs. | ) REQUIRING REGISTRATION OF IP<br>) NUMBERS (NETBLOCKS) IN THE NAME<br>) OF JUDGMENT CREDITOR |
| STEPHEN MICHAEL COHEN, et al., | ) Date: September 17, 2001 |
| Defendants. | ) Time: 3:00 p.m. |
| | ) Place: Courtroom 8<br>)        Honorable Judge James Ware |

COMES NOW, Gary Kremen, and files this _ex parte_ application for

Order requiring registration of IP Numbers (netblocks) in the name of

Gary Kremen which are now registered in the name of the judgment

ORIGINAL

1  debtors, Stephen Michael Cohen and his companies, their alter egos o

2  affiliates.

3      Attached to the Declaration of Gary Kremen as Exhibit "A" is a

4  list of IP Numbers (netblocks) under which Stephen Michael Cohen, hi

5  companies, their alter egos or affiliates are doing business or have

6  been doing business.

7      As the Court is well aware, Gary Kremen obtained a judgment for

8  Sixty-Five Million Dollars ($65,000,000.00) and a judgment imposing

9  constructive trust on assets of the judgment debtors.

10      By this ex parte motion, Gary Kremen seeks an order requiring

11  registration of these IP Numbers (netblocks) in the name of Mr.

12  Kremen. The registrant for these IP Numbers (netblocks) is the

13  American Registry of Internet Numbers ("ARIN").

14      This ex parte motion is based upon this Notice of Motion, the

15  Declaration of James M. Wagstaffe, the Declaration of Gary Kremen an

16  the exhibit thereto and such other and further matters as may come

17  before the Court on the hearing of this matter.

18

19  Dated: 9/17/01                     KERR & WAGSTAFFE LLP

20

21

22  By: _____

23      James Wagstaffe, Esq.
       Attorneys for Plaintiff
       GARY KREMEN

24

25

1    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATIO

2    FOR ORDER REQUIRING REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE
     NAME OF JUDGMENT CREDITOR

3        The Court may make such orders as are necessary and appropriate

4    in order to aid in the execution of its judgments.

5        Fed. Rule of Civ. Proc. Rule 69(a), 28 U.S.C.A.; Cal. Rule of

     Court Rule 303(a)(2).

6

7    DECLARATION OF JAMES M. WAGSTAFFE IN SUPPORT OF EX PARTE APPLICATIO
     FOR ORDER REQUIRING REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE

8    NAME OF JUDGMENT CREDITOR

9        I, James M. Wagstaffe, do state as follows:

10       1.   I am an attorney at law, licensed to practice before all

11   the courts of the state of California. I am a partner of the fi

12   Kerr & Wagstaffe.    That firm represents Gary Kremen in the abo

     action. All of the matters stated herein are of my own personal

13
     knowledge and if sworn in as a witness I could testify competently t

14
     the matters stated herein.

15       2.   I am familiar with all the records and files in this

16   action.

17       3.   Attached as Exhibit "A" to the Declaration of Gary Krem

18   is a copy of certain IP Numbers (netblocks) that are current

19   registered to Stephen Michael Cohen, his companies, their alter eg

     or affiliates. These Internet IP Numbers (netblocks) are register

20   with American Registry of Internet Numbers ("ARIN").

21       4.   Pursuant to the Court's judgment of April 3, 2001,

22   Plaintiff, Gary Kremen, is entitled to the imposition of constructi

23   trust on all assets of Stephen Michael Cohen and his companies.

24       5.   It is respectfully submitted that the Court enter an order

25

EX PARTE APPLICATION FOR ORDER REQUIRING REGISTRATION OF IP NUMBERS (NETBLOCKS) I
THE NAME OF JUDGMENT CREDITOR - 3

1  requiring ARIN to register these IP Numbers (netblocks) listed on t

2  said Exhibit "A" to Gary Kremen.  As shown by the Declaration of Ga

3  Kremen, investigation and search has shown that these IP Numbers a

4  currently in use by Cohen, his companies, their alter egos

   affiliates.

5

6      I declare under penalty of perjury under the laws of the State

7  of California that the foregoing is true and correct and that this

8  declaration is executed on this ___17t___ day of ___Splnte___, 2001 at S

   Francisco, California.

9

10  Dated: ___9|17|01___                    ___James Wagstffe___
                                            James M. Wagstffe

11

12      DECLARATION OF GARY KREMEN IN SUPPORT OF EX PARTE APPLICATION FOR
13  ORDER REQUIRING REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE NAME (
                        JUDGMENT CREDITOR

14      I, GARY KREMEN, do state as follows under penalty of perjury:

15      1.   I am the Plaintiff in the above action.  All of the matter

16  set forth in this declaration are of my own personal knowledge and i

17  sworn as a witness I can testify competently as to the matters state

18  herein.

19      2.   IP Numbers are the actual numeric addresses linked to

20  domain names.  IP stands for internet protocol.  American Registry o

21  Internet Numbers ("ARIN") is a non-profit organization that allocate

22  IP Numbers to users.  Netnames are an English language phrase that

23  corresponds to a range of IP Numbers.  This is done because it is

24  easier to use an English pneumonic than a range of numbers.

25

1  Netblocks are the actual blocks of numbers.  Autonomous System

2  Numbers are numbers used by computer routers to optimize the flow of

3  IP traffic.  ARIN assigns such numbers as relates to computer

4  networks under common control.  Sand Man, a Cohen company, is one of

5  the supporters of ARIN who make voluntary donations to ARIN.

6      2.   I have reviewed Internet listings of net blocks and

7  autonomous system addresses currently in use by Steven Michael Cohen

8  and/or his companies, their alter egos or affiliates ("Cohen

9  Parties") and I have determined that the netblocks and autonomous

10  system names and numbers listed on Exhibit "A" attached hereto are

11  currently in use by Cohen Parties.  I made this determination by

12  analyzing prior Internet addresses, as to which this Court made a

13  prior order, to determine which IP Numbers (netblocks) and autonomous

14  system addresses were utilized for those addresses. I compared the

15  addresses for the registration of the netblocks and autonomous system

16  numbers and determined in all cases that all were registered to

17  Cohen's address of P.O Box 433168, San Diego, California 92143 and

18  registered by Cohen himself, his companies, Cohen alter egos or

19  affiliates.

20      I declare under penalty of perjury that the foregoing is true

21  and correct and that this declaration was executed on the 17th day of

22  September, 2001, at San Francisco, California.

23  Dated:  9/17/2001

24                                      Gary Kremen

25

Exhibit "A"

Net Blocks:

Netname: PACNET-MX1
Netblock: 209.205.192.0 – 209.205.239.255
Maintainer: PCNT

      Pacnet, S.A. de C.V. (NETBLK-PACNET-MX1)
      P.O. Box 433168
      San Diego, CA 92143
      US

   Coordinator:

      Pacnet, S.A. de C.V. (SCP1-ARIN) ip@pacnet.com.mx
      52 66 33 90 71

      Including but not limited to: NS1.PACNET.COM.MX 209.205.195.50 and
      NS2.PACNET.COM.MX 209.205.195.70

Netname: UU-208-214-46
Netblock: 208.214.46.0 – 208.214.47.255
Maintainer: SAND

      Sand Man International
      San Diego, CA 92101
      US

   Coordinator:

      Cohen, Stephen Michael (SMC43-ARIN) steve@SEX.COM
      0115266 343480 (FAX) 0115266 343480

Netname: PACNET-MX
Netblock: 64.19.192.0- 64.19.239.255
Maintainer: SAND

      Sand Man International Limited S.A. de C.V. (NET-PACNET-MX)
      P.O. Box 433168
      San Diego, CA 92143
      USA

   Coordinator:

      de C.V., PACNET S.A. (MM1338-ARIN) ip@pacnet.com.mx

52 66 34 34 80 (FAX) 52 66 34 64 86

Autonomous System Numbers:

Autonomous System Name: PACNET-MX
Autonomous System Number: 20228

     Pacnet S.A. de C.V. (ASN-PACNET-MX)
     P.O. Box 433168
     San Diego, CA 92143
     US

Coordinator:

     de C.V. PACNET S.A. (MM 1838-ARIN) IP@pacnet.com.mx
     52 66 34 34 80 (FAX) 52 66 34 64 86

Autonomous System Name: SEXCOM
Autonomous System Number: 11083

     Ocean Fund International Ltd.
     Paseo De Los Heroes, #10105
     Piso 7th, Del Rio Tijuana
     Del Rio Tijuana
     Tijuana, Baja California CP 22320
     MX

Coordinator:



     Cohen, Stephen Michael (SMC4-ARIN)
     steve@omnitec.com
     0115266343480 (FAX) 0115266 346486

Exhibit "E"

1  RICHARD J. IDELL, ESQ., #069033
   IDELL, BERMAN & SEITEL
2  530 Bush Street, Suite 601
   San Francisco, CA 94108
3  Telephone: (415) 986-2400
   Facsimile: (415) 392-9259
4
   Attorneys for Plaintiff
5  GARY KREMEN

FILED

Oct 26  10 06 AM '04

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIS. OF CA. S.J.

6                UNITED STATES DISTRICT COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8                     SAN JOSE DIVISION

RECEIVED

SEP 14 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA
SAN JOSE

10  GARY KREMEN,                     )  Case No.:  C 98 20718 JW PVT
                                     )
11          Plaintiff,               )  [PROPOSED] ORDER IN AID OF
                                     )  EXECUTION OF JUDGMENT RE:
12          vs.                      )  TRADEMARK APPLICATION
                                     )
13  STEPHEN MICHAEL COHEN, et al.,   )
                                     )
14          Defendants.              )
                                     )
15                                   )
                                     )

16

17          The Court, having issued a judgment in the above matter, on April 3, 2001, in the amount of

18  Sixty-Five Million Dollars ($65,000,000.00) and imposing a constructive trust on all of the assets of

19  Stephen Michael Cohen ("Cohen"), and good cause appearing therefore, the Court makes the following

20  findings and order:

21          1.      Stephen Michael Cohen, at times and places prior to the entry of judgment, to wit, on

22  May 20, 1996, filed at the United States Patent and Trademark Office Application Serial No. 75/10663

23  for the mark "SEX.COM". Said application was deemed registrable by the United States Patent and

24  Trademark Office and approved for publication in connection with "providing access to an electronic

25

[PROPOSED] ORDER IN AID OF EXECUTION OF JUDGMENT RE: TRADEMARK APPLICATION -

1  bulletin board in the field of adult entertainment", in Class 42. Said application was published for

2  opposition in the Official Gazette of the USPTO on December 2, 1997.

3     2.    Moving party and Ancillary Plaintiff in this action Gary Kremen opposed said

4  Application Serial No. 75/106638, primarily on the ground that Kremen was the rightful owner of the

5  trademark "SEX.COM" and of the domain name "sex.com", and that Cohen had misappropriated the

6  domain name "sex.com" by making false representations to Network Solutions, Inc.

7     3.    On August 14, 1998, Cohen filed a Motion with the USPTO to suspend Gary Kremen's

8  Opposition to the Cohen Application pending the outcome of the civil action. On December 2, 1998, the

9  USPTO suspended Gary Kremen's Opposition to the Cohen Application.

10    4.    On June 3, 2003, the USPTO entered a default judgment against Cohen, refused

11  registration of the Cohen Application and sustained Kremen's Opposition to the Cohen Application.

12    5.    On July 2, 2003, Gary Kremen petitioned the USPTO to reconsider the default judgment

13  against Cohen, on the basis that the default judgment would render the Cohen Application worthless,

14  which would frustrate the judgment for Gary Kremen in the civil action. On March 8, 2004, the USPTO

15  set aside its order of June 3, 2003, and suspended the proceedings pending the assignment of the Cohen

16  Application to Gary Kremen in accordance with an order in aid of execution by this Court.

17    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that any and all rights of Stephen

18  Michael Cohen in and to the certain Trademark Application Serial No. 75/106638, now pending before

19  the Trademark Office and the subject of pending Trademark Trial & Appeal Board Opposition No.

20  110,033, are, in accordance with the judgment ordering the imposition of a constructive trust, now the

21  property of Gary Kremen.

22    The Court further finds that the public use by Stephen Michael Cohen and the goodwill

23  associated with the prior use of the domain name and of the mark inures to the benefit of Gary Kremen

24  by virtue of the imposition of the constructive trust as set forth in the judgment of April 3, 2001, on the

25  assets of Stephen Michael Cohen.

1    Pursuant to the judgment ordering the imposition of a constructive trust, Gary Kremen, is

2    deemed to have acquired the goodwill associated with the use of the mark

3    The United States Patent and Trademark Office is hereby ordered to transfer the pending

4    Application Serial No. 75/106638 for the mark "SEX.COM" to Gary Kremen, and to comply with any

5    requests by Gary Kremen required to effect full right, title and interest to the Cohen Application to Gary

6    Kremen, with no rights remaining in the name of Stephen Michael Cohen.

7

8    It is so ordered.

9    Dated: _October 25, 2004_

10                                              Honorable Judge James Ware
                                                United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

Richard Idell
530 Bush Street, Suite 601
San Francisco, CA 94108

Dated: 10/26/06

Richard W. Wieking, Clerk

By: _____

Ronald L. Davis
Courtroom Deputy

United States District Court
For the Northern District of California

Exhibit "F"

**FILED**

SEP 2 8 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN, an individual,<br><br>      Plaintiff,<br><br>      v.<br><br>STEPHEN MICHAEL COHEN, an individual,<br>OCEAN FUND INTERNATIONAL, LTD., a<br>foreign company, SAND MAN<br>INTERNACIONAL LIMITED, a foreign<br>company, SPORTING HOUSES<br>MANAGEMENT CORPORATION, a Nevada<br>Company, SPORTING HOUSES OF AMERICA,<br>a Nevada company, SPORTING HOUSES<br>GENERAL, INC., a Nevada, company, and DOES<br>1-20 inclusive,<br><br>      Defendants. | Case No.: C 98 20718 JW PVT<br><br>ORDER GRANTING MOTION FOR<br>TURNOVER OF PROPERTY;<br>ORDER SETTING HEARING WITH<br>RESPECT TO FIXTURES IN OTAY MESA<br>PROPERTY |

      This Court's Order to Show Cause re: Determination of Ownership and Turnover of Property re: Execution on Judgment came before this Court for hearing on September 22, 2005. Richard J. Idell of Idell, Berman, Seitel and Rutchik, LLP appeared on behalf of Plaintiff Gary Kremen ("Kremen"). Jack Hanna Brownfield, Miguel Betancourt and all other interested parties appeared on their own behalves and on behalf of the entities they represent.

      The Court, being satisfied that all interested parties were served with this Court's September 12, 2005 Temporary Restraining Order and Order to Show Cause re: Determination of Ownership and

1    Turnover of Property re: Execution on Judgment ("TRO"), and having heard the arguments of counsel

2    and all interested parties, finds as follows:

3        I.    **General Findings of Fact.**

4        (a)    The property subject to the TRO is in the constructive possession, custody or control of

5    Defendant Stephen Michael Cohen ("Cohen") and/or other individuals and/or entities acting in concert

6    with Cohen to evade the enforcement of Kremen's valid, final Judgment, as issued by this Court on

7    April 3, 2001 in the amount of Sixty-Five Million Dollars ($65,000,000.00) (the "Judgment");

8        (b)    Kremen has shown that the following individuals and/or entities are all acting in concert

9    with Cohen to evade the enforcement of the Judgment, including entities which have already been

10   determined by this Court to be alter egos of Cohen:

11       1.    Entities acting in concert with Cohen ("Cohen Affiliated Entities"):

12       ○    Pacnet, Incorporated, a California corporation ("Pacnet CA"), Pacnet, Inc., a

13           Nevada corporation ("Pacnet NV"), Pacnet, S.A. de C.V., a Mexican corporation

14           ("Pacnet MX") (Pacnet CA, Pacnet NV and Pacnet MX are collectively referred

15           to as "Pacnet");

16       ○    WLCom, S.A. de C.V a.k.a. WL Com Del Noroeste, SA de CV a.k.a. WL Com

17           a.k.a. WL Com Del Noroeste, a Mexican corporation. ("WLCom");

18       ○    Speednet Ltd., a Vanuatu corporation a.k.a. Speednet, an Israeli company

19           ("Speednet");

20       ○    Mexico Lending, Ltd., a Nevada corporation ("Mexico Lending");

21       ○    Fastcalled, Inc., a California corporation ("Fastcalled");

22       ○    Sandman Internacional Limited, S.A. de C.V., a Mexican corporation a.k.a. Sand

23           Man International, S.A., a Mexican corporation ("Sandman");

24       ○    Omnitec a.k.a. Omnitec International, a Nevada corporation ("Omnitec");

25       ○    Ocean Fund International, Ltd, a British Virgin Islands company ("Ocean Fund");

26       ○    International Sea Farms, Inc., a Nevada corporation ("Sea Farms");

27       ○    Montano Properties, LLC ("Montano Properties");

1    o    Pinche Galicot, Inc., a Nevada corporation ("Pinche");

2    o    Ezcallme.com ("Ezcallme.com");

3    2.    Individuals acting in concert with Cohen ("Cohen Affiliated Individuals"):

4    o    Jack Brownfield a.k.a. John Brownfield a.k.a. John Hanna Brownfield a.k.a. Jack

5        Hanna Brownfield ("Brownfield");

6    o    Jhuliana Cohen a.k.a. Jhuliana Aramis Urias Montano a.k.a. Jhuliana Armis

7        Cohen a.k.a. Jhuliana Urias ("Jhuliana Cohen");

8    o    Rosa Cohen a.k.a. Rosa A. Montano De Cohen a.k.a. Rosa Armida a.k.a. Rosa

9        Armida Montano a.k.a. Rosa Montano a.k.a. Rosa Montano Ruiz ("Rosa Cohen");

10    o    Miguel Betancourt a.k.a. Miguel Antonio Betancourt Ochoa ("Betancourt");

11    o    Juan José Martinez Iñiguez a.k.a. Juan Jose (Steve) Martinez ("Martinez");

12    o    Roy Diaz ("Diaz");

13    o    Anthony Soberanes ("Soberanes");

14  The Cohen Affiliated Entities, Cohen Affiliated Individuals and those unknown acting in concert with

15  Cohen are collectively referred to herein as the "Cohen Affiliates";

16    II.    Otay Mesa Facility.

17    (a)    Kremen has shown that Cohen is the owner of certain personal property located at 8675

18  Avenida Costa Norte, Suite A, Otay Mesa, California 92154 (the "Otay Mesa Facility");

19    (b)    Kremen has determined the nature and extent of the assets in the constructive possession,

20  custody or control of Cohen and the Cohen Affiliates located at the Otay Mesa Facility;

21    (c)    The personal property located at the Otay Mesa Facility, subject to the TRO and listed in

22  the attached Exhibit A hereto, is in the constructive possession, custody or control of Cohen and/or the

23  Cohen Affiliates;

24    (d)    An order directed to the owners and/or those in possession, care, custody or control of the

25  Otay Mesa Facility to turn over certain property located at the Otay Mesa Facility will aid in Kremen's

26  ability to execute on the Judgment;

27

III.    San Ysidro Facility.

(a)    Kremen has shown that Cohen is the owner of certain personal property located at 4650 Border Village Road, San Ysidro, California 92173 (the "San Ysidro Facility");

(b)    Kremen has determined the nature and extent of the assets in the constructive possession, custody or control of Cohen and the Cohen Affiliates located at the San Ysidro Facility;

(c)    The personal property located at the San Ysidro Facility, subject to the TRO and listed in the attached Exhibit A hereto, is in the constructive possession, custody or control of Cohen and/or the Cohen Affiliates;

(d)    An order directed to the owners and/or those in possession, care, custody or control of the Otay Mesa Facility to turn over certain property located at the San Ysidro Facility will aid in Kremen's ability to execute on the Judgment;

IV.    Cohen Affiliated Entities.

(a)    Kremen has shown that the Cohen Affiliated Entities are companies actually or beneficially owned by Cohen and/or others acting in concert with Cohen to avoid paying Kremen the Judgment amount;

(b)    All assets of the Cohen Affiliated Entities (including but not limited to any and all personal, tangible or intangible property, real property, bank accounts, accounts receivable, contracts, Domain Names, customer lists, customers, vendor relationships, ASN numbers, IP addresses, BGP-4 routing tables and telephone numbers) are deemed to be held in constructive trust for the benefit of Kremen;

(c)    An order turning over any tangible or intangible property of the Cohen Affiliated Entities will aid in Kremen's ability to execute on the Judgment;

V.    Domain Names.

(a)    Kremen has shown that Cohen and/or the Cohen Affiliates are the registrant owners of the following domain names (the "Domain Names"):

| DOMAIN NAME | REGISTRANT | INTERNET SERVICE PROVIDER, REGISTRAR, REGISTRY OR EMAIL PROVIDER |
|---|---|---|
| Bajatel.com | Sand Man International (In legal lock) | Network Solutions, LLC |
| Bajatel.net | (In Legal Lock) | Network Solutions, LLC |
| Ezhotmail.com | Ocean Fund International (In legal lock) | Network Solutions, LLC |
| montanoproperties.com | Montano Properties  LLC (In legal lock) | Network Solutions, LLC |
| Nudistcamps.com | Ocean Fund International, Ltd. (In legal lock) | Network Solutions, LLC |
| Thead.com | Sand Man International. (In legal lock) | Network Solutions, LLC |
| Stonedoctors.com | (In Legal Lock) | Network Solutions, LLC |
| 17q.com | Speednet Ltd. | Namescout Corp. (via Versign, Inc.) |
| Babyrock.com | WL Com Del Noroeste, SA de CV | Go Daddy Software, Inc. |
| Bajacom.com | WL Com Del Noroeste, SA de CV | Namescout Corp. (via Versign, Inc.) |
| Bajacom.net | WL Com Del Noroeste, SA de CV | Namescout Corp. (offshore, to be changed at Versign, Inc.) |
| Lalifestyles.com | WL Com Del Noroeste, SA de CV | Go Daddy Software, Inc. |
| 4fuck.info | Speednet Ltd. | Afilias USA, Inc. |
| 4fuck.net | Speednet Ltd. | Go Daddy Software, Inc. |
| Ezfuck.net | Speednet Ltd. | Go Daddy Software, Inc. |
| Ezhotfuckers.com | Speednet Ltd. | Go Daddy Software, Inc. |
| Ezhotfuckers.net | Speednet Ltd. | Go Daddy Software, Inc. |
| Fuckinglove.com | Speednet Ltd. | Go Daddy Software, Inc. |
| Fuckinglove.net | Speednet Ltd. | Go Daddy Software, Inc. |
| Letsfuckandsuck.com | Speednet Ltd. | Go Daddy Software, Inc. |
| Letsfuckandsuck.net | Speednet Ltd. | Go Daddy Software, Inc. |
| Love2fuck.net | Speednet Ltd. | Go Daddy Software, Inc. |
| Nastydate.com | Sandman International, Ltd., SA de CV | Network Solutions, LLC |
| Wantafuck.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Wefuck.net | Speednet Ltd. | Go Daddy Software, Inc. |
| Welove2fuck.com | Speednet Ltd. | Go Daddy Software, Inc. |
| Welove2fuck.net | Speednet Ltd. | Go Daddy Software, Inc. |
| Worldfucking.com | Speednet Ltd. | Go Daddy Software, Inc. |
| Worldfucking.net | Speednet Ltd. | Go Daddy Software, Inc. |
| Nastydate.com | Sandman International, Ltd., SA de CV | Network Solutions, LLC |
| 14n.net | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| 7us.net | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Bolersmensclub.com | WL Com Del Noroeste, SA de CV | Wild West Domains, Inc. |
| Bolerotijuana.com | WL Com Del Noroeste, SA de CV | Wild West Domains, Inc. |
| Cybertravel.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Desnudonoticias.com | WL Com del Noroeste, SA de CV | Go Daddy Software, Inc. |
| Desnudonoticias.net | WL Com del Noroeste, SA de CV | Go Daddy Software, Inc. |

| DOMAIN NAME | REGISTRANT | INTERNET SERVICE PROVIDER, REGISTRAR, REGISTRY OR EMAIL PROVIDER |
|---|---|---|
| Drcuervo.com | WL Com Del Noroeste, SA de CV | Wild West Domains, Inc. |
| Earthstation5.org | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Eqchat.com | WL Com Del Noroeste, SA de CV | Wild West Domains, Inc. |
| Eqsecrets.com | WL Com Del Noroeste, SA de CV | Wild West Domains, Inc. |
| Es5.be | Speednet Ltd. | Versign GRS |
| Es5.cc | WL Com Del Noroeste, SA de CV | Versign GRS |
| Es5.com | WL Com Del Noroeste, SA de CV | Namescout Corp. (offshore, to be changed at Versign, Inc.) |
| Es5.info | Earthstation V, Ltd. | Afilias USA, Inc. |
| Es5.org.uk | Speednet, Ltd. | Versign GRS |
| Ezcallme.com | EZCallMe Ltd. | Onlinenic, Inc. |
| Ezcallme.net | EZCallMe Ltd. | Onlinenic, Inc. |
| Ezcallme.org | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Ezdateme.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Ezfuckme.com | WL Com Del Noroeste, SA de CV | Wild West Domains, Inc. |
| Fastcalled.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Fastcalled.net | WL Com Del Noroeste, SA de CV | Wild West Domains, Inc. |
| Fuckersnet.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Fuckheads.net | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Go15.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Granjasdelmar.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Happyfuckers.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Intseafarms.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Ladyfuck.net | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Ladyfuckers.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Livevideodate.net | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Mexicolending.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Mexicolending.net | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Net-speed.net | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Oceantel.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Orientalfucking.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| P2news.com | WL Com Del Noroeste, SA de CV | Wild West Domains, Inc. |
| P2news.info | WL Com Del Noroeste, SA de CV | Afilias USA, Inc. |
| P2news.net | WL Com Del Noroeste, SA de CV | Wild West Domains, Inc. |
| Seafarmsint.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Speed-net.com | WL Com Del Noroeste, SA de CV | Namescout Corp. (via Versign, Inc.) |
| Speed-net.net | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Thefuckers.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| W82.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |

| DOMAIN NAME | REGISTRANT | INTERNET SERVICE PROVIDER, REGISTRAR, REGISTRY OR EMAIL PROVIDER |
|---|---|---|
| Wantaeatme.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Wantaeatpussy.com | WL Com Del Noroeste, SA de CV | Wild West Domains, Inc. |
| Wantafuck.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Youwannafuck.com | WL Com Del Noroeste, SA de CV | Onlinenic, Inc. |
| Earthstation5.com | Speednet Ltd., A Vanuatu Corporation | Namescout Corp. (via Verisign, Inc.) |
| Earthstation5.net | Speednet Ltd., A Vanuatu Corporation | Namescout Corp. (via Verisign, Inc.) |
| Corenoc.net | WL Com Del Noroeste, SA de CV | Go Daddy Software, Inc. |
| Globalteleport.com | Global Teleport using Wlcom.com.mx Domain Servers and Cohen PO Box | Go Daddy Software, Inc. |

(b)    An order directed to the internet service providers, registrars, registries and/or electronic mail ("email") providers of the Domain Names, directing them to turn over the Domain Names, will aid in Kremen's ability to execute on the Judgment;

VI.    Bank Accounts.

(a)    Kremen has shown that Cohen and/or the Cohen Affiliates are the actual or beneficial owners of the following bank accounts (the "Bank Accounts"):

| Bank | Account Number | Name on Account |
|---|---|---|
| Washington Mutual | 4291344657 | Miguel Betancourt |
| San Diego National Bank | 1700187680 | Miguel Betancourt |
| MBNA | 10014000265 | Stephen Cohen |
| Wells Fargo | 784364614 | Stephen Cohen |
| Wells Fargo | 784964614 | Stephen Cohen |
| Wells Fargo | 2000455358 | FastCalled, Inc. |
| Wells Fargo | 8350041250 | Miguel Betancourt |
| MBNA | 10014000265 | Stephen Cohen |

(b)    An order directed to the banks maintaining the Bank Accounts, directing them to turn over the Bank Accounts, will aid in Kremen's ability to execute on the Judgment;

1    **VII.    Receiving Facilities.**

2        (a)    Kremen has shown that Cohen and those acting in concert with Cohen have used the

3    following receiving facilities (the "Receiving Facilities") to receive personal property and

4    correspondence in an effort to evade Kremen's Judgment:

5                    o    511 E. San Ysidro Boulevard, #246, San Ysidro, CA 92173

6                    o    4650 Border Village Road, San Ysidro, CA 92143

7                    o    P.O. Box 530069, San Diego, CA 91253

8                    o    8675 Avenida Costa Norte, Suite A, San Diego, CA 92154

9                    o    482 W. San Ysidro Boulevard, Suite 190, San Ysidro, CA 92173

10                   o    P.O. Box 433168, San Diego, CA 92143

11       (b)    An order directed to the owners and/or those in possession, care, custody or control of the

12   Receiving Facilities, directing them to turn over all property and correspondence received at the above-

13   referenced addresses, will aid in Kremen's ability to execute on the Judgment by allowing Kremen to

14   inventory the property and correspondence received at the Receiving Facilities and determine the nature

15   and extent of the payments, correspondence related to payments and other assets of Cohen and personal

16   property sent to Cohen and/or the Cohen Affiliates at the Receiving Facilities;

17   **IX.    Cohen Affiliated Individuals**

18       (a)    Kremen has shown that the Cohen Affiliated Individuals have acted in concert with

19   Cohen to evade, avoid or otherwise make more difficult Kremen's collection efforts on the Judgment.

20   Kremen has further shown that the Cohen Affiliated Individuals have actively aided and abetted Cohen

21   in disobeying previous orders issued by this Court;

22       (b)    An order directed to the Cohen Affiliated Individuals, that they be prevented from further

23   assisting Cohen and/or the Cohen Affiliates from evading, avoiding and making more difficult Kremen's

24   collection efforts on the Judgment, will aid in Kremen's ability to execute on the Judgment;

25       (c)    All assets of the Cohen Affiliated Individuals that are deemed to originate from Cohen or

26   those acting in concert with Cohen are deemed to be held in constructive trust for the benefit of Kremen;

27

1    **X.    Further Encumbrance of Assets Held in Constructive Trust of Cohen**

2       (a)    Kremen has shown that Cohen and those acting in concert with Cohen have encumbered

3    Cohen's assets, to the detriment of Kremen, by increasing debt and obtaining credit lines and other debt

4    instruments;

5       (b)    Kremen has shown that Cohen and/or those acting in concert with Cohen have utilized

6    the following debt accounts, all paid by Cohen, to encumber Cohen's assets (the "Credit Card

7    Accounts"):

| Company | Account Numbers | Holder | Authorized Signators and Respective Sub-Accounts |
|---|---|---|---|
| AMEX[1] | 3722-625133-8100 | Stephen Cohen for Omnitec | Stephen Cohen |
| AMEX | 3713-880200-02002 | Stephen Cohen | Stephen Cohen |
| AMEX | 3727-119940-1107 | Stephen Cohen | Jack Brownfield (3727-119940-11056) Miguel Betancourt (3727-119940-11031) |
| AMEX | 3715-502526-61009 | Steve Cohen for WL Com Noroeste, SA de CV | Miguel Betancourt (3715-502526-61017) Jhuliana Cohen (3715-502526-61025) |
| AMEX | 3723-147459-05005 | Stephen Cohen | Stephen Cohen |
| AMEX | 3723-147459-04008 | Stephen Cohen | Stephen Cohen |
| AMEX | 3727-119940-12005 | Stephen Cohen for Pacnet SA de CV | Jack Brownfield (3727-119940-12054) |
| AMEX | 3783-475421-84006 | Stephen Cohen for sex.com | Rosa Armida Cohen (3783-475421-81028) |
| AMEX | 3713-880200-03000 | Stephen Cohen | Rosa Cohen (3713-880200-03034) |
| AMEX | 3783-475421-85003 | Stephen Cohen | Stephen Cohen |
| AMEX | 3783-475421-87009 | Stephen Cohen for sex.com | Stephen Cohen |
| AMEX | 3783-475421-86001 | Stephen Cohen for sex.com | Stephen Cohen |
| AMEX | 3727-147459-02002 | Stephen Cohen | Stephen Cohen |
| Citibank[2] | 5410-6545-2487-4812 | Stephen Cohen | Stephen Cohen |
| Citibank | 4271-3821-0079-3484 | Stephen Cohen | Stephen Cohen |
| Citibank | 5410-6546-4697-4615 | Stephen Cohen | Stephen Cohen |

25    [1] AMEX as used herein refers to American Express Company, a New York Corporation.

26    [2] Citibank as used herein refers to Citigroup, Inc.

27