SEP. 30 2005 12:53PM    US DISTRICT COURT SJ                    NO 656    P 11

| Company | Account Numbers | Holder | Authorized Signators and Respective Sub-Accounts |
|---------|----------------|--------|--------------------------------------------------|
| MBNA[3] | 5200-0100-1400-0265 | Stephen Cohen | Stephen Cohen |
| MBNA | 4264-2984-8203-7460 | Stephen Cohen | Stephen Cohen |
| Chase | 4246-3119-3607-3474 | Stephen Cohen | Stephen Cohen |
| Chase | 4246-3119-3607-3466 | Stephen Cohen | Stephen Cohen |
| Chase | 4417-1230-1893-0254 | Stephen Cohen | Rosa Cohen Jhuliana Cohen |
| Chase | 4246-3119-3673-1568 | Jack Brownfield for Omnitec Int'l. | |
| Chase | 4305-8704-0948-2692 | Stephen Michael Cohen | |
| Discover | 6011-0001-0067-8253 | Stephen Cohen | Stephen Cohen |
| Discover | 6011-0006-8013-5963 | Stephen Cohen | Stephen Cohen |

(c)    An order directed to the entities issuing the Credit Card Accounts, directing them to cancel, close or otherwise terminate the Credit Card Accountss, will aid in Kremen's ability to execute on the Judgment;

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Cohen is hereby determined and held to be the owner of the assets set forth and described hereinabove, including but not limited to the property listed in the attached Exhibit A hereto, and the said assets are held to be subject to execution under this Court's prior Judgments of April 3, 2001 and September 17, 2001 and the Findings of Fact and Conclusions of Law entered on those dates and, pursuant to the April 3, 2001 Judgment, the Court imposed a constructive trust on all assets of Cohen for the benefit of Gary Kremen and therefore the said assets are hereby ordered to be turned over to Gary Kremen forthwith.

IT IS FURTHER ORDERED that the owners of the Otay Mesa Facility and/or any other person in possession, care, custody or control of the said facility turn over to Kremen the property listed in the

---

[3] MBNA as used herein refers to MBNA Corporation.

1   attached Exhibit A hereto and located at the Otay Mesa Facility that is not connected and operating as of

2   the date of issuance of this Order.

3

4        IT IS FURTHER ORDERED that the owners of the San Ysidro Facility and/or any other person

5   in possession, care, custody or control of the said facility turn over to Kremen the property located at the

6   San Ysidro Facility.

7

8        IT IS FURTHER ORDERED  that Miguel Betancourt of WL Com Del Noroeste, SA de CV

9   and/or Pacnet, SA de CV, shall appear before the Honorable Judge James Ware at the United States

10   District Courthouse for the Northern District of California, located at 280 S. First Street, San Jose,

11   California, in Courtroom 8, on November 7, 2005, at 9:00 a.m., or as soon thereafter as this matter may

12   be heard, which date is set for further hearing to show good cause why an order should not be entered

13   turning over to Gary Kremen the property listed in the attached Exhibit A hereto and located at the Otay

14   Mesa Facility that is connected and operating as of the date of issuance of this Order.  With respect to

15   the property listed in Exhibit A hereto and located at the Otay Mesa Facility that is connected and

16   operating as of the date of issuance of this Order, in addition to the injunctive relief provided herein at

17   page 13, line 19 through page 14, line 27, Miguel Betancourt, WL Com Del Noroeste, SA de CV,

18   Pacnet, SA de CV, Cohen, the Cohen Affiliates, their agents, servants, employees, confederates,

19   representatives and attorneys, and any and all other persons acting in concert or participation with them

20   are hereby enjoined and restrained from transferring, changing, conveying, concealing, hypothecating,

21   destroying, moving or otherwise making unavailable any and all of the said property located at the Otay

22   Mesa Facility and any and all accounts receivable, contracts, customer lists, customers, vendor

23   relationships, ASN numbers, IP addresses, BGP-4 routing tables and telephone numbers belonging to

24   the Cohen Affiliated Entities, including WL Com Del Noroeste, SA de CV and Pacnet, SA de CV,

25   pending further order of this Court following the continued hearing on this matter set forth above.

26

27

SEP. 30 2005 12:53PM    US DISTRICT COURT SJ                    NO 656    P 13

1    IT IS FURTHER ORDERED that Gary Kremen shall pay the rent due, if any, on the Otay Mesa

2    Facility and the San Ysidro Facility pending further order of this Court following the continued hearing

3    on this matter set forth above.

4

5    IT IS FURTHER ORDERED that the above-listed internet service providers, registrars,

6    registries and/or email providers change the registrant of record for the above-listed Domain Names

7    forthwith from the above-listed registrants to:

8        Gary Kremen
         Grant Media, LLC
9        161 Erie Street
         San Francisco, California 94103
10       phone number: (415) 934-6060
         fax number: (415) 934-6010
11       email: gkremen@aol.com

12   and that the registrar of record be changed to VeriSign, Inc., which subsequently will register the said

13   Domain Names in the name of Gary Kremen.

14

15   IT IS FURTHER ORDERED that, except as to the equipment located at the Otay Mesa Facility

16   that is connected and operating as of the date of issuance of this Order, all assets of the Cohen Affiliated

17   Entities are determined to be the property of Gary Kremen. The Cohen Affiliated Entities shall turn

18   over to Gary Kremen all of their assets, including but not limited to any and all personal, tangible or

19   intangible property, real property, bank accounts, accounts receivable, contracts, Domain Names,

20   customer lists, customers, vendor relationships, ASN numbers, IP addresses, BGP-4 routing tables and

21   telephone numbers. Gary Kremen is hereby determined to be the owner of all such assets, with the

22   immediate right of possession and all appurtenant rights thereto.

23

24   IT IS FURTHER ORDERED that the above-listed banks maintaining the above-listed Bank

25   Accounts turn over the Bank Accounts to Gary Kremen.

26

27

1    IT IS FURTHER ORDERED that the above-listed entities issuing the Credit Card Accounts

2    cancel, close or otherwise terminate the Credit Cards Accounts.

3

4    IT IS FURTHER ORDERED that the owners and/or those in possession, care, custody or control

5    of the above-listed Receiving Facilities allow Gary Kremen or his authorized agent(s) to collect and

6    inventory all property and correspondence received at the said Receiving Facilities since the date of

7    issuance of the TRO, September 12, 2005, and through the date of the continued hearing on the Order to

8    Show Cause identified herein, in order to determine the nature and extent of the payments,

9    correspondence related to payments and other assets of Cohen, and personal property sent to Cohen

10   and/or the Cohen Affiliates at the Receiving Facilities.  Prior to the date of said continued hearing,

11   Plaintiff Gary Kremen shall file with this Court an inventory of those items of property and

12   correspondence which are reasonably believed to be subject to the constructive trust imposed by the

13   Judgment and any turnover order issued pursuant thereto.

14

15   IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 69(a), Gary Kremen's levy

16   pursuant to the relief granted herein in aid of execution on the Judgment may be made on the basis of

17   this Order alone, without Gary Kremen having to first have a Writ of Execution issued.

18

19   IT IS FURTHER ORDERED that, in addition to the injunctive relief set forth herein at page 11,

20   lines 15 through 25, and pending further order of this Court following the continued hearing on this

21   matter set forth above, Cohen, the Cohen Affiliates, their agents, servants, employees, confederates,

22   representatives and attorneys, and any and all other persons acting in concert or participation with them

23   be, and hereby are, enjoined and restrained from the following:

24   (a)    Transferring, changing, conveying, concealing, hypothecating, damaging, destroying,

25   moving or otherwise making unavailable the personal property located at 8675 Avenida Costa Norte,

26   Suite A, San Diego, California 92154 (the "Otay Mesa Facility") as well as the personal property located

27   at 4650 Border Village Road, San Ysidro, California 92173 (the "San Ysidro Facility");

1    (b)     Transferring, changing, conveying, concealing, hypothecating, destroying, moving or

2  otherwise making unavailable to levy or this Court's orders any and all property of the Cohen Affiliated

3  Entities, including but not limited to any and all personal, tangible or intangible property, real property,

4  bank accounts, accounts receivable, contracts, the Domain Names, customer lists, customers, vendor

5  relationships, ASN numbers, IP addresses, BGP-4 routing tables and telephone numbers;

6    (c)     Interfering or otherwise contacting the customers or vendors of the Cohen Affiliated

7  Entities;

8    (d)     Interfering or otherwise contacting the customers or vendors or any other person or entity

9  related to the Domain Names or other assets of the Cohen Affiliated Entities, including but not limited to

10  any and all personal, tangible or intangible property, real property, bank accounts, accounts receivable,

11  contracts, Domain Names, customer lists, customers, vendor relationships, ASN numbers, IP addresses,

12  BGP-4 routing tables and telephone numbers;

13    (e)     Transferring, changing, conveying, concealing, hypothecating, destroying, moving or

14  otherwise making unavailable to levy or this Court's orders the Bank Accounts or any other bank

15  account held by Cohen directly or indirectly in the name of another person or entity;

16    (f)     Transferring, changing, conveying, concealing, hypothecating, destroying, moving or

17  otherwise making unavailable to levy or this Court's orders any and all property and/or mail held at,

18  delivered to and/or received by the Receiving Facilities;

19    (g)     Taking any action, directly or indirectly, which may result in the transfer, encumbrance,

20  or dissipation of any and all assets belonging to Cohen or Cohen Affiliates, including but not limited to

21  the further use of the Credit Card Accounts or the opening of any new credit card accounts or lines of

22  credit which may dissipate or otherwise deplete assets available to satisfy the Judgment of this Court;

23    (h)     Taking any action, directly or indirectly, which may result in the transfer, encumbrance,

24  dissipation or otherwise making unavailable to levy of any and all assets belonging, directly or

25  indirectly, to Cohen that are subject to the Judgments and Orders of this Court;

26    (i)     Assisting, aiding or abetting any other person or business entity in engaging in or

27  performing any of the activities referred to in subparagraphs (a) – (h).

1    Nothing in this Order shall be construed as enjoining the actions of banks in the ordinary course

2    of business.

3

4         IT IS FURTHER ORDERED that Kremen shall serve all interested parties.  Copies of this Order

5    may be served by any means authorized by the Federal Rules of Civil Procedure, to the owner(s) and/or

6    authorized agent(s) for the Otay Mesa Facility, the San Ysidro Facility, Cohen, the Cohen Affiliated

7    Entities, the Cohen Affiliated Individuals, internet service providers, registrars, registries and/or email

8    providers of the Domain Names, the listed owners of the Domain Names, the authorized agent(s) for the

9    Bank Accounts, the persons or entities to whom the Bank Accounts are registered, the authorized

10   agent(s) for the Receiving Facilities and the authorized agent(s) for the Credit Card Accounts.

11

12        IT IS FURTHER ORDERED that service of this order, and any and all other pleadings and

13   papers filed in this action, may be made on Cohen by facsimile transmission to (503) 968-7228, by mail

14   to 1111 Brickyard Road #206, Salt Lake City, Utah 84106, or by email to steve@17q.com.

15

16        IT IS FURTHER ORDERED that service of this order, and any and all other pleadings and

17   papers filed in this action, may be made on Miguel Betancourt, Pacnet, SA de CV and WL Com Del

18   Noroeste, SA de CV, by personal service, by facsimile transmission to (619) 946-2351, or by email to

19   miguel@wlcom.com.mx.

20

21        IT IS FURTHER ORDERED that any papers responding to this Order from Miguel Betancourt

22   and Pacnet, SA de CV and WL Com Del Noroeste, SA de CV and/or any other interested parties shall

23   be filed with the United States District Court Clerk and served upon the attorneys for Gary Kremen by

24   delivering copies thereof to Richard J. Idell c/o Idell, Berman, Seitel & Rutchik, LLP, 465 California

25   Street, Suite 300, San Francisco, California 94014 on or before October 26, 2005.

26

27

1     IT IS FURTHER ORDERED that the bond in total amount of Seven Thousand Five Hundred

2    Dollars ($7,500.00) on file with this Court shall serve as the bond for this further Order.

3

4

5    Dated: September 2̲8̲, 2005

6    95Rev2071Eturnover

                                                                 James Ware

7                                         United States District Judge

### EXHIBIT "A"

| Quantity | Manufacturer | Model Number | Description |
|---|---|---|---|
| 1 | Axiom | AX6145WB | |
| 2 | Compaq | Proliant 3000 | Series ES 1003 |
| 1 | Compaq | Proliant 5500 | Series ES 1003 |
| 3 | Compaq | 298581-001 | Modules |
| 1 | Compaq | CM0204 | Personal Computers |
| 8 | Unidentified | Miscellaneous | Personal Computers |
| 3 | WTI | NPS-115 | Network Power Switch |
| 1 | Compaq | MV520 | 15" Monitor |
| 4 | Cisco | 7500 Series | Routers |
| 5 | Unidentified | Miscellaneous | 2 Rail Rack Mounts |
| 2 | Unidentified | Miscellaneous | Routers |
| 4 | Unidentified | Miscellaneous | Servers |
| 3 | Supermicro | 5013GI | Servers |
| 3 | Cisco | Catalyst 2900 | Switch |
| 1 | Cisco | 7100 | Router |
| 1 | Proxim | 27710-52A20 | Bridge |
| 1 | Digital Microwave | 940-302025-101 | |
| 1 | ADC Kentrox | 15951 | IDSU |
| 3 | Larscom | ACST45-201DC | DS3 |
| 3 | Cyberpower | CPS150 AVR | UPS |
| 2 | Cobalt | R39GE2 GIV | |
| 4 | Power Conversion Products | PS-119 Twin | |
| 1 | Cisco | 7500 Series | Router |
| 1 | Impression | 5VX | 15" Monitor |
| 1 | Toshiba | DK40I Strata | PBX |
| 1 | Minolta | 2200 | Laser Printer |
| 6 | Linksys | RT31P2 | Broadband Routers |
| 9 | Unidentified | Miscellaneous | Hard Drives |
| 2 | Digital Microwave | ADD301021-003 | Servers |
| 1 | Carrier Access Corp. | Widebank 28 | DS3 Multiplexers |
| 2 | Cisco | 2500 Series | Routers |
| 6 | Unidentified | Miscellaneous | Interface Processors |
| 1 | ADC Kentrox | T3/ES | IDSU |
| 5 | Digital Microwave | | DS3 |
| 1 | Cybex | 4xP | Autoboot Commander |
| 4 | Harris | RS-200E | IDU |
| 2 | Unidentified | Miscellaneous | 15" Monitors |
| 1 | Unidentified | Miscellaneous | 5,000 Watt Generator |
| 2 | Harris | | Antennas |
| 2 | Andrew | VHLP25-220-130 | Microwave Antennas |
| 2 | Alvarion | AN1095 | Antennas |

| 3 | Breezecom | 824043 | Antennas |
|---|---|---|---|
| 1 | Breezecom | 824550 | Antenna |
| 2 | Gaberial Electronics | HE4 220-3 | DNCA Antennas |
| 6 | Unidentified | Miscellaneous | DC3 Switches |
| 12 | Unidentified | Miscellaneous | Telephones for PBX System |
| 4 | Unidentified | Miscellaneous | Spools of Belden Antenna Wire |
| 6 | Unidentified | Miscellaneous | Serial Port Keyboards |
| 1 | Unidentified | Miscellaneous | Box of Software |
| 3 | Unidentified | Miscellaneous | Boxes of Phone Cards |
| 20 | Unidentified | Miscellaneous | Boxes of Invoices to/from Sandman, Pacnet MX, Qwest |
| 5 | Unidentified | Miscellaneous | Boxes of Cords |
| 1 | Unidentified | Miscellaneous | Broken Office Furniture |
| 4 | Unidentified | Miscellaneous | Window Shutters |
| 1 | Lynx | | 35" Propane Gas Grill |
| 3 | Blue Rhino | ES-2100P | Patio Heaters |
| 1 | St. John (artist's name) | "La Fontaine, Au Chocolat" | Oil Painting |
| 2 | Unidentified | Miscellaneous | 24" Terra Cotta Pots |
| 1 | Marto | | Suit of Armor |

Exhibit "G"

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### DISTRICT OF COLUMBIA

Kremen

V.

Network Solutions, Inc.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:1   USDC California, Northern District
DV 98-20718 JW PVT

To:  Custodian of Records of American Registry for Internet Numbers
c/o Stephen M. Ryan MANATT, PHELPS & PHILLIPS, LLP
1501 M Street, N.W., Suite 700
Washington, DC 20005-1702

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attachment

| PLACE   Esquire Deposition Services, 1020 19th St NW, Washington, DC 20036 or as otherwise agreed. | DATE AND TIME August 5, 2005, 9:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorneys for Plaintiff | DATE July 25, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Richard J Idell, Idell, Berman, Seitel & Rutchik LLP, 465 California Street, Suite 300, San Francisco, CA 94104

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | July 25, 2005 | San Francisco, California |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Custodian of Records of American Registry for Internet Numbers<br>c/o Stephen M. Ryan MANATT, PHELPS & PHILLIPS, LLP<br>1501 M Street, N.W., Suite 700<br>Washington, DC 20005-1702 | U.S. Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jesse S. Summers | Legal Secretary |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on    July 25, 2005
                Date

Signature of Server
Idell, Berman, Seitel & Rutchik LLP

Address of Server
465 California Street, Suite 465
San Francisco, CA 94104

---

RULE 45, Federal Rules of Civil Procedure, Part C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition hearing or trial

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. if objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. if objection has been made, the party Serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) require a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that Cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## ATTACHMENT "1"

## DEFINITIONS

The following definitions shall apply to this subpoena:

"ARIN" shall mean American Registry for Internet Numbers, its affiliated parent, subsidiary and related entities and its assignees, committees, boards, employees and/or contractors.

"ARIN Predecessor" shall mean any ARIN predecessor entities or divisions (including but not limited to Network Solutions and Verisign) that assigned, transferred, handled or created IP numbers or ASN numbers.

"CORRESPONDENCE" shall mean any transmission, transfer, conveyance or exchange of meaning or information, opinions, questions, or comments of any kind, in any manner, at any time or place and under any circumstances, whether by spoken or written language, including but not limited to memoranda, letters, e-mails, backup recordings, telegrams, transcriptions and recordings, translations to any language, magnetic tapes, and discs, or other means of transmission, including but not limited to any electronic means, or conveyance.

"DOCUMENT[S]" shall mean any and all writings (handwritten, printed, photocopied, photographed, typewritten or otherwise), drawings or other graphic matter of any kind or nature, however produced or reproduced (including photographs, x-rays, films and/or video tapes), sound recordings and all other data compilations from which information can be obtained or translated whether electronic or mechanical, however produced or reproduced, whether draft or final, whether signed or unsigned, whether or not sent or received, private or confidential, wherever located, that is now or was previously in your possession, custody or control, or that comes into your possession, custody or control, up to and including the date of actual production. "DOCUMENT[S]" as defined herein shall be deemed to include file folders or file jackets as well as each original and each copy, all drafts, and all non-identical copies bearing notations or marks not found in the original or other copies and includes, without limitation, all notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (including appointment calendars, day calendars, day timers), appointment books, logs, bank records (including monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (including books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

"NETBLOCK NUMBERS" shall mean those netblock numbers or ASN numbers which are the subject of the Order of September 17, 2001, attached hereto as Exhibit "A".

"AND/OR" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

"RELATE TO" AND/OR "RELATING TO" AND/OR "REFERRING TO" shall be construed in the broadest sense and mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

Any pronouns shall be construed to refer to the masculine, feminine or neuter gender, in singular or plural, as in each case is most appropriate. The singular includes the plural, and the plural includes the singular. The conjunctive ("and") includes the disjunctive ("or"), and the disjunctive includes the conjunctive.

## DOCUMENTS TO BE PRODUCED

1. Any AND/OR all DOCUMENTS that RELATE TO the initial application for the NETBLOCK NUMBERS whether with ARIN AND/OR with an ARIN Predecessor.

2. Any AND/OR all DOCUMENTS that RELATE TO any AND/OR all applications filed with ARIN AND/OR an ARIN Predecessor subsequent to the initial application that RELATE TO the NETBLOCK NUMBERS.

3. Any AND/OR all DOCUMENTS that RELATE TO any transfer AND/OR purported transfer of the registration for any AND/OR all of the NETBLOCK NUMBERS.

4. Any AND/OR all DOCUMENTS that RELATE TO requests for transfer of the registration of any AND/OR all of the NETBLOCK NUMBERS.

5. Any AND/OR all CORRESPONDENCE by and between ARIN AND/OR an ARIN Predecessor, on the one hand, and any person to whom the NETBLOCK NUMBERS were assigned, AND/OR any transferee AND/OR prospective transferee of any AND/OR all of the NETBLOCK NUMBERS, on the other hand.

6. Any AND/OR all CORRESPONDENCE by and between ARIN AND/OR an ARIN Predecessor, on the one hand, and any AND/OR all of the following persons, firms or entities, on the other hand:

    a.  Stephen Michael Cohen or Steven Michael Cohen or Stephen M. Cohen or Steven M. Cohen or Steven Cohen or Stephen Cohen

    b.  Rosa Cohen or Rosa Montano or Rosa Montano-Cohen or Rosa Cohen-Montano or Rosa Armida Montaño Ruis or Rosa Ruis or or similar permutations thereof

c. Jhuallana Cohen or Jhuliana Cohen or Jhuliana Aramis Urias Montaño or Jhuliana Urias or Jhuliana Aramis or Jhuliana Montano or Jhuliana Cohen-Montano or Jhuliana Montano-Cohen or similar permutations thereof

d. Jack Brownfield or John Brownfield or Jack H. Brownfield or John H. Brownfield or Jack Hanna Brownfield or John Hanna Brownfield

e. James Scott or James Ian Scott

f. Marco Moran

g. Roman Caso

h. Juan Jose (Steve) Martinez or Juan Jose Martinez or Steve Martinez

i. Miguel Betancourt or Miguel Bentacourt or Miguel Antonio Bentacourt Ochoa or Miguel Antonio Betancourt Ochoa or Miguel Bentacourt Ochoa or Miguel Betancourt Ochoa or similar permutations thereof

j. Montano Properties, LLC

k. Pacnet, including but not limited to Pacnet MX, Pacnet, Inc., Pacnet S.A. de C.V. or similar permutations thereof containing the name "Pacnet"

l. Sand Man or Sandman, including but not limited to Sand Man Internacional, Ltd., S.A. de C.V., Sand Man International, Sand Man International Limited, or similar permutations thereof containing the names "Sand Man" or "Sandman"

m. Ocean Fund, including but not limited to Ocean Fund International Ltd., Ocean Fund Internacional, Ocean Fun, or similar permutations thereof containing the words "ocean" and "fund" or "fun"

n. WL Com, including but not limited to WLCOM, W1 Com, WL Com del Noroseste, S.A. de C.V. or similar permutations thereof containing the string of characters "wl com" or "wlcom" or "wl com" or "w1com"

o. Speednet, Ltd , an Israeli AND/OR Palestinian AND/OR Vanuatu company

p. Omnitec, including but not limited to Omnitec International, Omnitec Internacional, Omnitech International, Omnitech Internacional, Omni Tec, Omni Tech or similar permutations thereof containing the words "omni" and "tec" or "tech"

q. Earth Station V or Earth Station 5 or EarthStationV or EarthStation5 or similar permutations thereof containing the words "earth," "station" and the number "five"

r. Any individuals AND/OR entities using the following strings in their email address:

    a.  @sex.com
    b.  @omnitec.com
    c.  @omnitec.com.mx
    d.  @sandman.com.mx
    e.  @17q.com
    f.  @wlcom.com.mx
    g.  @speed-net.com
    h.  @pacnet.com.mx
    i.  @ES5.com
    j.  @EarthStationV.com
    k.  @EarthStation5.com
    l.  @fullcom.cl
    m.  @cyto-pharma.com
    n.  @bajacom.net
    o.  @internationalseafarms.com
    p.  @teleport.net
    q.  @ezcallme.com

s.  Any individuals AND/OR entities using:
    a.  Any of the following Post Office Boxes:
        i.  P.O. Box 530069, San Diego, CA 91253
        ii.  P.O. Box 530069, San Diego, CA 92153
        iii.  P.O. Box 530069, San Diego, CA 92183
        iv.  P.O. Box 433168, San Diego, CA 92143
    b.  Any of the following addresses in the United States:
        i.  511 E. San Ysidro Boulevard #246, San Ysidro, CA 92173
        ii.  482 W. San Ysidro Boulevard, #190, San Ysidro, CA 92173
        iii.  4492 Camino de la Plaza #1106, San Ysidro, CA 92173
        iv.  4492 Camino de la Plaza #1030, San Ysidro, CA 92173
        v.  8185 West Craig Road, Las Vegas, NV 89129
        vi.  321 Sandstone Court, Chula Vista, CA 91911
        vii.  4650 Border Village Road, San Ysidro, CA 92173
        viii.  8675 Avenida Costa Norte, Suite A, Otay Mesa, CA 92154
    c.  Any of the following addresses in Mexico:
        i.  Paseo de Los Heroes #10105, 7 Piso, Zona Rio, Tijuana, B.C.
        ii.  Paseo de Los Heroes #10105-7A, Zona Rio, Tijuana, B.C.
        iii.  Paseo de Los Heroes #10105, 7th Floor, Zona Rio, Tijuana, B.C.
    d.  The following address in Israel:
        i.  25 Hasivin Street, Petach Tivah 49170

7.     Any AND/OR all CORRESPONDENCE by and between ARIN AND/OR an ARIN Predecessor, on the one hand, and AND/OR any AND/OR all of the persons AND/OR entities listed in Item (6), on the other hand, RELATING TO the NETBLOCK NUMBERS.

8.    Any AND/OR all CORRESPONDENCE by and between ARIN AND/OR an ARIN Predecessor, on the one hand, and any AND/OR all of the following persons, firms or entities, on the other hand, RELATING TO the NETBLOCK NUMBERS:

a.  Latin American and Caribbean Internet Addresses Registry (LACNIC).

b.  Réseaux IP Européens Network Coordination Centre (RIPE NCC)

c.  Asia Pacific Network Information Center (APNIC).

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Richard J. Idell (SBN 069033) <br> Idell, Berman, Seitel & Rutchik LLP <br> 465 California Street, Suite 300 <br> San Francisco, CA 94104 <br> TELEPHONE NO : (415) 986-2400  FAX NO *(Optional):* (415) 392-9259 <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* Gary Kremen | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| STREET ADDRESS: US District Court, Northern District of California | |
| MAILING ADDRESS: 450 Golden Gate Avenue | |
| CITY AND ZIP CODE: San Francisco, CA 94102 | |
| BRANCH NAME: | |

| PLAINTIFF/PETITIONER: Gary Kremen | |
|---|---|
| DEFENDANT/RESPONDENT: American Registry for Internet Numbers (ARIN) | |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> USDC CAND DV 98-20718 |
|---|---|

TO *(insert name of party being served)*. Cust. of Records, American Registry for Internet Numbers c/o Stephen Ryan

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure  Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity  In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons  If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below

Date of mailing: July 25, 2005

Jesse S. Summers
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1  ☐  A copy of the summons and of the complaint
2  ☑  Other (specify):
      Subpoena in a Civil Case, United States District Court, District of Columbia
      Custodian of Records of American Registry for Internet Numbers
      c/o Stephen M. Ryan MANATT, PHELPS & PHILLIPS, LLP

*(To be completed by recipient):*

Date this form is signed:

Stephen Ryan, American Registry for Internet Numbers ►
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY.          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev  January 1  2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov <br> American LegalNet, Inc. <br> www.USCourtForms.com |
|---|---|---|

Exhibit "H"

AO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF    Columbia

Kremen et al

V.

Cohen et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  Miscellaneous
California Northern District Court
Case No. 98-20718 JW PVT

TO:  Stephen M. Ryan
Manatt , Phelps & Phillips, LLP
700 12th Street, N.W., Suite 1100
Washington, DC 20005-4075

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

x    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment

| PLACE | DATE AND TIME |
|---|---|
| 4660 La Jolla Village Drive, Suite 775, San Diego, CA  92122 | 8/31/06  2:00 pm |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 7/28/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Nadya Y. Spivack, Esq., Dillon & Gerardi, APC, 4660 La Jolla Village Dr., Ste 775, San Diego, CA 92122; (858) 587-1800

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on next page)

K:\COMMON\CSA\FORMS\CVSUBP.WPD January 24. 2000 (2:52pm)

[1] If action is pending in district other than district of issuance, state district under case number
AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include. but is not limited to. lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books. papers. documents or tangible things. or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made. the party serving the subpoena may. upon notice to the person commanded to produce. move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion. the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person. except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule. such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information. or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party. or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials. the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## ATTACHMENT "1"

## DEFINITIONS

The following definitions shall apply to this subpoena:

"ARIN" shall mean American Registry for Internet Numbers, its affiliated parent, subsidiary and related entities and its assignees, committees, boards, employees and/or contractors.

"ARIN Predecessor" shall mean any ARIN predecessor entities or divisions (including but not limited to Network Solutions and Verisign) its controlled entities, agents, employees, insurance companies, attorneys, accountants, investigators, and anyone else acting on its behalf, that assigned, transferred, handled or created IP numbers or ASN numbers included.

"MANATT" shall mean Manatt, Phelps & Phillips, LLP, and its employees, partners, contractors, investigators, and anyone else acting on its behalf.

"STEPHEN RYAN" shall mean STEPHEN RYAN and any assistant, paralegal, associate or other MANATT employee working for or with STEPHEN RYAN.

"CORRESPONDENCE" shall mean any transmission, transfer, conveyance or exchange of meaning or information, opinions, questions, or comments of any kind, in any manner, at any time or place and under any circumstances, whether by spoken or written language, including but not limited to memoranda, letters, e-mails, backup recordings, telegrams, transcriptions and recordings, translations to any language, magnetic tapes, and discs, or other means of transmission, including but not limited to any electronic means, or conveyance.

"DOCUMENT[S]" shall mean any and all writings (handwritten, printed, photocopied, photographed, typewritten or otherwise), drawings or other graphic matter of any kind or nature, however produced or reproduced (including photographs, x-rays, films and/or video tapes), sound recordings and all other data compilations from which information can be obtained or translated whether electronic or mechanical, however produced or reproduced, whether draft or final, whether signed or unsigned, whether or not sent or received, private or confidential, wherever located, that is now or was previously in your possession, custody or control, or that comes into your possession, custody or control, up to and including the date of actual production. "DOCUMENT[S]" as defined herein shall be deemed to include file folders or file jackets as well as each original and each copy, all drafts, and all non-identical copies bearing notations or marks not found in the original or other copies and includes, without limitation, all notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (including appointment calendars, day calendars, day timers), appointment books, logs, bank records (including monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (including books of account,

ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

"NETBLOCK NUMBERS" shall mean those netblock numbers or ASN numbers which are the subject of the Order of September 17, 2001, attached hereto as Exhibit "A".

"AND/OR" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

"RELATE TO" AND/OR "RELATING TO" AND/OR "REFERRING TO" shall be construed in the broadest sense and mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

Any pronouns shall be construed to refer to the masculine, feminine or neuter gender, in singular or plural, as in each case is most appropriate. The singular includes the plural, and the plural includes the singular. The conjunctive ("and") includes the disjunctive ("or"), and the disjunctive includes the conjunctive.

## DOCUMENTS TO BE PRODUCED

1. Any AND/OR all DOCUMENTS that RELATE TO the initial application for the NETBLOCK NUMBERS whether with ARIN AND/OR with an ARIN Predecessor.

2. Any AND/OR all DOCUMENTS that RELATE TO any AND/OR all applications filed with ARIN AND/OR an ARIN Predecessor subsequent to the initial application that RELATE TO the NETBLOCK NUMBERS.

3. Any AND/OR all DOCUMENTS that RELATE TO any transfer AND/OR purported transfer of the registration for any AND/OR all of the NETBLOCK NUMBERS.

4. Any AND/OR all DOCUMENTS that RELATE TO requests for transfer of the registration of any AND/OR all of the NETBLOCK NUMBERS.

5. Any AND/OR all CORRESPONDENCE by and between ARIN AND/OR an ARIN Predecessor, on the one hand, and any person to whom the NETBLOCK NUMBERS were assigned, AND/OR any transferee AND/OR prospective transferee of any AND/OR all of the NETBLOCK NUMBERS, on the other hand.

6. Any AND/OR all CORRESPONDENCE by and between ARIN AND/OR an ARIN Predecessor, on the one hand, and any AND/OR all of the following persons, firms or entities, on the other hand:

- Stephen Michael Cohen aka Steven Michael Cohen aka Stephen M. Cohen aka Steven M. Cohen aka Steven Cohen aka Stephen Cohen

- Rosa Cohen aka Rosa Montano aka Rosa Montano-Cohen aka Rosa Cohen-Montano aka Rosa Armida Montaño Ruis aka Rosa Ruis aka Rosa Armida aka Rosa Armida Cohen aka Rosa Ruiz aka Rosa Montano Ruiz aka Rosa Ruiz Cohen or similar permutations thereof.

- Jhuallana Cohen aka Jhuliana Cohen aka Jhuliana Aramis Urias Montaño aka Jhuliana Urias aka Jhuliana Aramis aka Jhuliana Montano aka Jhuliana Cohen-Montano aka Jhuliana Montano-Cohen or similar permutations thereof.

- Jack Brownfield aka John Brownfield aka Jack H. Brownfield aka John H. Brownfield aka Jack Hanna Brownfield aka John Hanna Brownfield or similar permutations thereof.

- James Scott aka James Ian Scott or similar permutations thereof

- Marco Moran

- Roman Caso

- Juan Jose (Steve) Martinez Iniguez aka Juan Jose Martinez aka Steve Martinez or similar permutations thereof

- Miguel Betancourt aka Miguel Bentacourt aka Miguel Antonio Bentacourt Ochoa aka Miguel Antonio Betancourt Ochoa aka Miguel Bentacourt Ochoa aka Miguel Betancourt Ochoa or similar permutations thereof

- Anthony Soberanes

- Montano Properties, LLC

- Pacnet, S.A. de C.V., a Mexican Corporation

- Pacnet, Incorporated, a California Corporation

- Pacnet, Inc., a Nevada Corporation

- WLCom, S.A. de C.V aka WL Com Del Noreoste, SA de CV aka WL Com aka WL Com Del Noreoste, a Mexican Corporation or similar permutations thereof containing the string of characters "wl com" or "wlcom" or "wl.com" or "w1com"

- Sandman Internacional Limited, S.A. de C.V., a Mexican Corporation aka Sand Man International, S.A., a Mexican Corporation

- Fastcalled, Inc., a California Corporation

- Mexico Lending, Ltd., a Nevada Corporation

- Mexico Lending, Lts.

- Beta VOIP, LLC, a California limited liability company

- Ocean Fund, including but not limited to Ocean Fund International Ltd., Ocean Fund Internacional, Ocean Fun, or similar permutations thereof containing the words "ocean" and "fund" or "fun"

- Speednet, Ltd., an Israeli AND/OR Palestinian AND/OR Vanuatu company

- Omintec aka Omnitec International, a Nevada Corporation aka Omnitec International, Inc., a Mexican Corporation

- Earth Station V or Earth Station 5 or EarthStationV or EarthStation5 or similar permutations thereof containing the words "earth," "station" and the number "five"

- Any individuals AND/OR entities using the following strings in their email address:
  - @sex.com
  - @omnitec.com
  - @omnitec.com.mx
  - @sandman.com.mx
  - @17q.com
  - @wlcom.com.mx
  - @speed-net.com
  - @pacnet.com.mx
  - @ES5.com
  - @EarthStationV.com
  - @EarthStation5.com
  - @fullcom.cl
  - @cyto-pharma.com
  - @bajacom.net
  - @internationalseafarms.com
  - @teleport.net
  - @ezcallme.com

- Any individuals AND/OR entities using:
  - P.O. Box 530069, San Diego, CA 91253
  - P.O. Box 530069, San Diego, CA 92153
  - P.O. Box 530069, San Diego, CA 92183
  - P.O. Box 433168, San Diego, CA 92143
  - 511 E. San Ysidro Boulevard #246, San Ysidro, CA 92173

> 482 W. San Ysidro Boulevard, #190, San Ysidro, CA 92173
> 4492 Camino de la Plaza #1106, San Ysidro, CA 92173
> 4492 Camino de la Plaza #1030, San Ysidro, CA 92173
> 8185 West Craig Road, Las Vegas, NV 89129
> 321 Sandstone Court, Chula Vista, CA 91911
> 4650 Border Village Road, San Ysidro, CA 92173
> 8675 Avenida Costa Norte, Suite A, Otay Mesa, CA 92154
> Paseo de Los Heroes #10105, 7 Piso, Zona Rio, Tijuana, B.C.
> Paseo de Los Heroes #10105-7A, Zona Rio, Tijuana, B.C.
> Paseo de Los Heroes #10105, 7th Floor, Zona Rio, Tijuana, B.C.
> 25 Hasivin Street, Petach Tivah 49170

7.      Any AND/OR all CORRESPONDENCE by and between ARIN AND/OR an ARIN Predecessor, on the one hand, and AND/OR any AND/OR all of the persons AND/OR entities listed in Item (6), on the other hand, RELATING TO the NETBLOCK NUMBERS.

8.      Any AND/OR all CORRESPONDENCE by and between ARIN AND/OR an ARIN Predecessor, on the one hand, and any AND/OR all of the following persons, firms or entities, on the other hand, RELATING TO the NETBLOCK NUMBERS:

- Latin American and Caribbean Internet Addresses Registry (LACNIC).

- Réseaux IP Européens Network Coordination Centre (RIPE NCC)

- Asia Pacific Network Information Center (APNIC).

9.      Any AND/OR all CORRESPONDENCE by and between MANATT and any applicant, assignee, recipient, transferee, or prospective recipient, assignee or transferee, of Internet Protocol addresses or blocks of Internet Protocol addresses.

10.     Any AND/OR all CORRESPONDENCE by and between MANATT and ARIN that RELATES TO the transfer, reassignment or disposition of any the NETBLOCK NUMBERS or any portion thereof.

11.     Any AND/OR all DOCUMENTS that RELATE TO any AND/OR all transfers, reassignments or dispositions of any the NETBLOCK NUMBERS or any portion thereof.

12.     Any AND/OR all CORRESPONDENCE by and between MANATT and Christopher Jester AND/OR Splitinfinity.

13.     Any AND/OR all CORRESPONDENCE that RELATES TO Christopher Jester AND/OR Splitinfinity.

14.  Any AND/OR all CORRESPONDENCE by and between STEPHEN RYAN and Christopher Jester AND/OR Splitinfinity.

15.  Any AND/OR all DOCUMENTS that relate to any AND/OR all disputes between ARIN or an ARIN predecessor on the one hand, and any applicant, assignee, recipient, transferee, or prospective recipient, assignee or transferee, on the other hand.

16.  Any AND/OR all CORRESPONDENCE by and between David Graves and STEPHEN RYAN AND/OR MANATT.

17.  Any AND/OR all CORRESPONDENCE by and between STEPHEN RYAN and any applicant, assignee, recipient, transferee, or prospective recipient, assignee or transferee, of Internet Protocol addresses or blocks of Internet Protocol addresses.

18.  Any AND/OR all CORRESPONDENCE by and between STEPHEN RYAN and ARIN that RELATES TO the transfer, reassignment or disposition of any the NETBLOCK NUMBERS or any portion thereof.

DILLON & GERARDI, APC
4660 LA JOLLA VILLAGE DRIVE, SUITE 775
SAN DIEGO  CA 92122
858-587-1800                        Ref. No.        : 0238490-10
Attorney for : PLAINTIFF            Atty. File No.  : 013-002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT  JUDICIAL DISTRICT

| | | |
|---|---|---|
| PLAINTIFF | : KREMEN, et al. | Case No.: 98-20718 JW PVT |
| DEFENDANT | : COHEN, et al | **PROOF OF SERVICE** |

Hearing date :  August  31, 2006       Time :02:00 PM

1      At the time of service I was at least 18 years of age and not a party to this action.

2      I served copies of the SEE ATTACHED LIST FOR DOCUMENTS

3      a.  Party served     :    STEPHAN M. RYAN
                                 MANATT, PHELPS & PHILLIPS, LLC
       b   Person served    :        STEPHEN M. RYAN, ATTORNEY
                                      (AUTHORIZED TO ACCEPT SERVICE)

4      Address where the party was served 700 12TH STREET N.W. '    SUITE 1100
                                 WASHINGTON, DC  20005-4075  (Business)

5.     I served the party
       a.  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
           receive service of process for the party (1) on  August  3, 2006   (2)  at: 02:15 PM

6      Witness fees were not demanded and were not paid.

7.     **Person who served papers**
       a   BRANDON A. SNESKO
       b   KNOX ATTORNEY SERVICE, INC.               d.  Fee for service: $50 75
           2250 Fourth Avenue                         e.  I am:
           San Diego,  California  92101                  (3)  a registered California process server
       c   619-233-9700                                        (i)   an employee
                                                               (ii)  Registration No.  152
                                                               (iii) County:  San Diego

8      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date: August 7, 2006                    Signature:  SEE ATTACHED AFFIDAVIT OF SERVICE
                                                     _____
                                                     BRANDON A. SNESKO

Jud  Coun  form. rule 982 9
JC Form POS 010 (Rev  July 1, 2004)        **PROOF OF SERVICE**

# AFFIDAVIT OF PROCESS SERVER

United States District Court                    District Of Columbia

Kremen et al                                    Attorney:

    Plaintiff                               Dillon & Gerardi, APC
                                                4660 La Jolla Village Dr., Suite 775
vs.                                             San Diego, CA 92122

Cohen et al

    Defendant

Case Number: 98-20718 JW-PVT                    Court Date:
                                                Court Time:

Legal documents received by Knox Services on August 03rd, 2006 at 10:15 AM to be served upon **Stephen M. Ryan, Manatt, Phelps & Phillips, LLP at 700 12th St., NW, Suite 1100, Washington, DC. 20005-4045**

I, Brandon A. Snesko, swear and affirm that on August 03rd, 2006 at 2:15 PM, I did the following:

**Individually Served Stephen M. Ryan** the person listed as the intended recipient of the legal document with this **Subpoena in a Civil Case**.

**Description of Person Accepting Service:**
Sex: Male  Age: 50  Height: 5'8  Weight: 170  Skin Color: White  Hair Color: Brown / Balding  Glasses: Y

**Supplemental Data Appropriate to this Service:**

I declare that I am a professional process server, eighteen years of age or older and have no interest in the above legal matter.

Brandon A. Snesko
Process Server

Knox Services
2250 Fourth Ave.,
San Diego, CA 92101

(619) 233-9700

Internal Job ID: 0000000845

Reference Number: 0238490-10

Copyright 2005-2006 Process Server Central, LLC All rights reserved.

DOCUMENT LIST ATTACHMENT

1. SUBPOENA IN A CIVIL CASE DIRECTED TO STEPHEN M. RYAN, MANATT, PHELPS & PHILLIPS, LLP

2. SUBPOENA IN A CIVIL CASE DIRECTED TO CUSTODIAN OF RECORDS OF MANATT, PHELPS & PHILLIPS, LLP

3. SUBPOENA IN A CIVIL CASE DIRECTED TO RAY PLZAK, AMERICAN REGISTRY FOR INTERNET NUMBERS;

4. SUBPOENA IN A CIVIL CASE DIRECTED TO BILL WOODCOCK, BOARD MEMBER, AMERICAN REGISTRY FOR INTERNET NUMBERS;

5. SUBPOENA IN A CIVIL CASE DIRECTED TO PAUL VIXIE, BOARD MEMBER, AMERICAN REGISTRY FOR INTERNET NUMBERS;

6. SUBPOENA IN A CIVIL CASE DIRECTED TO BILL MANNING, BOARD MEMBER, AMERICAN REGISTRY FOR INTERNET NUMBERS;

7. SUBPOENA IN A CIVIL CASE DIRECTED TO JOHN CURRAN, BOARD MEMBER, AMERICAN REGISTRY FOR INTERNET NUMBERS;

8. SUBPOENA IN A CIVIL CASE DIRECTED TO SCOTT BRADNER, BOARD MEMBER, AMERICAN REGISTRY FOR INTERNET NUMBERS;

9. SUBPOENA IN A CIVIL CASE DIRECTED TO RICHARD JIMMERSON, AMERICAN REGISTRY FOR INTERNET NUMBERS;

10. SUBPOENA IN A CIVIL CASE DIRECTED TO LEE HOWARD, BOARD MEMBER, AMERICAN REGISTRY FOR INTERNET NUMBERS;

11. SUBPOENA IN A CIVIL CASE DIRECTED TO RAY PLZAK, AMERICAN REGISTRY FOR INTERNET NUMBERS;

12. SUBPOENA IN A CIVIL CASE DIRECTED TO CHRISTOPHER JESTER

Stephen M. Ryan
MANATT, PHELPS & PHILLIPS, LLP
700 12th Street, N.W., Suite 1100
Washington, DC 20005-4075

Custodian of Records
MANATT, PHELPS & PHILLIPS, LLP
700 12th Street, N.W., Suite 1100
Washington, DC 20005-4075

Ray Plzak
American Registry for Internet Numbers
3635 Concorde Parkway, Suite 200
Chantilly, VA 20151-1130

Bill Woodcock
Board Member
American Registry for Internet Numbers
3635 Concorde Parkway, Suite 200
Chantilly, VA 20151-1130

Paul Vixie
Board Member
American Registry for Internet Numbers
3635 Concorde Parkway, Suite 200
Chantilly, VA 20151-1130

Bill Manning
Board Member
American Registry for Internet Numbers
3635 Concorde Parkway, Suite 200
Chantilly, VA 20151-1130

Lee Howard
Board Member
American Registry for Internet Numbers
3635 Concorde Parkway, Suite 200
Chantilly, VA 20151-1130

John Curran
Board Member
American Registry for Internet Numbers
3635 Concorde Parkway, Suite 200
Chantilly, VA 20151-1130

Scott Bradner
Board Member
American Registry for Internet Numbers
3635 Concorde Parkway, Suite 200
Chantilly, VA 20151-1130

Christopher Jester
1164 Misty Creek Court
Chula Vista, CA 91913

Richard Jimmerson
American Registry for Internet Numbers
3635 Concorde Parkway, Suite 200
Chantilly, VA 20151-1130

Exhibit "I"



**manatt**

manatt | phelps | phillips

**Jack S. Yeh**
Manatt, Phelps & Phillips, LLP
Direct Dial: (310) 312-4367
Direct Fax: (310) 914-5727
E-mail: jyeh@manatt.com

August 17, 2006

Client-Matter: 22149-060

**VIA E-MAIL AND PERSONAL DELIVERY**

Nadya Y. Spivak, Esq.
Dillon & Gerardi, APC
4660 La Jolla Village Dr., Suite 775
San Diego, CA 92122

      Re:    *Kremen vs. Cohen, et al.*
             **USDC Northern District Case No. 98-20718 JW PVT**

Dear Ms. Spivack:

      As you are aware from our conversation this past Thursday, August 10, 2006, we are in receipt of Plaintiff Gary Kremen's ("Kremen") third-party subpoenas duces tecum that were served on August 3, 2006 on various individual board members and employees of non-party American Registry for Internet Numbers ("ARIN") including Scott Bradner , John Curran, Bill Manning, Paul Vixie, Bill Woodcock, Richard Jimmerson, Lee Howard, and Ray Plzak, ARIN's counsel, Manatt, Phelps & Phillips, LLP ("Manatt"), Manatt attorney Stephen M. Ryan, and Chris Jester. These third party subpoenas were issued by your firm out of the United States District Court for the Eastern District of Virginia, the District of Columbia and the Southern District of California. During our call on August 10, I requested that you agree to suspend the compliance date on the subpoenas so that we can have a reasoned discussion about their propriety and scope.

      This letter follows the telephonic conference call on August 15, 2006, with you, your co-counsel (Karl Kronenberger, Terri Hanley, and Ory Sandel) and my colleagues Chris Wanger and Brian Lerner during which we outlined our position on the subpoenas and offered various options to resolve any disputes regarding their issuance. Set forth below is a summary of some of the key issues that we see with respect to these subpoenas.

      As a preliminary matter, we do not believe that Kremen (or his counsel) has the power or authority to issue post-judgment discovery on third parties who have absolutely no relationship with a judgment debtor. The Federal Rules of Civil Procedure authorizes discovery only through the discovery cut-off date set by court order. Fed. R. Civ. P. 16(b) (Except in categories of actions exempted by district court rule as inappropriate, the district judge . . . shall . . . enter a scheduling order that limits the time . . . to compete discovery. A schedule shall not be modified



**manatt**

manatt | phelps | phillips

Jack S. Yeh, Esq.
August 17, 2006
Page 2

except upon a showing of good cause and by leave of the district judge . . . ."). Only after final
judgment is entered may discovery be reopened for the limited purpose to "aid in the judgment
or execution." Fed. R. Civ. P. 69 ("In aid of the judgment or execution, the judgment creditor or
a successor in interest . . . may obtain discovery from any person, including the judgment debtor,
in the manner provided in these rules or in the manner provided by the practice of the state of
which the district court is held."). The subject subpoenas do not seek information to aid in the
judgment or execution thereof and therefore are legally improper.

As you know, a Motion to Modify the September 2001 Order is on calendar for
September 11, 2006, before Judge Ware in the Northern District of California. The disposition
of that Motion will likely moot Kremen's need for any of the information that is being requested
from my clients in connection with the *Kremen v. Cohen* case. None of the information being
sought in these subpoenas is relevant to the disposition of that Motion and it would therefore
seem appropriate to defer any discussion about these subpoenas until the Court rules on that
Motion.

Even if the subpoenas were validly issued (which they were not), the subject subpoenas,
which have a compliance date of August 31, 2006, and seek the inspection and copying of
dozens of categories of documents, are overly broad, unduly burdensome, harassing, duplicative,
and not reasonably tailored to the needs of the above entitled matter.

Moreover, the subpoenas seek information <u>identical</u> to that which ARIN <u>already
produced in full and voluntary compliance</u> in response to Kremen's previous subpoena duces
tecum, served on ARIN in July 2005. The subject subpoenas contain requests that are exactly
the same (nearly word for word) as requests made in the July 2005 Subpoena. *See, e.g.,*
Requests 1 through 8. As your colleagues from the Idell firm will tell you, the July 2005
Subpoena was issued only after Richard Idell and my partner, Stephen Ryan, had numerous
discussions and exchanged numerous correspondence regarding an agreement for a voluntary
production of information that your client wanted, the scope and timing of which was amicably
agreed to by the parties in advance of the subpoena's issuance. As a result, your client was
voluntarily provided with boxes of documents containing thousands and thousands of pages of
materials in a timely and orderly fashion within just a few short weeks after the subpoena had
been served. These new subpoenas, issued to ARIN's individual Board members and
employees, as well as its counsel, requesting reproduction of the same documents are patently
harassing and needlessly burdensome as they seek to encumber ARIN a second time for the same
information.

While the new subpoenas served on August 3 purport to contain, in part, additional
categories of information (e.g., Requests 9-18), such requests appear to encompass much of the
same information that is requested in Requests 1-8 (which were previously produced). Rather

# manatt

manatt | phelps | phillips

Jack S. Yeh, Esq.
August 17, 2006
Page 3

than guess at what your client is really looking for, I requested on our call yesterday that your client withdraw the subpoenas in their entirety and that counsel provide to me a list of whatever "new information" Kremen is truly interested in obtaining as well as an explanation of why Kremen believes he is entitled to such information in the *Kremen v. Cohen* action so that we can amicably and informally work out an efficient manner in which to address the inquiry that your client is interested in embarking upon.

It is my understanding from our nearly hour and a half long call on August 15 that Kremen will not be withdrawing any of the subpoenas but will instead offer a "limited withdrawal" (whatever that means) of certain categories of information in these subpoenas. I understand that either your firm or Ms. Hanley's firm will be providing us with a letter outlining the scope of Kremen's offer for a limited withdrawal and I look forward to receiving same.

However, as I explained on our call on August 15, if Kremen refuses to withdraw the subpoenas in their entirety, I must, out of an abundance of caution, object to the subpoenas in their entirety and with respect to each and every category of information for each and every witness subpoenaed. I am therefore enclosing with this correspondence written objections to the subpoenas on behalf of each subpoenaed witness including ARIN's individual board members and employees, Manatt, Phelps & Phillips, LLP, and Stephen M. Ryan. As you will see, the subpoenaed non-parties object to the subpoenas in their entirety and, accordingly, will not be providing any information on August 31, 2006, for reasons outlined below:

- A full and final Judgment was entered in this case on April 3, 2001, thereby indicating that discovery is closed and the matter resolved. Kremen provides no authority to justify the issuance of the subject subpoenas requesting the production and inspection for copying of numerous documents after the discovery deadline has passed.

- The subject subpoenas fail to allow reasonable time for compliance and are thus defective on their face. *See* FRCP 45(c)(3)(A)(i). The subpoenas were served on August 3, 2006, and command production of eighteen (18) separate categories of documents, which will require the production of thousands of documents, including e-mails, letters and other correspondence by August 31, 2006 – in less than one month. Logistically, compliance with the subpoenas on such a shortened time constitutes a severe and undue burden. ARIN expended significant manpower and incurred tremendous expense in voluntarily producing over 6,000 pages of documents to your client last year.

- The subject subpoenas are harassing and unduly burdensome in that they seek the production of materials already produced in full and voluntary compliance to a subpoena served on non-party ARIN on July 25, 2005.



**manatt**

manatt | phelps | phillips

Jack S. Yeh, Esq.
August 17, 2006
Page 4

- The subject subpoenas seek irrelevant and overbroad information that will require considerable time and expense to comply with, and are therefore are unnecessarily onerous and oppressive. *Fitzpatrick v. Arco Marine, Inc.*, 199 F.R.D. 663, 664 (C.D. Cal. 2001) (denying enforcement of subpoena where third party showed significant burden of compliance that outweighed plaintiff's "weak and conclusory showing" of need for inspection).

- The subject subpoenas also seek documents that are not relevant to any claim or defense in this case, and are not reasonably tailored to the needs of this case. *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("Obviously, if the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed upon [the third party] would be by definition 'undue.'"(emphasis in original).)

- The subject subpoenas do not sufficiently "designate" the records requested as required by Fed. R. Civ. P. 45(a)(1)(C). The majority of requests seek all documents of a broad, vague and indefinite description, requiring the subpoenaed parties to speculate as to the responsive records.

- The subject subpoenas unduly and improperly inconvenience certain non-parties by forcing them "to travel more than 100 miles from the place where that person resides, is employed or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(3)(A)(ii).

- The subject subpoenas seek documents protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Kremen purposefully and knowingly attempts to discover that which is privileged and confidential by requesting correspondence between ARIN and its legal counsel of record.

    Should your client improvidently choose to seek judicial intervention to enforce these invalid, overly broad and harassing subpoenas, we would appreciate you letting us know in advance and coordinating with our offices the timing of such applications in the Eastern District of Virginia, District of Columbia and Southern District of California. Hopefully, that will be unnecessary once we have a better idea of your inquiry in a more narrowly tailored and justified fashion in a timeframe that is reasonable for all parties.

# manatt

manatt | phelps | phillips

Jack S. Yeh, Esq.
August 17, 2006
Page 5

I look forward to hearing from you soon.

Very truly yours,

Jack S. Yeh
Manatt, Phelps & Phillips, LLP

Enclosures

cc:    Terri Hanley (by e-mail only)
       Ory Sandel (by e-mail only)
       Steven Ryan
       Chad Hummel
       Chris Wanger
       Brian Lerner

41030895 1

Exhibit "J"

1   **KRONENBERGER HANLEY, LLP**
    Karl S. Kronenberger (Bar No. 226112)
2   Terri R. Hanley (Bar No. 199811)
    220 Montgomery Street, Suite 1920
3   San Francisco, CA 94104
    Telephone:  (415) 955-1155
4   Facsimile:  (415) 955-1158

5   Attorneys for Plaintiff GARY KREMEN

6

7

8                       UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF CALIFORNIA
9



10                                           C 06 2554

11

12   GARY KREMEN, an individual,             Case No.

13              Plaintiff,                   COMPLAINT FOR VIOLATION OF
                                             ANTITRUST LAWS; CONVERSION;
             vs.                             UNFAIR BUSINESS COMPETITION;
14                                           BREACH OF FIDUCIARY DUTY

15   AMERICAN REGISTRY FOR INTERNET
     NUMBERS, LTD., a Virginia corporation,
16              Defendant                    DEMAND FOR JURY TRIAL

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

                              1
                                                    COMPLAINT

1

# TABLE OF CONTENTS

2  I.  INTRODUCTION ................................................................................................ 4

3  II.  BACKGROUND ................................................................................................ 6

4      A.  The Internet, IP Addresses and Domain Names ................................... 6

5      B.  History of the Allocation and Management of IP Addresses .................... 8

6      C.  Defendant ARIN ................................................................................. 10

7  III.  ARIN's ANTICOMPETITIVE INTERESTS ..................................................... 11

8      A.  Large ISP Industry Participants Serve as ARIN Management.................. 11

9      B.  ARIN Management Gave Itself Absolute Discretion Over Policy Development

10         and Administration ............................................................................. 12

11      C.  Actual Control of ARIN Board is Held By Prominent ISP Industry Leaders In

12         Competition With Applicants Seeking Allocation ................................... 12

13  IV.  ARIN's ANTICOMPETITIVE AND WRONGFUL ACTS ................................... 16

14      A.  Refusal to Transfer Registration of Specified NETBLOCK PROPERTY to Plaintiff

15         KREMEN ............................................................................................ 17

16      B.  Act of Conditioning Plaintiff's (and Others') Registration Upon Submission of

17         Detailed Disclosure of Trade Secrets, and Confidential Commercial and Private

18         Information. .......................................................................................... 17

19      C.  Act of Conditioning KREMEN's (and Others') Registration of Addresses Upon

20         Acceptance of "Grab Back" Provisions that Render ARIN's Performance Illusory. 19

21      D.  Act of Conditioning KREMEN's (and Others') Registration of Addresses upon

22         Submission, for Public Disclosure, of Private and Confidential Information ........... 21

23      E.  ARIN's Policies Favor Large "Backbone" Internet Providers and Other Large

24         Organizations Over Smaller Competitors ............................................. 22

25  V.  INJURY TO PLAINTIFF ................................................................................. 22

26      A.  Wrongfully Depriving Plaintiff of Benefit of Use and Control of NETBLOCK

27         PROPERTY ......................................................................................... 22

28            i.  Forgone existing revenue .......................................................... 22

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

i

COMPLAINT

ii.   Forgone potential revenue ........................................................ 23

B.   Wrongful and Knowing Enrichment of COHEN and His Interests Directly Adverse

to KREMEN, by maintaining COHEN's Registration of the NETBLOCK

PROPERTY, to Direct and Known Detriment of KREMEN. .............................. 23

C.   Substantially Interfering with Plaintiff's Constructive Trust on Assets Utilizing

NETBLOCK PROPERTY.. ......................................................................... 24

D.   Devaluation of the NETBLOCK PROPERTY and its Market .......................... 25

VI.  CLAIMS FOR RELIEF .................................................................................... 26

VII.  PRAYER FOR RELIEF .................................................................................. 35

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

ii

COMPLAINT

1    Plaintiff Gary Kremen ("KREMEN"), through his attorneys of record Kronenberger

2   Hanley, LLP, brings this action against Defendant American Registry For Internet

3   Numbers, LTD. ("ARIN"), and alleges as follows:

4                          **JURISDICTION AND VENUE**

5        1.    This complaint is brought under Sections 16 of the Clayton Act, 15 U.S.C.

6   § 26, and California Business & Professions Code §17200 et seq., to prevent and

7   restrain violations of Sections 1 and 2 of the Sherman Act (15 U.S.C. §§1 and 2), and of

8   California Business & Professions Code § 16720 et seq., and otherwise unlawful

9   business practices, and for damages under Section 4 of the Clayton Act (15 U.S.C. §15)

10   and related state law claims for relief for damages resulting from Defendant ARIN's

11   antitrust violations and otherwise unlawful business practices, breaches, and tortious

12   acts.

13        2.    Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §§ 1,

14   2, and 15, 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1337 (antitrust).

15   Supplemental jurisdiction over claims arising under the law of the State of California is

16   conferred upon this Court under 28 U.S.C. §1367.

17        3.    Diversity jurisdiction in conferred upon this Court by 28 U.S.C. § 1332, as

18   perfect diversity exists between the parties, and the amount in controversy exceeds

19   $75,000, exclusive of interest and costs.

20        4.    This Court has personal jurisdiction over Defendant ARIN, as it keeps

21   offices in California, regularly conducts business in California, has entered numerous

22   contracts with residents of California, and currently controls a large amount of property

23   owned by California residents.

24        5.    Venue in this District is proper under 28 U.S.C. §1391 and 15 U.S.C. § 22.

25   Plaintiff's claims arise in the Northern District of California, and in the County of San

26   Francisco. Defendant's acts giving rise to this action occurred in this District. A

27   substantial portion of the activity which is the subject of this complaint has occurred and

28   continues to occur in this District, and the damages suffered by Plaintiff were suffered, at

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

COMPLAINT