Kremen v. American Registry For Internet Numbers Ltd.
Case 5:06-cv-02554-JW   Document 48-19   Filed 03/19/2007   Page 1 of 12

Doc. 48 Att. 18

# EXHIBIT N

1  MANATT, PHELPS & PHILLIPS, LLP
   STEPHEN M. RYAN (DC Bar No. 359099) (sryan@manatt.com)
2  700 12th Street, N.W., Suite 1100
   Washington, DC 20005-4075
3  Telephone: (202) 585-6500
   Facsimile:  (202) 585-6600
4
   MANATT, PHELPS & PHILLIPS, LLP
5  CHAD S. HUMMEL (CA Bar No. 139055) (chummel@manatt.com)
   JACK S. YEH (CA Bar No. 174286) (jyeh@manatt.com)
6  11355 W. Olympic Boulevard
   Los Angeles, CA 90064
7  Telephone: (310) 312-4000
   Facsimile:  (310) 312-4224
8
   MANATT, PHELPS & PHILLIPS, LLP
9  CHRISTOPHER L. WANGER (CA Bar No. 164751) (cwanger@manatt.com)
   JOHN P. KERN (CA Bar No. 206001) (jkern@manatt.com)
10 1001 Page Mill Road, Building 2
   Palo Alto, CA 94304-1006
11 Telephone: (650) 812-1300
   Facsimile:  (650) 213-0260
12
   *Attorneys for Non-Party*
13 AMERICAN REGISTRY FOR INTERNET NUMBERS, LTD.

ORIGINAL FILED
06 OCT 27 PM 3:40
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

ARIN adv. Gary Kremen
(22149-060)

| C. Wanger | J. Yeh (LA) | LA Cal. |
| S. Ryan (DC) | D. Wishon | |
| C. Hummel (LA) | Client (SMR - DC) | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN, <br><br> Plaintiff, <br><br> vs. <br><br> STEPHEN MICHAEL COHEN, et. al,, <br><br> Defendant. | Case No. C 98 20718 JW <br><br> [Related Case No. C 06-2554 JW] <br><br> **NOTICE OF MOTION AND MOTION TO STRIKE MATERIAL FILED AFTER REPLY AND WITHOUT PRIOR COURT APPROVAL AND, IN THE ALTERNATIVE, REQUEST FOR APPROVAL TO FILE SUPPLEMENTAL BRIEF** <br><br> [N.D. LOCAL RULE 7-3(d)] |

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OR RECORD:

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

MOTION TO STRIKE
Case No. C 98 20718 JW

PLEASE TAKE NOTICE that American Registry for Internet Numbers ("ARIN") hereby moves to strike the letter dated October 25, 2006 and accompanying Proposed Order filed by counsel for Plaintiff, Gary Kremen, on October 25, 2006 in this matter (the "New Proposed Order") on the grounds that it was filed after ARIN's Reply in Support of its Motion to Modify/Clarify Order but without prior Court approval in violation of Northern District Local Rules 7-3(d) and (a).

Kremen's improperly filed New Proposed Order adds new matter and ARIN will be prejudiced if it is not stricken or, alternatively, if ARIN is denied the opportunity to address the new matter. The New Proposed Order is inconsistent with the intent of this Court's September 17, 2001 Order in that it continues to attempt to exempt Kremen from the normal and necessary processes and oversight that ARIN employs for the allocation and registration of IP Resources. Specifically, rather than requiring Kremen to simply execute a Registration Services Agreement for the IP Resources over which ARIN has control, Kremen's New Proposed Order constructs a process whereby Kremen would be provided IP resources without any contractual or other obligations to use them appropriately (if Kremen is dissatisfied with ARIN's proffer of information matching IP Resources to Cohen-related contracts). For the reasons discussed at the October 23, 2006, hearing, such a scenario was not contemplated nor intended by the Court when it entered its Order in 2001.

For these reasons, and the reasons set forth in ARIN's papers and at oral argument, Kremen's New Proposed Order should be stricken and the Court should enter the Proposed Order previously submitted by ARIN in connection with its Motion to Clarify\Modify or any other order that is consistent therewith requiring Kremen to sign a Registration Services Agreement as a precondition of any obligation by ARIN to allocate any IP Resources to Kremen. If the Court intends to consider Kremen's New Proposed Order, ARIN requests approval to file a short brief fully addressing its deficiencies.

Dated: October 27, 2006

MANATT, PHELPS & PHILLIPS, LLP

By: _____
    Christopher L. Wanger

*Counsel for Moving Non-Party*
AMERICAN REGISTRY FOR INTERNET NUMBERS, LTD.

20168382.1

# PROOF OF SERVICE

I, Antonino Scardina, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1001 Page Mill Road, Building 2, Palo Alto, CA 94304-1006. On October 27, 2006, I served the within documents:

**NOTICE OF MOTION AND MOTION TO STRIKE MATERIAL FILED AFTER REPLY AND WITHOUT PRIOR COURT APPROVAL AND, IN THE ALTERNATIVE, REQUEST FOR APPROVAL TO FILE SUPPLEMENTAL BRIEF**

☐ by transmitting via e-mail the document(s) listed above to the e-mail addresses set forth below on this date before 5:00 p.m. (counsel for S. Cohen was not served electronically)

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**Karl Kronenberger**
**Terri Hanley**
Kronenberger Hanley, LLP
220 Montgomery Street, Ste. 1920
San Francisco, CA 94104
Phone: (415) 955-1155
Fax: (415) 955-1159
Email: karl@kronenbergerlaw.com
terri@kronenbergerlaw.com

**Ory Sandel**
**Patricia De Fonte**
**Richard Idell**
Idell & Seitel LLP
465 California Street, Ste. 300
San Francisco, CA 94104
Phone: (415) 986-2400
Fax: (415) 392-9259
Email: ory.sandel@ibslaw.com
patricia.defonte@ibslaw.com
richard.idell@ibslaw.com

**Timothy P. Dillon**
**Nadya Y. Spivack**
Dillon & Gerardi
4660 La Jolla Village Dr., Suite 775
San Diego, Ca 92122
Phone: (858) 587-1800
Email: NSpivack@DillonGerardi.com

**John A. Goalwin**
350 So. Figueroa Street, Suite 499
Los Angeles, Ca 90071
Phone: (213) 202-7820
(attorney for S. Cohen)

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I

am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 27, 2006.

*Antonino Scardina*
Antonino Scardina

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20168402.1

2

PROOF OF SERVICE

10/25

RICHARD J. IDELL, ESQ., #069033
ORY SANDEL, ESQ. #233204
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

Attorneys for Plaintiff
GARY KREMEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MICHAEL COHEN, an individual, OCEAN FUND INTERNATIONAL, LTD., a foreign company, SAND MAN INTERNACIONAL LIMITED, a foreign company, SPORTING HOUSES MANAGEMENT CORPORATION, a Nevada Company, SPORTING HOUSES OF AMERICA, a Nevada company, SPORTING HOUSES GENERAL, INC., a Nevada, company, and DOES 1-20 inclusive,<br><br>Defendants. | Case No.: C 98 20718 JW<br><br>**[PROPOSED] ORDER RE: ARIN'S MOTION TO CLARIFY AND/OR MODIFY THIS COURT'S SEPTEMBER 17, 2001 "ORDER RE: REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE NAME OF JUDGMENT CREDITOR"**<br><br>Hearing Date:  October 23, 2006<br>Time:          9:00 AM<br>Place:         Courtroom 8, 4th Floor<br>Judge:         The Honorable James Ware |

Non-party American Registry for Internet Numbers' ("ARIN's") Motion to Clarify/Modify this Court's September 21, 2001 Order ("Motion") came before this Court on October 23, 2006 by regularly noticed hearing.

-1-
[PROPOSED] ORDER RE: ARIN'S MOTION TO CLARIFY AND/OR MODIFY THIS COURT'S SEPTEMBER 17, 2001 "ORDER RE: REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE NAME OF JUDGMENT CREDITOR"

ARIN's Motion seeks clarification and/or modification of the terms of an Order issued by this Court on September 17, 2001 ("September 17, 2001 Order"), and entered without notice to ARIN, in the case entitled *Kremen v. Cohen*, Case No. C98-20718 (JW), filed in 1998. The September 17, 2001 Order encompassed, in full, the following Internet Protocol ("IP") resources, which are also the subject of this Order: (1) 209.205.239.255 ("BLOCK 1"); (2) 208.214.46.0 and 208.214.47.255 ("BLOCK 2"); (3) 64.19.192.0 and 64.19.239.255 ("BLOCK 3"); (4) Autonomous System Number ("ASN") 20228 ("BLOCK 4"); and (5) ASN 11083 ("BLOCK 5") (BLOCK 1 through BLOCK 5 are collectively referred to as the "BLOCKS"). Having considered the supporting and opposing papers, the records on file herein, and the arguments of counsel, and ARIN having voluntarily submitted to the jurisdiction of this Court for purposes of the Motion and this Order, the motion is DENIED except as provided herein wherein the Court clarifies its Order of September 17, 2001. This Court hereby clarifies its September 17, 2001 Order captioned "Order re: Registration of IP Numbers (Netblocks) in the Name of Judgment Creditor" as follows:

(1)    The Court intends by its September 17, 2001 Order that as a condition of registration of the BLOCKS and ASNs pursuant to the Order of September 17, 2001, Kremen shall be bound by the terms and conditions of any signed agreements that may lawfully exist between ARIN, on the one hand, and Cohen or Cohen entities, on the other hand, that relate to any of the specific BLOCKS or to any ASN. ARIN shall have the burden of showing which signed contracts exist as to which BLOCKS or ASNs. Therefore, ARIN shall present to Kremen an Agreement to Be Bound in the form of the attached Exhibit "A" as to each such BLOCK and ASN, and upon signature of Kremen to such Agreement to Be Bound, ARIN shall register the BLOCK or ASN in Kremen's name.

(2)    If there is no lawful contract in existence as to any such BLOCK, then ARIN shall register the BLOCK in Kremen's name forthwith.

(3)    To the extent that BLOCK 5 resources are now unavailable due to transfer of LACNIC, ARIN will issue new IP resources, to replace those resources, of a substantially similar nature and quantity as necessary to substitute for the BLOCKS not being transferred. These new resources shall be subject to the same terms and conditions of signed agreements that may lawfully exist between ARIN,

on the one hand, and Cohen or Cohen entities, on the other hand, if any, to which the unavailable allocations of BLOCK 5 were lawfully subject at the time that the original Order issued. ARIN shall have the burden of showing which, if any, signed contracts exist as to which BLOCKS or ASNs. As a condition of issuance of these resource allocations Kremen shall execute an Agreement to Be Bound in the form of the attached Exhibit "A". In the event that ARIN cannot produce agreements for BLOCK 5 then the resources shall be issued to Kremen forthwith.

(4) Based on the representation of ARIN that BLOCK 2 is not a BLOCK administered by ARIN, ARIN is not required to provide substitute resources for that BLOCK, without prejudice to Kremen's right to enforce any judgment against UUNET or other party.

IT IS SO ORDERED

Dated: _____

The Honorable James Ware
United States District Judge

SUBMITTED BY:

IDELL & SEITEL, LLP

10-25-06

Richard J. Idell
Attorney for Plaintiff GARY KREMEN

# EXHIBIT "A"

## Agreement to be Bound

Re:   BLOCK/ASN: _____

Gary Kremen hereby as a condition of registration of the above described BLOCK or ASN agrees to be bound by each of the terms and conditions of the agreement attached as Document "1."

Dated: _____    _____
                                                Gary Kremen

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel LLP, 465 California Street, Suite 300, San Francisco, California 94104.

On October 25, 2006, I served the following document(s):

**[PROPOSED] ORDER RE: ARIN'S MOTION TO CLARIFY AND/OR MODIFY THIS COURT'S SEPTEMBER 17, 2001 "ORDER RE: REGISTRATION OF IP NUMBERS (NETBLOCKS) IN THE NAME OF JUDGMENT CREDITOR"**

☐ by **E-MAIL TRANSMISSION**, by electronically transmitting a true and correct copy of the document(s) in Adobe Acrobat format to the electronic mail addresses indicated below.

☒ by **FACSIMILE TRANSMISSION**, by placing a true and correct copy of the document(s) to be transmitted by facsimile machine to the number indicated below. The transmission was reported as complete and without error.

☐ by regular **UNITED STATES MAIL** by placing a true and correct copy, enclosed in a sealed envelope for collection and mailing on the date and at the business address shown above following our ordinary business practices to the address(es) noted below. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

| | |
|---|---|
| John Alan Goalwin<br>350 S. Figueroa Street, #499<br>Los Angeles, CA 90071-1203<br>Fax: (213) 202-7829<br>*Attorney for Defendant Stephen Cohen*<br>jgoalwin@yahoo.com | Stephen M. Ryan<br>MANATT, PHELPS & PHILLIPS, LLP<br>700 12th Street, N.W., Suite 1100<br>Washington, D.C. 20005-4075<br>Fax: (202) 585-6600 |
| Jack S. Yeh<br>MANATT, PHELPS & PHILLIPS, LLP<br>11355 W. Olympic Blvd.<br>Los Angeles, CA 90064<br>Fax: (310) 312-4224 | |

I certify and declare under penalty of perjury that the foregoing is true and correct, that I am employed in the office of an attorney qualified to practice in this court, and that I executed this declaration at San Francisco, California.

*Stephanie Huynh*