# EXHIBIT O

Dockets.Justia.com

TERRI R. HANLEY, ESQ., #199811
RICHARD J. IDELL, ESQ., #069033
ORY SANDEL, ESQ. #233204
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

Attorneys for Plaintiff
GARY KREMEN

RECEIVED
NOV 0 6 2006
MANATT, PHELPS & PHILLIPS LLP

ARIN adv. Gary Kremen
(22149-060)
C. Wanger     J. Yeh (LA)      LA Cal.
S. Ryan (DC)  D. Wishon
C. Hummel (LA) Client (SMR - DC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY KREMEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MICHAEL COHEN, an individual, OCEAN FUND INTERNATIONAL, LTD., a foreign company, SAND MAN INTERNACIONAL LIMITED, a foreign company, SPORTING HOUSES MANAGEMENT CORPORATION, a Nevada Company, SPORTING HOUSES OF AMERICA, a Nevada company, SPORTING HOUSES GENERAL, INC., a Nevada, company, and DOES 1-20 inclusive,<br><br>Defendants. | Case No.: C 98 20718 JW PVT<br><br>PLAINTIFF'S OPPOSITION TO NON-PARTY ARIN'S MOTION TO STRIKE MATERIAL FILED AFTER REPY AND WITHOUT PRIOR COURT APPROVAL AND, IN THE ALTERNATIVE, REQUEST FOR APPROVAL TO FILE SUPPLEMENTAL BRIEF;<br><br>COUNTER-MOTION TO STRIKE<br><br>[N.D.Cal. L.R. 7-3(d)] |

Plaintiff Gary Kremen ("KREMEN") hereby opposes and counter-moves to strike non-party American Registry for Internet Numbers, Ltd. ("ARIN")'s "MOTION TO STRIKE MATERIAL FILED AFTER REPY AND WITHOUT PRIOR COURT APPROVAL AND, IN THE ALTERNATIVE, REQUEST FOR APPROVAL TO FILE SUPPLEMENTAL BRIEF" ("Motion to Strike"), dated October 27, 2006, on the grounds that it is procedurally improper and lacks grounds for the relief claimed.

## I. BACKGROUND

Non-party ARIN has improperly filed a non-noticed motion to strike Plaintiff KREMEN's proposed order dated October 25, 2006 on ARIN's Motion For Clarification Or, In The Alternative, For Modification (filed June 8, 2006, Doc. 1161-1). Extended and supplemental briefing was submitted on all motions and papers there concerning, and full hearing was had thereon on October 23, 2006. Following the parties' mutual discourse with the Court at said hearing regarding the forms of orders and relief sought, Plaintiff KREMEN submitted a proposed form of order, with accompanying letter, dated October 25, 2006. Contrary to ARIN's mischaracterizations, this was not a "new" proposed order, and was Plaintiff's first proposed ordered submitted pursuant to this Court's guidance and Plaintiff's statement of position made at hearing. No argument or statement accompanied it.

## II. ARGUMENT

### A. PLAINTIFF'S SUBMISSION OF PROPOSED ORDER AFTER HEARING DOES NOT ADD NEW MATTER AND IS NOT PROHIBITED.

It is clear from it's face that Plaintiff's Proposed Order adds no new matter or argument, but merely reflects not only the positions and claims for relief sought in their papers filed, but also those points of order requested and discussed by the Court at the October 23 hearing. While L.R. 7-3(d) may prohibit further argument or matters other than new law to be presented after the filing of a reply, here no such materials have been submitted. A form of proposed order is, by nature, not a form of argument, authority, or presentation of "new matter." The proposed order merely embodies Plaintiffs' previously briefed and argued points.

On the contrary, it is ARIN's own Motion to Strike that impermissibly attempts to revive its

arguments, already fully briefed and presented at hearing. (*See* Motion to Strike at 2:9-18.) ARIN rehashes its already thoroughly briefed and argued points raised at hearing – and it is <u>ARIN</u> who has violated the prohibitions of L.R. 7-3(d) in doing so.

Therefore, no grounds exist upon which to strike the proposed form of order under L.R. 7-3(d), nor for any further briefing by ARIN to address it. Pursuant to proper procedure, the Court's power to consider proposed orders is entirely discretionary, and should this Court request the submission of a form of order by a prevailing party, the adverse party shall have the opportunity to object at that time.

### B. ARIN'S MOTION TO STRIKE IS IMPROPER AND PROCEDURALLY DEFICINENT AND SHOULD BE STRUCK.

Furthermore, regardless of grounds, ARIN's Motion to Strike is procedurally deficient and should be struck. No notice has been provided (pursuant to L.R. 7-2(a); no order shortening time has been requested or entered under FRCP 6(d); the Motion is not designated nor qualified as an *ex parte* application pursuant to L.R. 7-10; and no authority or grounds have been cited for relief sought as required by FRCP 7(b), particularly as to requesting one-sided briefing as to a proposed order.

THEREFORE, Plaintiff KREMEN requests this Court STRIKE, or alternatively DENY, ARIN's Motion in its entirety. Alternatively, should ARIN be allowed further briefing, Plaintiff KREMEN requests the opportunity to submit papers in opposition thereto.

Respectfully submitted,

IDELL & SEITEL LLP

Dated: November 2, 2006        By: _____
                                    Terri R. Hanley
                                    Richard J. Idell
                                    Ory Sandel
                                    Attorneys for Plaintiff GARY KREMEN

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel LLP, 465 California Street, Suite 300, San Francisco, California 94104.

On November 2, 2006, I served the following document(s):

PLAINTIFF'S OPPOSITION TO NON-PARTY ARIN'S MOTION TO STRIKE MATERIAL FILED AFTER REPLY AND WITHOUT PRIOR COURT APPROVAL AND, IN THE ALTERNATIVE, REQUEST FOR APPROVAL TO FILE SUPPLEMENTAL BRIEF;

COUNTER-MOTION TO STRIKE

☒    by **E-MAIL TRANSMISSION**, by electronically transmitting a true and correct copy of the document(s) in Adobe Acrobat format to the electronic mail addresses indicated below.

☒    by regular **UNITED STATES MAIL** by placing a true and correct copy, enclosed in a sealed envelope for collection and mailing on the date and at the business address shown above following our ordinary business practices to the address(es) noted below. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

| | |
|---|---|
| John Alan Goalwin<br>350 S. Figueroa Street, #499<br>Los Angeles, CA 90071-1203<br>Fax: (213) 202-7829<br>*Attorney for Defendant Stephen Cohen*<br>jgoalwin@yahoo.com | Stephen M. Ryan<br>Manatt, Phelps & Phillips, LLP<br>700 12th Street, N.W., Suite 1100<br>Washington, DC 20005-4075<br>*Attorney for Non-Party American Registry for Internet Numbers, Ltd.*<br>sryan@manatt.com |
| Christopher L. Wanger<br>John P. Kern<br>Manatt, Phelps & Phillips, LLP<br>1001 Page Mill Road, Bldg. 2<br>Palo Alto, CA 94304<br>*Attorney for Non-Party American Registry for Internet Numbers, Ltd.*<br>jkern@manatt.com<br>cwanger@manatt.com | Chad S. Hummel<br>Jack S. Yeh<br>Manatt, Phelps & Phillips, LLP<br>11355 W. Olympic Blvd.<br>Los Angeles, CA 90064<br>*Attorney for Non-Party American Registry for Internet Numbers, Ltd.*<br>chummel@manatt.com<br>jyeh@manatt.com |

1  I certify and declare under penalty of perjury that the foregoing is true and correct, that I
2  am employed in the office of an attorney qualified to practice in this court, and that I executed
   this declaration at San Francisco, California.

_____
Suzanne Slavens