# EXHIBIT P

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Gary Kremen, | NO. C 98-20718 |
| Plaintiff, | **ORDER GRANTING MOTION FOR CLARIFICATION BY NON-PARTY AMERICAN REGISTRY FOR INTERNET NUMBERS, LTD.** |
| v. | |
| Stephen M. Cohen, et al., | |
| Defendants. | |

## I. INTRODUCTION

On April 3, 2001, the Court entered a $65 million Judgment in this case in favor of Plaintiff Gary Kremen ("Kremen"). On September 17, 2001, the Court granted Kremen's Ex Parte Application for Order Requiring Registration of IP Numbers (Netblocks) in the Name of Judgment Creditor (hereafter, "Netblocks Application"). After five years of negotiations about the proper scope of that Order, non-party American Registry for Internet Numbers, Ltd. ("ARIN") brings this Motion for Clarification, or, in the Alternative, for Modification of Order Dated September 17, 2001. The Court conducted a hearing on October 23, 2006. Based on the papers submitted to date and the arguments of counsel, the Court GRANTS ARIN's Motion for Clarification.

## II. BACKGROUND

On September 17, 2001, the Court granted Kremen's Netblocks Application in an Order stating:

> IT IS HEREBY ORDERED that the IP Numbers identified as Exhibit "A" to the Declaration of Gary Kremen on file herein be registered in the name of Plaintiff Gary Kremen. In furtherance of this Order, AMERICAN REGISTRY OF INTERNET NUMBERS ("ARIN") is ORDERED to register IP Numbers on the list to Gary Kremen forthwith. Specifically ARIN is ordered to change the registration record of each of these IP Numbers (netblocks) as follows: all fields (registrant, administration contact, etc.) shall be in the name of Gary Kremen, listing his address as 2542 Third Street, San Francisco, CA 94107, telephone number as (415) 217-5121; facsimile number as (415) 285-7111; and E-mail as Gary@sex.com.

(Order Re: Registration of IP Numbers (Netblocks) in the Name of Judgment Creditor at 2, hereafter, "Netblocks Order," Docket Item No. 715.) Kremen and ARIN have negotiated for five years to effect a transfer to Kremen of the Internet Protocol ("IP") resources, known as "Netblocks," that were the focus of the Netblocks Order.

The Court's Netblocks Order required turnover of five blocks of IP Resources (Blocks 1-5) to Kremen:

| Block | IP Resources |
| --- | --- |
| 1 | Netblock 209.205.192.0-209.205.239.255 |
| 2 | Netblock 208.214.46.0-208.214.47.255 |
| 3 | Netblock 64.19.192.0-64.19.239.255 |
| 4 | ASN 20228 |
| 5 | ASN 11083 |

Blocks 1 and 4 are presently within ARIN's control, but in use by non-party Pacnet. (Declaration of Raymond A. Plzak in Support of Motion to Clarify/Modify ¶ 42(a), hereafter, "Decl. Plzak," Docket Item No. 1162.) Block 3 is presently within ARIN's control and has been revoked from Cohen, his alter egos, or his affiliates. (Decl. Plzak ¶ 12.) Block 2 is not within ARIN's control; it was issued to non-party UUNET on May 8, 1996, prior to both ARIN's formation and the Court's Order. (Decl. Plzak ¶ 13, Ex. A.) Block 5 is not within ARIN's control; ARIN issued it to non-party Ocean Fund on July 27, 2002. (Decl. Plzak ¶ 42(d), Ex. A.) In December 2002, ARIN transferred control of all

2

1  South American, Central American, and Mexican IP Resources to a newly-created Regional Internet
2  Registry, the Latin American and Caribbean Internet Addresses Registry ("LACNIC"). Id.
3  　　Presently before the Court is ARIN'S Motion for Clarification of the Netblocks Order.

### III. DISCUSSION

ARIN seeks clarification or modification of the Court's Netblocks Order requiring it to transfer IP Resources previously held by Cohen and his affiliated entities, including the blocks of IP Addresses known as "Netblocks" and Autonomous System Numbers ("ASNs"), to Kremen. ARIN describes its role vis-a-vis the disputed IP Resources as follows:

> All U.S., Canadian and other IP resources (a portion of ARIN's geographical service area) are administered in a public trust by ARIN pursuant to a Cooperative Agreement with the U.S. government. Because IP address space is finite and a public trust, IP resources are allocated to registrants subject to contractual terms and ARIN's policies. IP resources are allocated by ARIN pursuant to the terms of a services agreement, which obligates registrants to comply with ARIN's Internet Protocol address space allocation and assignment guidelines...IP resources may only be transferred from one entity to another pursuant to the terms of ARIN's Guidelines for Transferring Internet Protocol (IP) Space...and subject to ARIN's Transfer Policy...Among other things, the Guidelines provide that IP resources are non-transferable, may not be sold or assigned and may only be transferred upon ARIN's approval of a formal transfer request.

(Second Amended Notice of Motion and Motion for Clarification, or in the Alternative, for Modification of Order Dated September 17, 2001 at 2, hereafter, "Motion," Docket Item No. 1161.) ARIN is willing to transfer the IP Resources within its control to Kremen once Kremen signs a Registration Services Agreement ("RSA"). (Reply to Plaintiff's Opposition and Supplemental Opposition to the Motion for Clarification, or in the Alternative, for Modification of Order Dated September 17, 2001 at 3-4, hereafter, "Reply," Docket Item No. 1216.) Kremen may sign his choice of (1) RSA mirroring the terms and conditions of ARIN's agreement with Cohen (RSA 2); (2) RSA in effect when the Court issued its 2001 Order (RSA 3); or (3) RSA in effect for resources issued today (RSA 9). (Reply at 4.)

　　Kremen repeatedly contends that he should receive the IP Resources pursuant to the same terms and conditions on which Cohen took them. (Plaintiff Gary Kremen's Opposition to ARIN's

3

Motion for Clarification or, in the Alternative, for Modification of Order Dated September 17, 2001, hereafter, "Opposition," Docket Item No. 1196.) Kremen states:

- "Since, pursuant to the constructive trust imposed by the Judgment, Kremen 'steps into the shows' (sic) of Cohen and effectively inherits the defendants (sic) 'monies and properties' as is, those 'monies and properties' undergo no substantive change or transformation." (Opposition at 6.)
- "ARIN must register the Netblocks and ASNs in Kremen's name and on the same terms as the Netblocks and ASNs were previously held by Cohen, his alter egos and/or affiliates." (Opposition at 8.)
- "Kremen is legally entitled to receive the Netblocks and ASNs with the same rights and restrictions (no more and no less) as did Cohen, his alter egos and affiliates." (Opposition at 18.)

The Court may grant relief from a final judgment, order, or proceeding where, *inter alia*, (1) the judgment is void; (2) it is no longer equitable that the judgment should have prospective application; or (3) any other reason exists to justify relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(4)-(6). The Court finds that modification of the Netblocks Order pursuant to Rule 60(b)(6) is proper in order to effect the intent of the Netblocks Order.

### IV. CONCLUSION

The Court GRANTS ARIN's Motion for Clarification of the Netblocks Order.

The Netblocks Order captioned "Order re: Registration of IP Numbers (Netblocks) in the Name of Judgment Creditor" is VACATED and the Court ORDERS as follows:

1. Kremen shall submit a Registration Services Transfer Application ("Application") to request a transfer of the IP Resources identified as Blocks 1, 3, and 4 above;
2. ARIN shall approve Kremen's Application for Blocks 1, 3, and 4, once received. ARIN shall afford Kremen the option of signing Registration Services Agreement 2, 3, or 9, as described above;

4

3. Once Kremen has signed RSA 2, 3, or 9, ARIN shall immediately revoke Blocks 1 and 4 from their current recipients. ARIN shall transfer Blocks 1, 3, and 4 to Kremen;

4. In lieu of Block 5, which is no longer within ARIN's control, ARIN shall provide a substitute ASN to Kremen. ARIN's transfer of this ASN to Kremen shall be on the same terms as its transfer of Blocks 1, 3, and 4;

5. ARIN will not be required to revoke Block 2, as that IP Resource has never been within ARIN's control;

6. Kremen will not be responsible for overdue payments regarding the IP Resources described in this Order prior to the date of this Order, but shall be responsible for paying ARIN for routine services hereafter, pursuant to the terms of his RSA with ARIN;

7. If, for any reason related to its policies, ARIN cannot comply in transferring or issuing the IP Resources described in this Order, ARIN will notify the Court immediately so that the Court can consider what, if any, remedial action.

Dated: December 20, 2006

JAMES WARE
United States District Judge

THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

Chad S. Hummel chummel@manatt.com
Christopher L. Wanger cwanger@manatt.com
David Henry Dolkas ddolkas@mwe.com
George G. Weickhardt gweickhardt@ropers.com
Glen H. Isaacs invalidaddress@invalidaddress.com
Jack S. Yeh jyeh@manatt.com
James M. Wagstaffe wagstaffe@kerrwagstaffe.com
Karl Stephen Kronenberger karl@kronenbergerlaw.com
Patricia De Fonte Patricia.DeFonte@idellseitel.com
Richard J. Idell richard.idell@idellseitel.com
Terri R Hanley email@terrihanley.com

Dated: December 20, 2006                    Richard W. Wieking, Clerk


                                            By:   /s/ JW Chambers
                                                  **Elizabeth Garcia**
                                                  **Courtroom Deputy**